```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

IN RE PALL CORP.
                                            MEMORANDUM & ORDER
                                            07-CV-3359 (JS)(ARL)

----------------------------------X
APPEARANCES:

For Plaintiffs:
Robert Baughman:       David A. Rosenfeld, Esq.
                       Mario Alba, Esq.
                       Samuel H. Rudman, Esq.
                       Coughlin Stoia Geller Rudman & Robbins LLP
                       200 Broadhollow Road, Suite 406
                       Melville, NY 11747

Richard J. Koop:       Catherine A. Torell, Esq.
                       Cohen, Milstein, Hausfeld &
                       Toll, P.L.L.C.
                       150 East 52nd Street, 30th floor
                       New York, NY 10022

John Artis:            Evan J. Smith, Esq.
                       Brodsky & Smith, LLC
                       240 Mineola Boulevard
                       Mineola, NY 11501

Edward J. Goodman      David Lloyd Wales, Esq.
Trusts:                Wolf Haldenstein Adler Freeman & Herz LLP
                       270 Madison Avenue
                       New York, NY 10016

                       Denis F. Sheils, Esq.
                       Neil L. Glazer, Esq.
                       Kohn, Swift & Graf, P.C.
                       One South Broad Street, Suite 2100
                       Philadelphia, PA 19107

Rhode Island           Christopher Lometti, Esq.
Laborers Pension       Ashley H. Kim, Esq.
Fund:                  Samuel P. Sporn, Esq.
                       Schoengold Sporn Laitman & Lometti
                       19 Fulton Street, Suite 406
                       New York, NY 10038
```

```
For Defendants:
Pall Corporation      Lewis J. Liman, Esq.
Eric Krasnoff         Cleary, Gottlieb, Steen & Hamilton, LLP
Lisa McDermott        1 Liberty Plaza
                      New York, New York 10006
```

SEYBERT, District Judge:

On August 14, 2007, Lead Plaintiff, Macomb County Employees' Retirement System ("Macomb County"), on behalf of a class of persons who purchased the common stock of Pall Corporation between April 20, 2007 and August 2, 2007 ("Class Period"), commenced this action against Pall Corporation ("Pall"); Eric Krasnoff, Pall's Chairman, Chief Executive Officer, and President; and Lisa McDermott, Pall's Chief Financial Officer since January 2006, Chief Accounting Officer, and Vice President of Finance and Treasurer ("Krasnoff" and "McDermott" collectively "Individual Defendants"). (Consol. Am. Compl. ¶¶ 14-16.) ("CAC"). Plaintiffs allege fraud and misrepresentation in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5, promulgated thereunder. On September 21, 2009, this Court issued an Order ("September 2009 Order") denying Defendants' motions to dismiss the action pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b) (2006). Defendants maintained that Plaintiffs failed to plead fraud and scienter with the requisite particularity. In that same Order, the Court granted Plaintiffs'

motion to amend the Complaint, but directed Plaintiffs to amend "within two weeks of the entry of this Memorandum and Order." (Sept. 2009 Order 21.) Plaintiffs have failed to file an Amended Consolidated Order within the required time period.

On October 9, 2009 Defendants filed their motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). That motion, now before the Court submits that the Court improperly relied on the core operations theory to find that Plaintiffs sufficiently pleaded scienter. For the reasons that follow, Defendants' motion is DENIED.

## BACKGROUND[1]

The Court presumes familiarity with the underlying facts, as asserted in the CAC, and does not recite them here. For a complete recitation of the facts asserted in the CAC, see the Court's September 2009 Order.

## DISCUSSION

I.  Standard of Review Under 28 U.S.C. § 1292(b)

As a general matter, courts prefer to avoid piecemeal litigation, and grant leave for interlocutory appeal only in special circumstances. Consub Celaware, LLC v. Schahin Engenharia Limitada, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007) (citing In re Flor, 79 F.3d 281, 284 (2d Cir. 1996)). Thus, interlocutory appeal

---

[1] The facts, as alleged by Plaintiffs, are regarded as true for the purposes of this motion.

"is limited to 'extraordinary cases where appellate review might avoid protracted and expensive litigation,' . . . and is not intended as a vehicle to provide early review of difficult rulings in hard cases." Consub Celaware, 476 F. Supp. 2d at 309 (quoting German v. Fed. Home Loan Mortgage Corp., 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995)).

Appeals of interlocutory district court orders are governed by 28 U.S.C. § 1292(b). Under section 1292(b), the order being appealed must "(1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion," and the movant must also show that "(3) an immediate appeal would materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion. Consub Celaware, 476 F. Supp. 2d at 309.

Under the first prong of the Section 1292(b) analysis, the district court must determine whether the "question of law" is a "'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." In re Worldcom, Inc., No. M47, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (citations omitted). Additionally, the question must be "controlling" in the sense that determination of the issue on appeal would materially affect the litigation's outcome. Consub Celaware, 476 F. Supp. 2d at 309 citing In re XO Commc'ns, Inc.,

4

No. 03-CV-1898, 2004 WL 360437, at *3 (S.D.N.Y. Feb. 26, 2004). The second prong requires a genuine doubt as to the correct legal standard to be applied giving rise to a "substantial ground for a difference of opinion." In re Worldcom, 2003 WL 21498904, at *10 (citation omitted). Such a substantial ground may exist when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." In re Lloyd's Am. Trust Funds Litig., No. 96-CV-1262, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997) However, "[a] mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, No. 04-CV-10014, 2005 WL 3440701, at *2 (S.D.N.Y. Dec. 14, 2005) (citations omitted). Finally, the moving party must satisfy the third prong by demonstrating that the "appeal promises to advance the time for trial or shorten the time required for trial.'" Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth., 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005) (quoting In re Oxford Health Plans, Inc., 182 F.R.D. 51, 53 (S.D.N.Y. 1998)). This last factor is particularly important. Consub Celaware, 476 F. Supp. 2d at 310 (citing Koehler v. Bank of Bermuda, Ltd., 101 F.3d 863, 865-66 (2d Cir. 1996) ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation.") and Lerner v. Millenco, L.P., 23

F. Supp. 2d 345, 347 (S.D.N.Y. 1998) ("The Court of Appeals has emphasized the importance of the third consideration in determining the propriety of an interlocutory appeal.")).

II. Interlocutory Appeal is Inappropriate in this Case

At the outset, the Court notes that Defendants fail to adequately address the first prong of the Section 1292(b) inquiry. In their memorandum of law, Defendants argue that the issue is controlling, but gloss over whether the question of law involved here is a "pure" question of law that can be decided by the Second Circuit without significant reference to the record. See In re Worldcom, Inc., 2003 WL 21498904, at *10. Whereas questions of in personam and subject matter jurisdiction, Genentech, Inc. v. Novo Nordisk A/S, 907 F. Supp. 97, 99 (S.D.N.Y. 1995), or enforcement of forum selection clauses, In re Lloyd's Am. Trust Fund Litigation, 1997 WL 458739, at *5, for example, may warrant certification under Section 1292(b) because their resolution may dispose of a case, determinations on a pleading's sufficiency is a much more fact-based inquiry.

"As a general matter, rulings on the sufficiency of pleadings are not appropriate for interlocutory review." In re Lloyd's Am. Trust Fund Litigation, 1997 WL 458739, at *4-5 (citing Gottesman v. General Motors Corp., 268 F.2d 194, 196 (2d Cir. 1959)). Decisions on the pleadings may be appropriate for interlocutory review when they present difficult questions of

substantive law, rather than the technical sufficiency of the pleadings, id., but here the sufficiency of the pleadings is exactly the issue.

> In their motion, Defendants frame the legal question as
>
>> Whether, (i) after the PSLRA and Tellabs, a plaintiff may plead a "strong inference of scienter" by alleging that a restatement involved the "core operations" of a company and, if so, what is the scope of the "core operations" theory, and (ii) even if the "core operations" theory remains viable after the PSLRA and Tellabs, may the theory apply where the alleged fraud relates to back office functions regarding the establishment, settlement, and taxation of intercompany payables that are common to all multinational corporations and inherently complicated?

(Defs' Mem. in Supp 1.) In essence, the first part of the question presented, and the remainder of Defendants' memorandum, frames the inquiry as if the core operations theory is the only basis for the Court's finding that Plaintiffs sufficiently pleaded scienter to survive the motion to dismiss. This is not so.

In reaching its conclusion, the Court relied on several factors, including Defendants positions within Pall Corp., the statements of the cooperating informants, excluding those statements constituting inadmissible hearsay, and the size and duration of the financial misstatements. See In re Dynex Capital, Inc. Secs. Litig., No. 05-CV-1897, 2009 WL 3380621, at *15 (S.D.N.Y. Oct. 19, 2009) ("Although the fact of a restatement is not enough, alone, to support an inference of scienter, see, e.g.,

7

City of Brockton Retirement System v. Shaw Group Inc., 540 F. Supp. 2d 464, 472 (S.D.N.Y. 2008), when paired with allegations of knowledge or recklessness the fact of the restatement, as well as its size and relation to a defendant's 'core operations' are all some evidence of scienter." (citing In re IMAX Secs. Litig., 587 F. Supp. 2d 471, 482 (S.D.N.Y. 2008); In re Atlas Air Worldwide Holdings, Inc. Secs. Litig., 324 F. Supp. 2d 474, 488 (S.D.N.Y. 2004)).  Moreover, the Court did not state that Plaintiffs established that the Defendants had direct knowledge of the misstatements.  Instead, the Court held that Plaintiffs had raised the inference of scienter above the merely plausible or reasonable level, to the point where, for purposes of the motion to dismiss, a "reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference of nonfraudulent intent.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 314, 324, 127 S. Ct. 2499, 2505-06, 2510, 168 L. Ed. 2d 179 (2007).  Despite Defendants' protestations to the contrary, this finding was in compliance with the Supreme Court's holding in Tellabs, which requires the Court to determine whether "the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." Id. at 322-23. Thus, determination of this issue, while controlling, is not a question of pure law to be examined by the Second Circuit on

8

interlocutory appeal.

Having found that Defendants failed to meet their burden with regard to the first prong of the inquiry, the Court need not reach the second and third prongs.

## CONCLUSION

The Court previously found that, based on the entirety of the circumstances, Plaintiffs had pled fraud with sufficient particularity to state a claim as required by Rule 9(b) and the PSLRA, and sufficiently pleaded a claim under Section 10(b). It further stated that, if after discovery, Plaintiffs have not provided further evidence to establish scienter on the part of Defendants, the Court will revisit the issue on summary judgment.

In their most recent motion, Defendants fail to satisfy their burden of demonstrating "exceptional circumstances" under 28 U.S.C. 1292(b) that would justify granting interlocutory appeal in this case. Accordingly, Defendants' motion is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   November   24  , 2009
         Central Islip, New York

9