UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____ x
                                                 :
In re PALL CORP. SECURITIES                      :    Master File No. 2:07-cv-03359-JS-ARL
LITIGATION                                       :
                                                 :
_____ :
                                                 :
This Document Relates To:                        :
                                                 :
    CLASS ACTION                                 :
                                                 :
_____ x


ANSWER OF DEFENDANTS PALL CORPORATION, ERIC KRASNOFF AND LISA
MCDERMOTT TO THE CONSOLIDATED AMENDED COMPLAINT

Defendants Pall Corporation ("Pall" or the "Company"), Eric Krasnoff and Lisa

McDermott (Mr. Krasnoff and Ms. McDermott, together, the "Individual Defendants," and

collectively with Pall, the "Defendants"), by and through their undersigned attorneys, answer the

Consolidated Amended Complaint filed by Lead Plaintiff Macomb County Employees'

Retirement System ("Plaintiff") in the above-captioned action (the "Complaint") as follows. To

the extent that any allegation is not specifically admitted, it is denied.

No response is required to Plaintiff's discussion of the purported sources of its allegations

or its attorneys' investigation in the portion of the Complaint that precedes the numbered

paragraphs, or to the various headings or subheadings throughout the Complaint. To the extent

that responses are required to the various headings or subheadings, all are denied. Nor is a

response required to Plaintiff's "belie[f] that substantial additional evidentiary support will exist

for the allegations set forth herein after a reasonable opportunity for discovery." To the extent

that a response is required, however, Defendants deny that further substantial evidentiary support

will exist for the allegations set forth in the Complaint after a reasonable opportunity for

discovery.

1.      Defendants deny that they violated the federal securities laws, except admit that

Plaintiff purports to bring this putative class action on behalf of purchasers of Pall common stock

between April 20, 2007 and August 2, 2007, inclusive[1] pursuant to the Securities Exchange Act

of 1934 (the "Exchange Act").

2.      Defendants deny the allegations set forth in paragraph 2, except admit that Pall

manufactures and markets filtration, purification, and separation products and integrated systems

---

[1]      The Complaint refers to the period between April 20, 2007 and August 2, 2007, inclusive, as the purported "Class Period," and Defendants use of that term herein is not an admission of any factual or legal allegation.

solutions, and refer to Pall's SEC filings, press releases and other public statements for an accurate description of the Company's restatement of its financial statements[2] and tax treatment of certain intercompany sales transactions during the Restatement Period.

3.     Defendants deny the allegations set forth in paragraph 3, and aver that the only periodic report containing financial results that Pall filed with the SEC during the Class Period was that for the third quarter of fiscal year 2007.

4.     Defendants deny the allegations set forth in paragraph 4, except admit that on July 19, 2007, Pall issued a press release, refer to that press release for an accurate description of its contents, and refer to the publicly available prices of Pall common stock on July 19, 2007.

5.     Defendants deny the allegations set forth in paragraph 5, except admit that on August 2, 2007, Pall issued a press release, refer to that press release for an accurate description of its contents, and refer to the publicly available prices of Pall common stock on August 2, 2007.

6.     Defendants deny the allegations set forth in paragraph 6, except admit that on January 29, 2008, Pall issued a press release, and refer to that press release for an accurate description of its contents.

7.     Defendants deny the allegations set forth in paragraph 7, except admit that on March 28, 2008, Pall filed its Form 10-K for the fiscal year ended July 31, 2007, and refer to Pall's Form 10-K for an accurate description of its contents.

8.     Defendants deny the allegations set forth in paragraph 8, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the combined sales of the Individual Defendants and unnamed "other Pall insiders," aver that the Individual

---

[2]     The allegations of the Complaint arise out of Pall's restatement of its financial results for fiscal years 1999 through 2006 and for the first two quarters of fiscal year 2007 (the "Restatement Period").

Defendants increased their ownership of Pall stock in the period between fiscal year 1999 and the fiscal quarter ending April 20, 2007, and refer to Pall's SEC filings for an accurate description of their contents, including the stock transactions reported therein.

9.    Paragraph 9 purports to state legal conclusions to which no response is required.

10.   Paragraph 10 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants state that they do not contest this Court's jurisdiction over the subject matter of this action.

11.   Paragraph 11 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants state that they do not contest venue in this District.

12.   Paragraph 12 purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that they have violated any federal securities laws, and admit that interstate commerce was used in connection with certain of the Company's statements and securities transactions.

13.   Defendants deny that they have violated the federal securities laws and that any violation of the federal securities laws resulted in damages to Plaintiff, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, except admit that what purports to be Plaintiff's certification was previously filed with the Court.

14.   Defendants admit the allegations set forth in paragraph 14, except aver that Pall's current principal place of business is located at 25 Harbor Park Drive, Port Washington, NY 11050.

15.     Defendants admit that Eric Krasnoff has been the Company's Chairman and CEO since July 1994 and became the Company's President in November 2006, and is presently its Chairman, CEO and President.

16.     Defendants deny the allegations set forth in paragraph 16, except admit that Ms. McDermott has been the Company's Chief Financial Officer ("CFO") since January 2006.

17.     No response to paragraph 17 is required.

18.     Defendants deny the allegations set forth in paragraph 18.

19.     Paragraph 19 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 19, except admit that Pall's stock is registered with the SEC and is traded on the New York Stock Exchange ("NYSE").

20.     Paragraph 20 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 20.

21.     Defendants admit the allegations set forth in paragraph 21, except aver that Mr. Adamovich ceased serving as the Company's CFO in October 2004.

22.     Defendants admit the allegations set forth in paragraph 22, except aver that Mr. Wilson began serving as the Company's CFO in October 2004 and ceased serving as the Company's President in November 2006.

23.     Paragraph 23 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 23.

24.     To the extent that Paragraph 24 purports to characterize the nature of the action, no response is required.  To the extent a response is required, Defendants deny that they have violated the federal securities laws and that any violation of the federal securities laws resulted in

4

damages to Plaintiff or members of the putative class, admit that Plaintiff purports to bring this action on behalf of a putative class of those who purchased or otherwise acquired Pall common stock between April 20, 2007, and August 2, 2007, and deny the remaining allegations.

25.     Paragraph 25 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25, except admit that Pall common stock was traded on the NYSE throughout the purported Class Period, and aver that a more complete response cannot be provided until Defendants have had an opportunity to take appropriate class discovery.

26.     Paragraph 26 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they have violated the federal securities laws and that any violation of the federal securities laws resulted in damages to Lead Plaintiff or members of the putative class, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 26, and aver that a more complete response cannot be provided until Defendants have had an opportunity to take appropriate class discovery.

27.     Paragraph 27 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27, and aver that a more complete response cannot be provided until Defendants have had an opportunity to take appropriate class discovery.

28.     Paragraph 28 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they have violated the federal

securities laws, deny that they misrepresented material facts about Pall's business, operations and/or management, deny that any violation of the federal securities laws resulted in damages to Lead Plaintiff or members of the putative class, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28, and aver that a more complete response cannot be provided until Defendants have had an opportunity to take appropriate class discovery.

29.     Paragraph 29 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they have violated the federal securities laws and that any violation of the federal securities laws resulted in damages to Lead Plaintiff or members of the putative class, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29, and aver that a more complete response cannot be provided until Defendants have had an opportunity to take appropriate class discovery.

30.     Defendants aver that the Company has described itself as the "global leader in the rapidly growing field of filtration, separation and purification" and that the Company serves customers through two business groups globally: Life Sciences and Industrial, and refer to Pall's SEC filings, press releases and other public statements for an accurate description of the Company's business, operations and divisions.

31.     Defendants deny the allegations set forth in paragraph 31, except aver that the Company develops and sells, among other things, blood storage and filtration devices throughout the world, including in the Western Hemisphere generally and North America specifically, that the Company's development, manufacture and/or sale of certain blood storage and filtration devices is, in some instances, conducted through subsidiaries including Medsep Corporation,

6

which is based in Covina, CA, and the branch that Pall Netherlands BV operated in Puerto Rico during part of the Restatement Period, that the Company maintained two other subsidiaries in Puerto Rico, Pall Puerto Rico, Inc. and Pall Biomedical, Inc., during part of the Restatement Period, that the Company's Form 10-K for fiscal year 2009 reported that Life Sciences sales represented approximately 40% of the Company's total sales for that fiscal year, and refer to Pall's SEC filings, press releases and other public statements for an accurate description of the Company's current and historical operations and sales.

32. Defendants deny the allegations set forth in paragraph 32, except admit that Pall's Industrial business group develops, manufactures and sells products in the aerospace and transportation, microelectronics and general industrial markets, and refer to Pall's SEC filings, press releases and other public statements for an accurate description of the Company's operations and divisions during the Restatement Period.

33. Defendants deny the allegations set forth in paragraph 33.

34. Defendants deny the allegations set forth in paragraph 34, and refer to Pall's March 28, 2008, Form 10-K for an accurate description of the Company's tax treatment of certain intercompany sales transactions during the Restatement Period.

35. Paragraph 35 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 35 and refer to Pall's March 28, 2008, Form 10-K for an accurate description of the Company's tax treatment of certain intercompany sales transactions during the Restatement Period, and to the Internal Revenue Code (the "I.R.C." or the "Code") for an accurate description of its contents.

7

36.     Defendants deny the allegations set forth in paragraph 36, and refer to Pall's March 28, 2008, Form 10-K for an accurate description of the Company's tax treatment of certain intercompany sales transactions during the Restatement Period.

37.     Defendants deny the allegations set forth in paragraph 37, and refer to Pall's March 28, 2008, Form 10-K for an accurate description of the Company's tax treatment of certain intercompany sales transactions during the Restatement Period.

38.     Defendants deny the allegations set forth in paragraph 38, except admit that the Company has not admitted any wrongdoing or violation of any federal securities laws.

39.     Defendants deny knowledge or information as to the purported statements allegedly made by unnamed sources to Plaintiff's counsel, and refer to Pall's January 29, 2008, press release for an accurate description of its contents.

40.     Defendants deny knowledge or information as to the purported statements allegedly made by unnamed sources to Plaintiff's counsel.

41.     Defendants deny knowledge or information as to the purported statements allegedly made by unnamed sources to Plaintiff's counsel.

42.     Defendants deny knowledge or information as to the purported statements allegedly made by unnamed sources to Plaintiff's counsel.

43.     Defendants deny knowledge or information as to the purported statements allegedly made by unnamed sources to Plaintiff's counsel.

44.     Defendants deny knowledge or information as to the purported statements allegedly made by unnamed sources to Plaintiff's counsel.

45.     Defendants deny knowledge or information as to the purported statements allegedly made by unnamed sources to Plaintiff's counsel.

46.     Defendants deny knowledge or information as to the purported statements allegedly made by unnamed sources to Plaintiff's counsel.

47.     Defendants deny knowledge or information as to the purported statements allegedly made by unnamed sources to Plaintiff's counsel.

48.     Defendants deny knowledge or information as to the purported statements allegedly made by unnamed sources to Plaintiff's counsel.

49.     Defendants deny knowledge or information as to the purported statements allegedly made by unnamed sources to Plaintiff's counsel.

50.     Defendants deny the allegations set forth in paragraph 50, except admit that Pall issued a press release on July 19, 2007, and refer to that press release for an accurate description of its contents.

51.     Defendants deny the allegations set forth in paragraph 51, except admit that Pall issued a press release on August 2, 2007, and refer to that press release for an accurate description of its contents.

52.     Defendants deny the allegations set forth in paragraph 52, except admit that on March 28, 2008, Pall issued its Form 10-K for the fiscal year ended July 31, 2007, and refer to that 10-K for an accurate description of its contents.

53.     Defendants deny the allegations set forth in paragraph 53.

54.     Defendants deny the allegations set forth in paragraph 54, except admit that Pall issued press releases on July 19, 2007, and August 2, 2007, and refer to those press releases and to Ms. McDermott's statements for an accurate description of their contents, and refer to the publicly reported prices of Pall common stock on July 20, 2007, August 3, 2007, and August 10, 2007.

9

55.    Defendants deny the allegations set forth in paragraph 55, except admit that Pall issued a press release on January 29, 2008, and refer to Pall's press release for an accurate description of its contents.

56.    Defendants deny the allegations set forth in paragraph 56, except admit that Pall issued press releases announcing, among other things, its financial results and filed quarterly and annual reports with the SEC on Forms 10-Q and 10-K and refer to Pall's press releases and Forms 10-Q and 10-K prior to the start of the purported Class Period for an accurate description of their contents.

57.    Defendants deny the allegations set forth in paragraph 57, and refer to Pall's SEC filings for an accurate description of the Company's original and restated financials during the Restatement Period.

58.    Defendants deny the allegations set forth in paragraph 58, except admit that on October 27, 1999, the Company issued its Form 10-K for the fiscal period ended July 31, 1999, and refer to that 10-K for an accurate description of its contents and signatories.

59.    Defendants deny the allegations set forth in paragraph 59.

60.    Defendants deny the allegations set forth in paragraph 60, except admit that on October 26, 2000, the Company issued its Form 10-K for the fiscal period ended July 29, 2000, and refer to that 10-K for an accurate description of its contents and signatories.

61.    Defendants deny the allegations set forth in paragraph 61.

62.    Defendants deny the allegations set forth in paragraph 62, except admit that on October 26, 2001, the Company issued its Form 10-K for the fiscal period ended July 28, 2001, and refer to that 10-K for an accurate description of its contents and signatories.

63.    Defendants deny the allegations set forth in paragraph 63.

10

64.     Defendants deny the allegations set forth in paragraph 64, except admit that on October 25, 2002, the Company issued its Form 10-K for the fiscal period ended August 3, 2002, and refer to that 10-K for an accurate description of its contents and signatories.

65.     Defendants deny the allegations set forth in paragraph 65.

66.     Defendants deny the allegations set forth in paragraph 66, except admit that on October 22, 2003, the Company issued its Form 10-K for the fiscal period ended August 2, 2003, and refer to that 10-K for an accurate description of its contents and signatories.

67.     Defendants deny the allegations set forth in paragraph 67.

68.     Defendants deny the allegations set forth in paragraph 68, except admit that on October 13, 2004, the Company issued its Form 10-K for the fiscal period ended July 31, 2004, and refer to that 10-K for an accurate description of its contents and signatories.

69.     Defendants deny the allegations set forth in paragraph 69.

70.     Defendants deny the allegations set forth in paragraph 70, except admit that on October 14, 2005, the Company filed its Form 10-K for the fiscal period ended July 31, 2005, and refer to that 10-K for an accurate description of its contents and signatories.

71.     Defendants deny the allegations set forth in paragraph 71.

72.     Defendants deny the allegations set forth in paragraph 72, except admit that on October 13, 2006, the Company filed its Form 10-K for the fiscal period ended July 31, 2006, and refer to that 10-K for an accurate description of its contents and signatories.

73.     Defendants deny the allegations set forth in paragraph 73.

74.     Defendants deny the allegations set forth in paragraph 74, except admit that on December 11, 2006, the Company filed its Form 10-Q for its first fiscal quarter of 2007, ended

11

October 31, 2006, and refer to that 10-Q for an accurate description of its contents and signatories.

75.     Defendants deny the allegations set forth in paragraph 75.

76.     Defendants deny the allegations set forth in paragraph 76, except admit that on March 9, 2007, the Company filed its Form 10-Q for its second fiscal quarter of 2007, ended January 31, 2007, and refer to that 10-Q for an accurate description of its contents and signatories.

77.     Defendants deny the allegations set forth in paragraph 77.

78.     Defendants deny the allegations set forth in paragraph 78, except admit that that the start of Plaintiff's purported Class Period is April 20, 2007, and refer to the publicly reported prices of Pall common stock on April 20, 2007.

79.     Defendants deny the allegations set forth in paragraph 79, except admit that Pall issued a press release on May 31, 2007, and refer to that press release for an accurate description of its contents.

80.     Defendants deny the allegations set forth in paragraph 80, except admit that on June 8, 2007, Pall filed its Form 10-Q for its third fiscal quarter of 2007, ended April 30, 2007, and refer to that 10-Q for an accurate description of its contents and signatories.

81.     Defendants deny the allegations set forth in paragraph 81.

82.     Defendants deny the allegations set forth in paragraph 82, except admit that Pall issued a press release on July 19, 2007, and refer to that press release for an accurate description of its contents.

83.     Defendants deny the allegations set forth in paragraph 83, and refer to the publicly reported prices of Pall common stock on July 19, 2007.

84.     Defendants deny the allegations set forth in paragraph 84, except admit that Pall issued a press release on August 2, 2007, and refer to that press release for an accurate description of its contents.

85.     Defendants deny the allegations set forth in paragraph 85, and refer to the publicly reported prices of Pall common stock on August 2, 2007.

86.     Defendants deny the allegations set forth in paragraph 86, and refer to the August 9, 2007, *Thomson Financial News Super Focus* article for an accurate description of its contents.

87.     Defendants deny the allegations set forth in paragraph 87, and refer to the publicly reported prices of Pall common stock on August 8, 2007, and August 9, 2007.

88.     Defendants deny the allegations set forth in paragraph 88, except admit that on January 29, 2008, Pall issued a press release, and refer to that press release for an accurate description of its contents.

89.     Defendants deny the allegations set forth in paragraph 89, except admit that on March 28, 2008, Pall filed its Form 10-K for the fiscal year ended July 31, 2007, and refer to Pall's Form 10-K for an accurate description of its contents.

90.     Defendants deny the allegations set forth in paragraph 90, except admit that on March 28, 2008, Pall filed its Form 10-K for the fiscal year ended July 31, 2007, and refer to Pall's Form 10-K for an accurate description of its contents.

91.     Defendants deny the allegations set forth in paragraph 91, except admit that on March 28, 2008, Pall filed its Form 10-K for the fiscal year ended July 31, 2007, and refer to Pall's Form 10-K for an accurate description of its contents.

92.    Defendants deny the allegations set forth in paragraph 92, except admit that on March 28, 2008, Pall filed its Form 10-K for the fiscal year ended July 31, 2007, and refer to Pall's Form 10-K for an accurate description of its contents.

93.    Defendants deny the allegations set forth in paragraph 93, except admit that on March 28, 2008, Pall filed its Form 10-K for the fiscal year ended July 31, 2007, and refer to Pall's Form 10-K for an accurate description of its contents.

94.    Paragraph 94 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations concerning the efficiency of the market and the reliance of Plaintiff and purported class members thereon and deny the remaining allegations.

95.    Paragraph 95 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 95.

96.    Paragraph 96 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 96.

97.    Defendants deny the allegations set forth in paragraph 97, except admit that on August 2, 2007, Pall issued a press release and refer to that press release and to APB Opinion No. 20 for an accurate description of their contents.

98.    Defendants deny the allegations set forth in paragraph 98, except admit that on August 2, 2007, Pall issued a press release and refer to that press release for an accurate description of its contents.

99.    Defendants deny the allegations set forth in paragraph 99, except admit that on March 28, 2008, Pall filed its Form 10-K for the fiscal year ended July 31, 2007, and refer to Pall's Form 10-K for an accurate description of its contents.

14

100.     Paragraph 100 purports to state legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 100, and refer to §AU 411.02 and to the SEC's accounting and disclosure rules and regulations for an accurate description of their contents.

101.     Defendants deny the allegations set forth in paragraph 101.

102.     Defendants deny the allegations set forth in paragraph 102, except admit that on July 19, 2007, the Company issued a press release, and refer to that press release for an accurate description of its contents, and to the publicly reported prices of Pall common stock on July 19, 2007, and thereafter.

103.     Paragraph 103 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to SFAS No. 5, ¶10 and GAAP for an accurate description of their contents.

104.     Paragraph 104 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 104, and refer to Article 10-01 of Regulation S-X [17 C.F.R. §210.10-01] for an accurate description of its contents.

105.     Defendants deny the allegations set forth in paragraph 105, and refer to the American Institute of Certified Public Accountant's Statement of Position No. 94-6 for an accurate description of its contents.

106.     Paragraph 106 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 106.

15

107.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107, and deny that the statements on the Alvarez & Marsal website expressly pertain to Pall or its subsidiaries.

108.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108, and refer to I.R.C. Section 956 and Subpart F, as well as the legislative history of I.R.C. Section 956 for an accurate description of their contents.

109.    Defendants deny the allegations set forth in paragraph 109, and refer to I.R.C. Section 956 for an accurate description of its contents.

110.    Defendants deny the allegations set forth in paragraph 110, and refer to Pall's March 28, 2008, Form 10-K for an accurate description of its contents and of the Company's tax treatment of certain intercompany sales transactions during the Restatement Period.

111.    Paragraph 111 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 111, and refer to SFAS NO. 109 for an accurate description of its contents.

112.    Defendants deny the allegations set forth in paragraph 112, except admit that on March 28, 2008, Pall filed its Form 10-K for the fiscal year ended July 31, 2007, and refer to Pall's Form 10-K for an accurate description of its contents and of the Company's tax treatment of certain intercompany sales transactions during the Restatement Period.

113.    Defendants deny the allegations set forth in paragraph 113, and refer to SAB No. 99 for an accurate description of its contents.

114.    Defendants deny the allegations set forth in paragraph 114, and refer to Pall's 2006 Form 10-K for an accurate description of its contents.

16

115.   Defendants deny the allegations set forth in paragraph 115, and refer to Pall's Forms 10-K for fiscal years 2007, 2008 and 2009, for an accurate description of the Company's statements regarding management's consideration of future taxable income and ongoing tax planning strategies.

116.   Defendants deny the allegations set forth in paragraph 116.

117.   Paragraph 117 purports to state legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in paragraph 117, and refer to SFAS No. 57, Concepts Statement No. 1, ¶34, Concepts Statement No. 1, ¶40. Concepts Statement No. 1, ¶50, Concepts Statement No. 1, ¶42, Concepts Statement No. 2, ¶¶58-59, Concepts Statement No. 2, ¶79, and Concepts Statement No. 2, ¶¶95, 97 for an accurate description of their contents.

118.   Paragraph 118 purports to state legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in paragraph 118, and refer to Item 303 of Regulation S-K for an accurate description of its contents.

119.   Defendants deny the allegations set forth in paragraph 119, and refer to Pall's 2007 Form 10-K for an accurate description of its contents.

120.   Defendants deny the allegations set forth in paragraph 120.

121.   Defendants deny the allegations set forth in paragraph 121.

122.   Defendants deny the allegations set forth in paragraph 122.

123.   Defendants deny the allegations set forth in paragraph 123.

124.   Defendants deny the allegations set forth in paragraph 124.

125.   Defendants deny the allegations set forth in paragraph 125.

17

126.    Defendants deny the allegations set forth in paragraph 126, except admit that the Individual Defendants sold shares of Pall stock during the Restatement Period, aver that the Individual Defendants acquired shares of Pall stock during the Restatement Period, and refer to Pall's SEC filings for a true and complete account of the Individual Defendants' acquisitions and sales of Pall stock during the Restatement Period.

127.    Defendants deny the allegations set forth in paragraph 127, and aver that the Individual Defendants increased their ownership of Pall stock during the Restatement Period.

128.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128.

129.    Defendants deny the allegations set forth in paragraph 129, and refer to Pall's SEC filings and public statements for an accurate description of Pall's bonus plan.

130.    Defendants deny the allegations set forth in paragraph 130.

131.    Defendants deny the allegations set forth in paragraph 131, and refer to the publicly reported prices of Pall common stock on July 13, 2007.

132.    Defendants deny the allegations set forth in paragraph 132, and refer to the publicly reported prices of Pall common stock on July 19, 2007 and August 2, 2007.

133.    Defendants deny the allegations set forth in paragraph 133.

134.    Paragraph 134 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134, except admit that Pall's stock met the requirements for listing, and was listed and traded on the NYSE and that Pall filed periodic public reports with the SEC and the NYSE.

18

135.    Paragraph 135 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135.

136.    Paragraph 136 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 136.

137.    Defendants repeat each and every response to the foregoing allegations as if fully set forth herein.

138.    Defendants deny the allegations set forth in paragraph 138.

139.    Defendants deny the allegations set forth in paragraph 139.

140.    Defendants deny the allegations set forth in paragraph 140.

141.    Defendants deny the allegations set forth in paragraph 141.

142.    Defendants repeat each and every response to the foregoing allegations as if fully set forth herein.

143.    Paragraph 143 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 143.

## DEFENSES

In asserting the following defenses, Defendants do not assume the burden of proof on any defenses that would otherwise rest on Plaintiff.

19

## **FIRST DEFENSE**

1. The Complaint and each cause of action alleged therein fail to state a claim upon which relief can be granted against Defendants.

.

## SECOND DEFENSE

2. The claims in the Complaint are barred because they fail to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure and of the Private Securities Litigation Reform Act.

## THIRD DEFENSE

3. The purported untrue statements, omissions of fact, and misleading statements alleged in the Complaint to have been made by the Defendants or for which the Defendants are alleged to be liable were not material to the investment decisions of a reasonable investor.

## FOURTH DEFENSE

4. Plaintiff's claims against Defendants are barred, in whole or in part, by the applicable statute(s) of limitations.

## FIFTH DEFENSE

5. To the extent Plaintiff is not acting in good faith in commencing and prosecuting this action, Plaintiff is barred from enforcing any rights it may otherwise have.

## SIXTH DEFENSE

6. Plaintiff's claims are barred in whole or part because the Defendants did not know, and in the exercise of reasonable care could not have known or had reasonable grounds to believe, that any misstatements or omissions of material fact existed in any of Pall's filings with the SEC or press releases, or any statement issued in connection therewith.

.

21

## SEVENTH DEFENSE

7. Plaintiff's claims are barred in whole or part because Plaintiff did not reasonably rely on the public filings or press releases, or statements alleged in the Complaint that were alleged to be materially false or misleading when made.

## EIGHTH DEFENSE

8. Plaintiff is barred from claiming injury and damages, if any, because Plaintiff failed to make reasonable efforts to mitigate such injury or damage, which would have prevented the alleged injury or damages.

## NINTH DEFENSE

9. Plaintiff's claims are barred in whole or part because the depreciation in the market price of Pall common stock and any losses suffered by Plaintiff resulted from factors other than the alleged misstatements and omissions alleged in the Complaint.

## TENTH DEFENSE

10. Plaintiff's claims are barred in whole or part because the alleged misstatements and omissions alleged in the Complaint did not affect the market price of Pall common stock.

## ELEVENTH DEFENSE

11. Any losses allegedly incurred by Plaintiff were caused by market conditions or other factors over which Defendants had no control or responsibility.

22

**TWELFTH DEFENSE**

12.     Defendants are not liable under 15 U.S.C. § 78a, *et seq.* pursuant to the common law bespeaks caution doctrine because any alleged misrepresentations by Defendants contained sufficient and meaningful cautionary language and risk disclosures.

**THIRTEENTH DEFENSE**

13.     Plaintiff's claims are barred because they were forward-looking statements protected by the safe-harbor provisions of 15 U.S.C. § 78u-5.

**FOURTEENTH DEFENSE**

14.     Plaintiff's claims are barred because Plaintiff has not suffered any cognizable injury attributable, in whole or in part, to any conduct by Defendants.

**FIFTEENTH DEFENSE**

15.     Plaintiff's claims are barred by the doctrines of waiver, and/or estoppel, and/or laches, and/or unclean hands.

**SIXTEENTH DEFENSE**

16.     Plaintiff's claims against Defendants are barred because Defendants did not breach any duty owing to Plaintiff.

**SEVENTEENTH DEFENSE**

17.     Plaintiff's claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Securities Exchange Act of 1934, the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule or regulation.

23

## EIGHTEENTH DEFENSE

18. None of the Defendants acted with scienter.

## NINTEENTH DEFENSE

19. Plaintiff's claims are barred, in whole or in part, for lack of proximate causation between Defendants' alleged conduct and the alleged harm and by superseding and intervening causes.

## TWENTIETH DEFENSE

20. As to the Defendants against whom control person liability is alleged pursuant to 15 U.S.C. § 78t, that liability is barred because Plaintiff cannot establish the primary liability necessary to assert a control person liability claim.

## TWENTY-FIRST DEFENSE

21. As to the Defendants against whom control person liability is alleged pursuant to 15 U.S.C. § 78t, that liability is barred because the alleged controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations or causes of action.

## TWENTY-SECOND DEFENSE

22. Any alleged statement, omission or conduct by Defendants did not take place "in connection with" the purchase or sale of any security.

### TWENTY-THIRD DEFENSE

23.     Any claims for Plaintiff's attorneys' fees are barred because Plaintiff has failed to state facts sufficient to support a claim for attorneys' fees.

### TWENTH-FOURTH DEFENSE

24.     The claims against Defendants are barred because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### TWENTY-FIFTH DEFENSE

25.     The allegations in the Complaint do not relate to any matters that are core operations of the Company.

### TWENTY-SIXTH DEFENSE

26.     The Individual Defendants, individually and together, increased their ownership of Pall stock during the Restatement Period.

### TWENTY-SEVENTH DEFENSE

27.     Defendants hereby reserve and assert all affirmative and other defenses available under any applicable law.   Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, affirmative defenses available.   Therefore, Defendants reserve their right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendants respectfully request that the Court:

(1)     Enter judgment dismissing with prejudice the claims against them;

(2)     Award them their costs and expenses incurred in defending this action;

and

(3)     Grant each of them such other and further relief as the Court deems just and proper.

25

Dated: New York, New York
       December 28, 2009

Respectfully submitted,

By:

Lewis J. Liman
Nancy I. Ruskin
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000

Attorneys for Defendants