UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERT BAUGHMAN, Individually and on
Behalf of All Others Similarly Situated,

                            Plaintiff(s),

                                                     **ORDER**
        -against-                                     CV 07-3359(JS)(ARL)

PALL CORP., et al.,

                            Defendant(s).
-----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is defendants' letter application dated October 3, 2011 seeking leave[1] to move to compel Lead Plaintiff Macomb County Employees' Retirement System ("plaintiff") to identify which of the thirty four (34) Pall Corporation employees named in the initial disclosures are the "confidential" witnesses cited in the Consolidated Amended Complaint ("complaint"). Alternatively, defendants request an order striking the allegations of the confidential witnesses from the complaint and precluding plaintiff from relying on those allegations to support its claims in any further proceedings. Plaintiff opposes the application, contending that the identity of the five (5) confidential witnesses is protected by the attorney work-product doctrine and requests that in the event the court grants defendants' motion, that a protective order be entered. Defendants' motion is granted.[2] Plaintiff's application for a protective order is granted, in part and denied, in part.

      The work product doctrine "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002,* 318 F.3d 379, 383 (2d Cir. 2003). This doctrine "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy with an eye toward litigation, free from unnecessary intrusion by his adversaries." *United States v. Adlman,* 134 F.3d 1194, 1196 (2d Cir. 1998) (internal quotation marks and citation omitted). "The policy underlying work product protection is to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of the opponent." *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 229 F.R.D. 441, 445 (S.D.N.Y. 2004) (internal quotation marks and citation omitted). However, "unlike interview notes or other documents prepared by counsel in connection with confidential witnesses, the relationship between witness identities and an attorney's case strategies or mental impressions is much more attenuated." *In re Marsh & McLennan Comp., Inc. Sec. Litig.*, No. 04 Cv. 8144 (SWK), MDL No. 1744, 2008 WL 2941215, at *3 (S.D.N.Y. July 30, 2008); *see Lefkoe v. Jos. A. Bank*

---

    [1]Pursuant to the undersigned's individual rules and the Local Rules defendants need not seek leave to make this application. See Local Rule 37.3.

    [2]For the reasons set forth in this order, the court need not reach the defendants' alternate request.

*Clothiers,* Civil No. WMN-06-1892, 2008 WL 7275126, at * 10 (D. Md. May 13, 2008) (observing that plaintiff has "already revealed which witnesses counsel finds important, by setting forth specific information as to their knowledge . . . Plaintiff has already pled generally who [the confidential witnesses] are . . . and specifically what they know. Their name and address does not add to counsel's mental impression. Thus, any work product inherent in the production of a list of this subset of names would be minimal") (internal quotation marks and citation omitted); *In re Faro Tech. Sec. Litig.,* No. 6:05-CV-1810-Orl-220DAB, 2008 WL 205318, at *2 n.1 (M.D. Fla. Jan. 23, 2008) (same); *cf. In re Harmonic, Inc. Sec. Litig.,* 245 F.R.D. 424, 429 (N.D. Cal. 2007) (observing that the identity of a confidential witness constitutes factual rather than opinion work product, and contains "minimal substantive content").

It cannot be disputed, that plaintiff's counsel has already revealed his mental impressions that the witnesses in question possessed valuable information. Counsel chose to set forth in the complaint the existence of the "confidential" witnesses, their positions at Pall Corporation, the time frame of their employment, and specific information derived from each witness. *Cf. In re Harmonic, Inc. Sec. Litig.,* 245 F.R.D. at 428 ("[p]laintiffs have already revealed their legal strategy by including the CWs' statements in the [second amended complaint]. It is obvious that [p]laintiffs considered these . . . CWs' knowledge important"). Plaintiff's claim of confidentiality is difficult to fathom where as here he has not only disclosed the information provided by those so called "confidential" witnesses but the names of those witnesses were included in the witness list. Plaintiff even acknowledges that a comparison of the positions (and time frame of employment) held by the witnesses named in the initial disclosures against the descriptions provided in the complaint will help identify of the witnesses referenced in the complaint. Under these circumstances "there is actually little confidentially at stake." *In re Marsh*, 2008 WL 2941215, at *3; *cf. Miller*, 2004 WL 868202, at *2 ("[T]o the extent that the complaint enables identification, there is no confidentiality to preserve").

It is compelling that the district court relied on the statements of the "confidential" witnesses when it denied defendants' motion to dismiss the complaint out of an "abundance of caution" and "acknowledge[d] that [p]laintiffs have thus far satisfied their burden by a razor thin margin." Memorandum and Order, dated September 21, 2009, (District Judge Seybert), at 17, 21-22 ("The Confidential Informants' information, if true, would support an inference that the Defendants knew or had access to information showing that the company was engaging in improper cash and tax practices, and consequently that the financial statements and press releases presented inaccurate and misleading information"). The district court stated that it would revisit the claims on summary judgment if after discovery plaintiffs have not further established scienter on the part defendants. *Id*. at 22. Defendants' thus have a substantial need for the identities of those witnesses in the preparation of their defense. This need outweighs plaintiffs' tenuous work product claim. Without the specific disclosures, defendants would be required to bear considerable deposition expense in "finding" those witnesses. *Cf. Hubbard v. BankAtlantic Bancorp, Inc.,* No. 07-61542-CIV., 2009 WL 3856458, at *4 (S.D. Fla. Nov. 17, 2009) (citing cases where plaintiffs were directed to provide the names of confidential sources so that defendants could avoid looking for a "needle in a haystack"); *In re Aetna, Inc. Sec. Litig.*, Civ. A. MDL 1219, 1999 WL 354527, at *4 (E.D. Pa. May 26, 1999) ("[a]voidance of the time and effort involved in compiling a [list of sources] is, in this case, a sufficient showing of need"); *Lefkoe*, 2008 WL 7275126, at *11 (concluding that plaintiff, "with minimal expense" should be

compelled to disclose the confidential witnesses identities rather than have defendants "bear the considerable expense of deposing numerous witnesses to discover these facts"). Accordingly, defendants' motion to compel disclosure of the identities of the five (5) confidential witnesses is granted.

      Plaintiff's application for a protective order is granted only to the extent that the parties are directed to confer on appropriate limitations to be placed on the disclosure of the identities of those five (5) witnesses to non-parties. Such limitations may be incorporated into the Stipulation and Order Governing Confidential Material filed on July 22, 2010 (the "confidentiality order"). The court declines to enter an additional protective order incorporating the limitations and restrictions outlined in plaintiff's October 6, 2011 letter motion because there has been no showing on this record of good cause.

Dated: Central Islip, New York  
      October 21, 2011

SO ORDERED:

_____/s_____  
ARLENE ROSARIO LINDSAY  
United States Magistrate Judge