UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PALL CORP. SECURITIES LITIGATION | Master File No. 2:07-cv-03359-JS-GRB |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | **DECLARATION OF CHARLES E. FERRARA RE: (1) MAILING OF THE NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND PROOF OF CLAIM AND RELEASE FORM, (2) PUBLICATION OF THE SUMMARY NOTICE, AND (3) INTERNET POSTING** |

I, Charles E. Ferrara, declare:

1. I submit this declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding: (1) the mailing of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a Proof of Claim and Release form (the "Proof of Claim") (collectively, the "Notice Packet"), (2) publication of the Summary Notice, and (3) internet posting. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2. I am a Vice President at Kurtzman Carson Consultants LLC ("KCC"). My business address is 75 Rowland Way, Suite 250, Novato, California 94945. KCC has been retained by Robbins Gellar Rudman & Dowd LLP as its authorized agent to effect mailing of the Notice Packet, a true and correct copy of which is attached hereto as Exhibit A, to all persons who purchased or otherwise acquired Pall Corporation ("Pall") common stock during the period April 20, 2007 through August 2, 2007, inclusive (the "Class Period"). The Notice Packets mailed were substantially in the form approved by the Court. The Notice Packet sets forth the terms of

the Stipulation, including the proposed Plan of Distribution and Lead Counsel's proposed request for attorneys' fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class.

3. KCC received from Pall's stock transfer agent a list ("Transfer Agent List") containing contact information for holders of record during the Class Period. The Transfer Agent List contained data for 4,010 separate members of the Class ("Class Members").

4. On September 14, 2012 (the "Notice Date"), KCC caused 4,010 Notice Packets (corresponding to the 4,010 names included on the Transfer Agent List) to be delivered to the United States Postal Service ("USPS") to be mailed via First Class mail to each of the Class Members, postage prepaid.

5. KCC maintains a proprietary database of 751 known securities brokers, dealers, banks, and other nominees to be used for notifying record holders of settlements (the "Broker Database").

6. On the Notice Date, KCC caused 751 Notice Packets (corresponding to the 751 nominees in the Broker Database ("Nominees")) to be delivered to the USPS to be mailed via First Class mail to each of the Nominees, postage prepaid.

7. KCC has received requests from brokers and other nominees to (i) send the Notice Packet to the broker or nominee for distribution to the broker or nominee's customers with relevant holdings, or (ii) send the Notice Packet directly to the broker or nominee's customers with relevant holdings, whose contact information the broker's or nominee provided to KCC. Through November 9, 2012, as a result of requests from 45 brokers and other nominees, KCC sent an additional 38,429 Notice Packets, directly or indirectly.

8. As of November 9, 2012, the USPS has returned 173 Notice Packets as undeliverable with forwarding addresses. KCC re-mailed the Notice Packets to the forwarding addresses provided.

9. As of November 9, 2012, the USPS has returned 1,365 Notice Packets as undeliverable with no forwarding address. Using locator services, 475 updated addresses were found and new Notice Packets were mailed using the corrected addresses.

10. As a result of efforts described in paragraphs 3 through 9 above, as of November 9, 2012, KCC has mailed a total of 43,838 Notice Packets.

11. In accordance with the Order Preliminarily Approving Settlement and Providing For Notice entered by the Court, KCC caused a Summary Notice to be published in the national edition of *Investor's Business Daily* ("IBD") on September 21, 2012 and once over the *Business Wire* on September 21, 2012 (both within 7 calendar days of the Notice Date). A copy of the Summary Notice that was published in IBD is attached hereto as Exhibit B. A copy of the press release that was issued via *Business Wire* is attached hereto as Exhibit C.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

12. KCC hosts a website (www.PallSecuritiesLitigation.com) where the Notice and Proof of Claim are posted, as well as important Court Documents, Important Dates and Deadlines, electronic claim filing instructions for brokers/nominees, and Frequently Asked Questions. This website went live on September 14, 2012 and will be live throughout the remainder of the administration.

13. I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of November, 2012 at Novato, California.

Charles E. Ferrara
Vice President
KCC Class Action Services

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PALL CORP. SECURITIES LITIGATION | Master File No. 2:07-cv-03359-JS-GRB<br>CLASS ACTION<br>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| This Document Relates To:<br>ALL ACTIONS. | |

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED PALL CORPORATION ("PALL") COMMON STOCK DURING THE PERIOD APRIL 20, 2007 THROUGH AUGUST 2, 2007, INCLUSIVE (THE "CLASS PERIOD")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE DECEMBER 13, 2012.

**A federal court authorized this Notice. This is not a solicitation from a lawyer.**

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York (the "Court"). The purpose of this Notice is to inform you of the proposed settlement of this class action litigation (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement. The Settlement resolves the Class's claims against Pall, Eric Krasnoff, and Lisa McDermott (collectively, "Defendants"). This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement and this class action litigation.

The proposed Settlement creates a fund in the amount of Twenty Two Million Five Hundred Thousand United States Dollars (USD $22,500,000.00) in cash and will include interest that accrues on the fund prior to distribution. Based on Lead Counsel's estimate of the number of shares entitled to participate in the Settlement and the anticipated number of claims to be submitted by Class Members, the average distribution per share to Class Members who purchased or acquired Pall common stock during the Class Period would be approximately $0.58 before deduction of Court-approved fees and expenses. Your actual recovery from this fund will depend on a number of variables, including the number of claimants, the number of shares of Pall common stock they purchased or acquired, the number of shares of Pall common stock you purchased or acquired, the expense of administering the claims process, and the timing of your purchases or acquisitions and sales, if any (see the Plan of Distribution below for a more detailed description of how the settlement proceeds will be allocated among Class Members).

Lead Plaintiff and Defendants do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff was to have prevailed on each claim asserted. Defendants deny that they have violated the federal securities laws or any laws. Defendants accordingly have denied and continue to deny specifically each and all of the claims and contentions alleged in the Class Action. The issues on which the parties disagree include: (1) whether the statements made or facts allegedly omitted were false, material, or otherwise actionable under the federal securities laws; (2) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of Pall common stock at various times during the Class Period; (3) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the trading price of Pall common stock at various times during the Class Period; (4) the extent to which external factors, such as general market conditions, influenced the trading price of Pall common stock at various times during the Class Period; (5) the effect of various market forces influencing the trading price of Pall common stock at various times during the Class Period; (6) the amount by which Pall common stock was allegedly

EXHIBIT A

artificially inflated (if at all) during the Class Period; and (7) the appropriate economic model for determining the amount by which Pall common stock was allegedly artificially inflated (if at all) during the Class Period.

Lead Plaintiff believes that the proposed Settlement is a very good recovery and is in the best interests of the Class. There were significant risks associated with continuing to litigate through discovery, summary judgment, and trial. In addition, the amount of damages recoverable by the Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Class Action gone to trial, the Defendants intended to assert that all of the losses of Class Members were caused by non-actionable market, industry, general economic or company-specific factors, other than the revelation of the facts alleged to be misleadingly stated or omitted. Defendants would also assert that none of the Defendants acted with scienter and that Defendants did not know, and were not reckless with respect to, whether any statements were false or misleading.

Plaintiffs' Counsel have not received any payment for their services in conducting this action on behalf of Lead Plaintiff and the members of the Class, nor have they been reimbursed for their expenses. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed 27.5% of the settlement proceeds plus expenses not to exceed $200,000, plus interest on such amounts, all of which shall be paid from the Settlement Fund. If the amounts requested by counsel are approved by the Court, the average cost per share would be approximately $0.16.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Class Action or the fairness or adequacy of the proposed Settlement.

For further information regarding this Settlement you may contact: Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, (619) 231-1058. Please do not call any representative of the Defendants or the Court.

## I. NOTICE OF HEARING ON PROPOSED SETTLEMENT

A hearing (the "Final Approval Hearing") will be held on December 14, 2012, at 11:30 a.m., before the Honorable Joanna Seybert, United States District Judge, Eastern District of New York, at the Alfonse M. D'Amato Federal Building, 100 Federal Plaza, Central Islip, NY 11722. The purpose of the Final Approval Hearing will be to determine: (1) whether the Settlement consisting of Twenty Two Million Five Hundred Thousand United States Dollars (USD $22,500,000.00) in cash plus accrued interest on the Settlement Fund should be approved as fair, reasonable, and adequate to the Class; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Distribution") is fair, reasonable, and adequate; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; and (4) whether the Class Action should be dismissed with prejudice. The Court may adjourn or continue the Final Approval Hearing without further notice to the Class.

## II. DEFINITIONS USED IN THIS NOTICE

1. "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2. "Claims Administrator" means the firm of Kurtzman Carson Consultants, LLC.

3. "Class" means all Persons who purchased or otherwise acquired Pall common stock between April 20, 2007 and August 2, 2007, inclusive. Excluded from the Class are:

   (a) Persons or entities who submit valid and timely requests for exclusion from the Class; and

   (b) Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period, the officers and directors of Pall during the Class

Period, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.

4. "Class Action" means the actions consolidated under the caption *In re Pall Corp. Securities Litigation*, Master File No. 2:07-cv-03359-JS-GRB, by Order of the Court dated May 28, 2008.

5. "Class Member" means a Person who falls within the definition of the Class as set forth above.

6. "Class Period" means the period April 20, 2007 through August 2, 2007, inclusive.

7. "Defendants" means Pall Corporation, Eric Krasnoff, and Lisa McDermott.

8. "Effective Date" means the first date by which all of the events and conditions specified in paragraph 7.1 of the Settlement Agreement have been met and have occurred.

9. "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

10. "Final" means when the last of the following with respect to the Judgment approving the Settlement, in the form of Exhibit B to the Stipulation, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of the Settlement Agreement. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses or any Plan of Distribution of the Settlement Fund.

11. "Individual Defendants" means Eric Krasnoff, and Lisa McDermott.

12. "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, in the form attached to the Settlement Agreement as Exhibit B.

13. "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

14. "Lead Plaintiff" means Macomb County Employees' Retirement System.

15. "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Distribution, or the Court, after provision for the amounts set forth in paragraph 5.4 of the Stipulation.

16. "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

17. "Plaintiffs' Counsel" means any counsel who filed a complaint in the Class Action or any action that has been consolidated into the Class Action.

18. "Plan of Distribution," as further defined in §VII of this Notice of Pendency and Proposed Settlement of Class Action, means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest, and

other expenses as may be awarded by the Court. Any Plan of Distribution is not part of the Settlement Agreement and the Released Persons shall have no responsibility or liability with respect thereto.

19. "Released Claims" means all claims, demands, rights, liabilities, causes of action, suits, matters and issues of every nature and description, whether known or unknown (including, but not limited to, Unknown Claims), that were asserted or could have been asserted in this Class Action by Lead Plaintiff or members of the Class, directly, derivatively, or in any other capacity, against the Released Persons under federal, state, or any other law, including, without limitation, all claims arising out of, or relating to, in whole or in part, (i) the claims or facts and circumstances asserted or that could have been asserted in this Class Action, and (ii) the purchase or acquisition of Pall common stock during the Class Period by Class Members. Notwithstanding the foregoing, "Released Claims" shall not include the actions captioned *Saxton, et al. v. Krasnoff, et al.*, Index No. 017385/08 (Supreme Ct. Nassau Cnty., N.Y.); *Hoadley v. Krasnoff, et al.*, Index No. 020447/08 (Supreme Ct. Nassau Cnty., N.Y.); and *Nadoff v. Carroll, et al.*, Index No. 001339/11 (Supreme Ct. Nassau Cnty., N.Y.) (collectively, the "Derivative Actions"), shareholder derivative actions brought on behalf of Pall.

20. "Released Persons" means each and all of Defendants and each and all of their present or former parents, subsidiaries, affiliates (as defined in 17 C.F.R. §210.1-02(b)), successors and assigns, and each and all of the present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, and assigns of each of them.

21. "Settlement Fund" means Twenty Two Million Five Hundred Thousand United States Dollars (USD $22,500,000.00) in cash to be paid by means of check(s), money order(s), or wire transfer(s) to the Escrow Agent pursuant to paragraph 2.1 of the Settlement Agreement, together with all interest and income earned thereon.

22. "Settling Parties" means, collectively, Defendants and Lead Plaintiff on behalf of itself and the Class Members.

23. "Unknown Claims" means any Released Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead

Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## III. THE LITIGATION

On and after August 14, 2007, four class action complaints were filed against Pall and others alleging violations of federal securities laws. A derivative action was filed on behalf of Pall on January 10, 2008. Pursuant to a May 28, 2008 Order of the Court, the four class actions were consolidated under the caption *In re Pall Corp. Securities Litigation*, Master File No. 2:07-cv-03359-JS-GRB. The Court appointed Macomb County Employees' Retirement System as Lead Plaintiff and Coughlin Stoia Geller Rudman & Robbins LLP, n/k/a Robbins Geller Rudman & Dowd LLP as Lead Counsel for the Class. Lead Plaintiff filed a consolidated amended complaint (the "Amended Complaint") on August 4, 2008.

On September 19, 2008, Defendants moved to dismiss the Amended Complaint. Briefing on Defendants' motion to dismiss concluded on December 2, 2008. On September 21, 2009, Judge Seybert entered an order denying Defendants' motion to dismiss. On October 9, 2009, Defendants filed a motion for interlocutory appeal of the Court's September 21, 2009 Order, as well as a motion for a stay of the action pending resolution of the interlocutory appeal. Briefing on that motion was completed on November 24, 2009, and on the same day, the Court issued an order denying Defendants' motion for interlocutory appeal.

The parties attended a mediation on May 23, 2011, but no agreement was reached, and litigation continued. Following additional negotiations, in December 2011 the parties reached an agreement-in-principle to settle the litigation, and executed a Memorandum of Understanding on January 30, 2012. Following additional negotiations, the parties executed the Amended Settlement Agreement on May 16, 2012.

## IV. CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Class Action have merit. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Class Action against Defendants through discovery, trial, and appeals. Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Class Action, as well as the risks posed by the difficulties and delays inherent in such litigation. Lead Plaintiff and Lead Counsel also are aware of the possible defenses to the alleged federal securities law violations and therefore believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice and enjoined as set forth herein. Lead Plaintiff and Lead Counsel believe that the Settlement set forth in the Settlement Agreement confers substantial benefits upon the Class in light of the circumstances here. Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in the Settlement Agreement is fair, reasonable, and adequate and in the best interests of Lead Plaintiff and the Class.

## V. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny that they have violated the federal securities laws or any laws. Defendants accordingly have denied and continue to deny specifically each and all of the claims and contentions alleged in the Class Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Class Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made any material misstatements or omissions; that any member of the Class has suffered damages; that the price of Pall's common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; that the members of the Class were harmed by the conduct alleged in the Class Action; or that Defendants knew or were reckless with respect to the alleged misconduct. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Class Action.

Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases, Defendants have concluded that further conduct of the Class Action could be protracted and distracting. Defendants have, therefore, determined that it is desirable and beneficial to them that the Class Action be settled in the manner and upon the terms and conditions set forth in the Settlement Agreement.

## VI. TERMS OF THE PROPOSED SETTLEMENT

The sum of Twenty Two Million Five Hundred Thousand United States Dollars (USD $22,500,000.00) has been transferred to an interest-bearing escrow account under the control of the Escrow Agent. This principal amount of USD $22,500,000.00 in cash, plus any accrued interest, shall constitute the Settlement Fund. A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund, and costs associated with the processing of claims submitted. In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Lead Counsel as attorneys' fees and for expenses incurred in litigating the case. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Distribution described below to Class Members who submit valid and timely Proof of Claim and Release forms.

## VII. PLAN OF DISTRIBUTION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms ("Authorized Claimants") under the Plan of Distribution described below. The Plan of Distribution provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss on all transactions in Pall common stock during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Distribution, Lead Counsel has consulted with its damage consultant. The Plan of Distribution does not reflect an assessment of the damages that could have been recovered at trial or Lead Counsel's assessment of the likelihood of establishing liability during the Class Period.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

**CUSIP: 696429307**

Class Period: April 20, 2007 – August 2, 2007

The allocation below is based on the following price declines as well as the statutory PSLRA 90-day look-back amount of $38.69:

| | |
|---|---|
| July 20, 2007 Price Decline: | $7.67 |
| August 3, 2007 Price Decline: | $1.28 |

**Proposed Allocation**

1. For shares of Pall common stock ***purchased or otherwise acquired on or between April 20, 2007 through July 19, 2007***, the claim per share shall be as follows:

   a) If sold prior to July 20, 2007, the claim per share is zero.

b) If sold on July 20, 2007 through August 2, 2007, the claim per share shall be the lesser of (i) $7.67 (July 20, 2007 Price Decline), or (ii) the difference between the purchase price and the selling price.

c) If retained at the end of August 2, 2007 and sold before October 31, 2007, the claim per share shall be the least of (i) $8.95 (July 20, 2007 and August 3, 2007 Price Declines), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

d) If retained, or sold, on or after October 31, 2007, the claim per share shall be the lesser of (i) $8.95 (July 20, 2007 and August 3, 2007 Price Declines), or (ii) the difference between the purchase price per share and $38.69 per share.

2. For shares of Pall common stock ***purchased or otherwise acquired on or between July 20, 2007 through August 2, 2007***, the claim per share shall be as follows:

a) If sold prior to August 3, 2007, the claim per share is zero.

b) If retained at the end of August 2, 2007 and sold before October 31, 2007, the claim per share shall be the least of (i) $1.28 (August 3, 2007 Price Decline), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

c) If retained, or sold, on or after October 31, 2007, the claim per share shall be the lesser of (i) $1.28 (August 3, 2007 Price Decline), or (ii) the difference between the purchase price per share and $38.69 per share.

| VIII.<br>Date | Closing Price | Average Closing Price |
|---|---|---|
| 3-Aug-07 | $38.62 | $38.62 |
| 6-Aug-07 | $39.18 | $38.90 |
| 7-Aug-07 | $39.17 | $38.99 |
| 8-Aug-07 | $39.46 | $39.11 |
| 9-Aug-07 | $37.82 | $38.85 |
| 10-Aug-07 | $37.49 | $38.62 |
| 13-Aug-07 | $38.32 | $38.58 |
| 14-Aug-07 | $36.65 | $38.34 |
| 15-Aug-07 | $35.48 | $38.02 |
| 16-Aug-07 | $35.24 | $37.74 |
| 17-Aug-07 | $35.73 | $37.56 |
| 20-Aug-07 | $35.96 | $37.43 |
| 21-Aug-07 | $36.35 | $37.34 |
| 22-Aug-07 | $37.38 | $37.35 |
| 23-Aug-07 | $36.82 | $37.31 |
| 24-Aug-07 | $37.55 | $37.33 |
| 27-Aug-07 | $37.30 | $37.32 |

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 28-Aug-07 | $35.81 | $37.24 |
| 29-Aug-07 | $37.10 | $37.23 |
| 30-Aug-07 | $37.41 | $37.24 |
| 31-Aug-07 | $38.13 | $37.28 |
| 4-Sep-07 | $38.07 | $37.32 |
| 5-Sep-07 | $37.68 | $37.34 |
| 6-Sep-07 | $37.80 | $37.36 |
| 7-Sep-07 | $37.11 | $37.35 |
| 10-Sep-07 | $36.63 | $37.32 |
| 11-Sep-07 | $37.11 | $37.31 |
| 12-Sep-07 | $37.10 | $37.30 |
| 13-Sep-07 | $37.34 | $37.30 |
| 14-Sep-07 | $36.65 | $37.28 |
| 17-Sep-07 | $36.26 | $37.25 |
| 18-Sep-07 | $37.75 | $37.26 |
| 19-Sep-07 | $38.10 | $37.29 |
| 20-Sep-07 | $37.85 | $37.31 |
| 21-Sep-07 | $38.20 | $37.33 |
| 24-Sep-07 | $37.25 | $37.33 |
| 25-Sep-07 | $37.97 | $37.35 |
| 26-Sep-07 | $39.44 | $37.40 |
| 27-Sep-07 | $39.57 | $37.46 |
| 28-Sep-07 | $38.90 | $37.49 |
| 1-Oct-07 | $40.11 | $37.56 |
| 2-Oct-07 | $41.11 | $37.64 |
| 3-Oct-07 | $40.43 | $37.71 |
| 4-Oct-07 | $40.80 | $37.78 |
| 5-Oct-07 | $42.73 | $37.89 |
| 8-Oct-07 | $42.21 | $37.98 |
| 9-Oct-07 | $41.87 | $38.06 |
| 10-Oct-07 | $40.90 | $38.12 |
| 11-Oct-07 | $40.49 | $38.17 |
| 12-Oct-07 | $40.80 | $38.22 |
| 15-Oct-07 | $39.79 | $38.25 |
| 16-Oct-07 | $39.93 | $38.29 |
| 17-Oct-07 | $40.24 | $38.32 |
| 18-Oct-07 | $40.25 | $38.36 |
| 19-Oct-07 | $38.45 | $38.36 |
| 22-Oct-07 | $38.94 | $38.37 |
| 23-Oct-07 | $41.39 | $38.42 |
| 24-Oct-07 | $42.34 | $38.49 |
| 25-Oct-07 | $41.46 | $38.54 |
| 26-Oct-07 | $41.46 | $38.59 |
| 29-Oct-07 | $41.73 | $38.64 |
| 30-Oct-07 | $40.40 | $38.67 |
| 31-Oct-07 | $40.07 | $38.69 |

The date of purchase or acquisition or sale is the "contract" or "trade" date as distinguished from the "settlement" date. The determination of the price paid per share and the price received per share, shall be exclusive of all commissions, taxes, fees, and charges.

For Class Members who made multiple purchases, acquisitions or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of shares during the Class Period will be matched, in chronological order, first against shares held at the beginning of the Class Period. The remaining sales of shares during the Class Period will then be matched, in chronological order, against shares purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if such Class Member had a net loss, after all profits from transactions in Pall common stock during the Class Period are subtracted from all losses.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

## IX. ORDER CERTIFYING A CLASS FOR PURPOSES OF SETTLEMENT

On August 20, 2012, the Court preliminarily certified a class. The Class is defined above.

## X. PARTICIPATION IN THE CLASS

If you fall within the definition of the Class, you are a Class Member unless you elect to be excluded from the Class pursuant to this Notice. If you do not request to be excluded from the Class, you will be bound by any judgment entered with respect to the Settlement in the litigation against Defendants whether or not you file a Proof of Claim and Release form.

***If you are a Class Member, you need do nothing (other than timely file a Proof of Claim and Release form if you wish to participate in the distribution of the Net Settlement Fund). Your interests will be represented by Lead Counsel. If you choose, you may enter an appearance individually or through your own counsel at your own expense.***

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE. The Proof of Claim and Release must be postmarked on or before December 13, 2012, and be delivered to the Claims Administrator at the address below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release form, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## XI. EXCLUSION FROM THE CLASS

You may request to be excluded from the Class. To do so, you must mail a written request stating that you wish to be excluded from the Class to:

***Pall Corp. Securities Litigation***
**EXCLUSIONS**
Claims Administrator
c/o KCC Class Action Services
PO Box 43093
Providence, RI 02940-3093
1-888-758-5789

The request for exclusion must state: (1) your name, address, and telephone number; and (2) all purchases, acquisitions, and sales of Pall common stock made during the Class Period, including the dates of each purchase, acquisition or sale, and the number of shares purchased, acquired or sold. YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE NOVEMBER 30, 2012. If you submit a valid and timely request for exclusion, you shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

## XII. DISMISSAL AND RELEASES

If the proposed Settlement is approved, the Court will enter a final Judgment. The Judgment will dismiss the Released Claims with prejudice as to all Defendants as provided in the Stipulation.

The Judgment will provide that all Class Members who have not previously validly and timely requested to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims (to the extent members of the Class have such claims) against all Released Persons as provided in the Stipulation.

## XIII. APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Final Approval Hearing, Lead Counsel will request the Court to award attorneys' fees not to exceed 27.5% of the Settlement Fund, plus expenses not to exceed $200,000, which were advanced in connection with the Class Action, plus interest on both amounts. Class Members are not personally liable for any such fees, expenses, or compensation.

To date, Plaintiffs' Counsel has not received any payment for their services in conducting this Class Action on behalf of Lead Plaintiff and the members of the Class, nor has counsel been reimbursed for their expenses. The fee requested by Lead Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a contingency basis. The fee requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

## XIV. CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment. If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the Settling Parties to the Stipulation will be restored to their respective positions as of January 30, 2012.

## XV. THE RIGHT TO BE HEARD AT THE FINAL APPROVAL HEARING

Any Class Member who has not validly and timely requested to be excluded from the Class, and who objects to any aspect of the Settlement, the Plan of Distribution, or the application for attorneys' fees and expenses may appear and be heard at the Final Approval Hearing. Any such Person must submit and serve a written notice of objection, to be received on or before November 30, 2012, by each of the following:

Clerk of the Court
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
ALFONSE M. D'AMATO FEDERAL BUILDING
100 Federal Plaza
Central Islip, NY 11722

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
*Counsel for Lead Plaintiff*

Lewis J. Liman
CLEARY GOTTLIEB STEEN
& HAMILTON LLP
One Liberty Plaza
New York, NY 10006
*Counsel for Defendants*

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of Pall common stock purchased, acquired, and sold during the Class Period, and contain a statement of the reasons for objection. Only Class Members who have submitted written notices of objection in this manner will be entitled to be heard at the Final Approval Hearing, unless the Court orders otherwise.

## XVI. SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

If you hold or held any Pall common stock during the Class Period as nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim and Release by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

***Pall Corp. Securities Litigation***
**Claims Administrator**
c/o KCC Class Action Services
P.O. Box 6177
Novato, CA 94948-6177
PallSecuritiesLitigation@kccllc.com

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release, upon submission of appropriate documentation to the Claims Administrator.

## XVII. EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Amended Settlement Agreement (the "Stipulation" or the "Settlement Agreement") filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court, Eastern District of New York, Alfonse M. D'Amato Federal Building, 100 Federal Plaza, Central Islip, NY 11722.

If you have any questions about the Settlement of the Class Action, you may contact a representative of Lead Counsel: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, (619) 231-1058.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: August 20, 2012

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re PALL CORP. SECURITIES LITIGATION | : | Master File No. 2:07-cv-03359-JS-GRB |
| | : | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | : | PROOF OF CLAIM AND RELEASE |

***INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM AND RELEASE FORM***

**GENERAL INSTRUCTIONS**

1. To recover as a member of the Class based on your claims in the consolidated action entitled *In re Pall Corp. Securities Litigation*, Master File No. 2:07-cv-03359-JS-GRB (the "Class Action"), you must complete, sign, and return pages 15 through 18 of this Proof of Claim and Release form. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Class Action.

2. Submission of this Proof of Claim and Release form, however, does not assure that you will share in the proceeds of the settlement of the Class Action.

3. YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE December 13, 2012, ADDRESSED AS FOLLOWS:

   ***Pall Corp. Securities Litigation***
   **Claims Administrator**
   c/o KCC Class Action Services
   PO Box 43093
   Providence, RI 02940-3093

   If you are NOT a member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4. If you are a member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Class Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

**CLAIMANT IDENTIFICATION**

If you purchased or otherwise acquired Pall Corporation ("Pall") common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or otherwise acquired Pall common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Pall common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE

LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S), OF THE PALL COMMON SHARES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers and acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

**CLAIM FORM**

Use Part II of this form entitled "Schedule of Transactions in Pall Common Stock" to supply all required details of your transaction(s) in Pall common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases and acquisitions of Pall common stock which took place at any time between April 20, 2007 and August 2, 2007, inclusive (the "Class Period"), and ***all*** of your sales of Pall common stock which took place at any time between April 20, 2007 and October 31, 2007, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to ***all*** of the Pall common stock you held at the beginning of trading on April 20, 2007 and at the close of trading on August 2, 2007, and at the close of trading on October 31, 2007. Failure to report all such transactions may result in the rejection of your claim.

List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

If you purchased shares through the Dividend Reinvestment Plan ("DRIP"), please DO NOT REPORT FRACTIONAL SHARES. Instead, please round the number of shares to the nearest whole share. For example, if you purchased 1.2345 shares, enter "1" in the number of shares purchased on the Claim Form. If your share balance is a fractional number of shares for any of your holding positions, please also round that number of shares to the nearest whole share.

The date of covering a "short sale" is deemed to be the date of purchase of Pall common stock. The date of a "short sale" is deemed to be the date of sale of Pall common stock.

You should attach 8 ½ x 11 photocopies of stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing your transactions in Pall common stock to your claim. Please do not send original documents. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

Within 45 days of receipt of your Proof of Claim and Release form, the Claims Administrator will mail you an acknowledgement postcard. If you do not receive an acknowledgement postcard within 45 days of submitting your claim, please contact the Claims Administrator at PallSecuritiesLitigation@kccllc.com.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at PallSecuritiesLitigation@kccllc.com or visit their website at www.PallSecuritiesLitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

**MUST BE POSTMARKED NO LATER THAN December 13, 2012**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
*In re Pall Corp. Securities Litigation*
Master File No. 2:07-cv-03359-JS-GRB
***XVIII.***

**FOR OFFICIAL USE ONLY**

## PROOF OF CLAIM AND RELEASE

USE BLUE OR BLACK INK ONLY

### PART I: CLAIMANT IDENTIFICATION – (*COMPLETE EITHER SECTION A OR B AND THEN PROCEED TO C. PLEASE TYPE OR PRINT.)*

**A. Complete this Section ONLY if the Beneficial Owner is an individual, joint, or IRA account. Otherwise, proceed to B.**

Last Name (Beneficial Owner) | First Name (Beneficial Owner)

Last Name (Joint Beneficial Owner, if applicable) | First Name (Joint Beneficial Owner)

*Name of IRA Custodian, if applicable*

If this account is an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA account, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

**B. Complete this Section ONLY if the Beneficial Owner is an entity; i.e., corporation, trust, estate, etc. Then, proceed to C.**

Entity Name

Name of Representative, if applicable (Executor, administrator, trustee, c/o, etc.)

**C. Account/Mailing Information**

Specify one of the following:

☐ Individual(s) ☐ Corporation ☐ UGMA Custodian ☐ IRA ☐ Partnership ☐ Estate ☐ Trust

☐ Other:

Number and Street or P.O. Box

City | State | Zip Code

Foreign Province and Postal Code | Foreign Country

Telephone Number (Day) | Telephone Number (Evening)

E-mail Address | Account Number

Beneficial Owner's Social Security No. (for individuals) OR Taxpayer Identification No.

## PART II: SCHEDULE OF TRANSACTIONS IN PALL COMMON STOCK

**PALL COMMON STOCK– CUSIP NO. 696429307 – Ticker Symbol PLL**

*YOU MUST SUBMIT DOCUMENTATION SUPPORTING ALL OF THE INFORMATION BELOW.*

### COMMON STOCK BEGINNING HOLDINGS

1. Number of shares of Pall common stock *held at the beginning of trading on* **April 20, 2007**:
(If none, write "zero" or "0"; if other than zero, must be documented) ........ NUMBER OF SHARES (Round to Nearest Whole Share)

### COMMON STOCK PURCHASES

2. List all **purchases and acquisitions** of Pall common stock made from **April 20, 2007 through and including August 2, 2007**:

| Trade Date of Purchase *(List Chronologically)* Month/Day/Year | Number of Shares Purchased or Acquired (Round to Nearest Whole Share) | Purchase Price Per Share | Total Amount Paid *(excl. Commissions, Taxes & Fees)* | Check Box if Purchased through Dividend Reinvestment Plan | Check Box if result of an Option Exercised/ Assigned | Check Box if Cover of a Short Sale |
|---|---|---|---|---|---|---|
| | | | | ☐ | ☐ | ☐ |
| | | | | ☐ | ☐ | ☐ |
| | | | | ☐ | ☐ | ☐ |
| | | | | ☐ | ☐ | ☐ |

Number of shares of Pall common stock **purchased or acquired** during the time period from **August 3, 2007 through and including October 31, 2007**:
(If none, write "zero" or "0"; if other than zero, must be documented.) ........ NUMBER OF SHARES (Round to Nearest Whole Share)

### COMMON STOCK SALES

3. List all **sales** of Pall common stock made from **April 20, 2007 through and including October 31, 2007**, inclusive:

| Trade Date of Sale *(List Chronologically)* Month/Day/Year | Number of Shares Sold (Round to Nearest Whole Share) | Sale Price Per Share | Total Amount Received *(excl. Commissions, Taxes & Fees)* | Check Box If result of an Option Exercised/Assigned |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

### COMMON STOCK ENDING HOLDINGS

4. Number of shares of Pall common stock *held at the close of trading on* **August 2, 2007**:
(If none, write "zero" or "0"; if other than zero, must be documented)........ NUMBER OF SHARES (Round to Nearest Whole Share)

5. Number of shares of Pall common stock *held at the close of trading on* **October 31, 2007**:
(If none, write "zero" or "0"; if other than zero, must be documented)........ NUMBER OF SHARES (Round to Nearest Whole Share)

IF YOU NEED ADDITIONAL SPACE, PHOTOCOPY THIS PAGE - SIGN AND PRINT YOUR NAME ON EACH ADDITIONAL PAGE.

## PART III: RELEASE AND CERTIFICATION

**YOUR SIGNATURE ON PAGE 18 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.**

**A. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Settlement Agreement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Class Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Pall securities, such as options) if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Pall common stock during the Class Period and know of no other person having done so on my (our) behalf.

**B. RELEASE**

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Persons as provided in the Stipulation.

2. "Released Claims" means all claims, demands, rights, liabilities, causes of action, suits, matters and issues of every nature and description, whether known or unknown (including, but not limited to, Unknown Claims), that were asserted or could have been asserted in this Class Action by Lead Plaintiff or members of the Class, directly, derivatively, or in any other capacity, against the Released Persons under federal, state, foreign, or any other law, including, without limitation, all claims arising out of, or relating to, in whole or in part, (i) the claims or facts and circumstances asserted or that could have been asserted in this Class Action, and (ii) the purchase or acquisition of Pall common stock during the Class Period by Class Members. Notwithstanding the foregoing, "Released Claims" shall not include the actions captioned *Saxton, et al. v. Krasnoff, et al.*, Index No. 017385/08 (Supreme Ct. Nassau Cnty., N.Y.); *Hoadley v. Krasnoff, et al.*, Index No. 020447/08 (Supreme Ct. Nassau Cnty., N.Y.); and *Nadoff v. Carroll, et al.*, Index No. 001339/11 (Supreme Ct. Nassau Cnty., N.Y.) (collectively, the "Derivative Actions"), shareholder derivative actions brought on behalf of Pall.

3. "Released Persons" means each and all of Defendants and each and all of their present or former parents, subsidiaries, affiliates (as defined in 17 C.F.R. §210.1-02(b)), successors and assigns, and each and all of the present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, and assigns of each of them.

4. "Unknown Claims" means any Released Claims which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be

deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

This release shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Pall common stock which occurred during the Class Period as well as the number of shares of Pall common stock held by me (us) at the beginning of trading on April 20, 2007 and at the close of trading on August 2, 2007, and at the close of trading on October 31, 2007.

7. I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

☐ If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above and check this box.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this ________ day of ________ in ________________

Date Month/Year City State/Country

Signature of Beneficial Purchaser or Representative

Signature of Joint Beneficial Purchaser (if applicable)

Type or print Beneficial Purchaser name here

Type or print Joint Beneficial Purchaser name here

Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. Remember to attach 8 ½ x 11 photocopies of supporting documentation.
3. Do not send original stock certificates.
4. Keep a copy of your claim form for your records.
5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
6. If you move, please send us your new address.

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| In re PALL CORP. SECURITIES LITIGATION | Master File No. 2:07-cv-03359-JS-GRB |
|---|---|
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | SUMMARY NOTICE |

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED PALL CORPORATION ("PALL") COMMON STOCK DURING THE PERIOD APRIL 20, 2007 THROUGH AUGUST 2, 2007, INCLUSIVE (THE "CLASS PERIOD")

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Eastern District of New York, a hearing will be held on December 14, 2012, at 11:30 a.m., before the Honorable Joanna Seybert, United States District Judge, Eastern District of New York, at the Alfonse M. D'Amato Federal Building, 100 Federal Plaza, Central Islip, NY 11722, for the purpose of determining: (1) whether the proposed settlement of the Class Action for the sum of Twenty Two Million Five Hundred Thousand United States Dollars (USD $22,500,000.00) in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether, thereafter, this Class Action should be dismissed with prejudice against Defendants as set forth in the Amended Settlement Agreement dated May 16, 2012; (3) whether the Plan of Distribution of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Class Action, together with interest thereon.

If you purchased or otherwise acquired Pall common stock during the period April 20, 2007 through August 2, 2007, inclusive, your rights may be affected by this Class Action and the settlement thereof. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Pall Corp. Securities Litigation*, Claims Administrator, c/o KCC Class Action Services, PO Box 43093, Providence, RI 02940-3093, or by downloading this information at www.PallSecuritiesLitigation.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form postmarked no later than December 13, 2012, establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Class Action unless you request to be excluded, in writing, to the above address, postmarked by November 30, 2012.

Any objection to any aspect of the settlement must be filed with the Clerk of the Court no later than November 30, 2012, and received by the following no later than November 30, 2012:

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Counsel for Lead Plaintiff

Lewis J. Liman
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Counsel for Defendants

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

DATED: August 20, 2012

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**EXHIBIT B**

Case 2:07-cv-03359-JS-GXB Document 121-4 Filed 11/20/12 Page 26 of 29 PageID #: 3564



**LONG VIEW**

**Small-Cap Growth's Rapid Progress Slows**

Small-cap growth funds scored huge gains off the market bottom in March 2009. But in recent months they haven't been able to match the broad market's pace of advance. Wasatch Small Cap Growth's recent holdings included Ultimate Software and NetSuite.

Source: Morningstar Inc.

**Growth of $10,000**

6/30/97 to 9/19/12 — Small-cap growth funds $31,7[illegible]; S&P 500 $21,694

**Small-cap growth funds with assets of $100 mil+,** ranked by 15-year average annual returns as of 9/19/12

| Industrial funds | Symbol | 1 month | YTD | Since '07 mkt top | 15-yr avg |
|---|---|---|---|---|---|
| Wasatch Micro Cap | WMICX | 4.00% | 14.86% | -1.08% | 13.03% |
| Royce Heritage Svc | RGFAX | 7.61 | 10.84 | 3.31 | 11.71 |
| Wasatch Small Cap Growth | WAAEX | 5.43 | 17.64 | 4.96 | 10.10 |
| Morgan Stanley Inst Sm Co Gr I | MSSGX | 6.99 | 18.75 | 2.20 | 9.90 |
| Sentinel Small Co A | SAGWX | 5.78 | 10.86 | 3.17 | 9.83 |
| Wasatch Core Growth | WGROX | 7.48 | 15.65 | 3.60 | 9.71 |
| Brown Capital Mgmt Sm Co Inv | BCSIX | 5.66 | 15.53 | 7.10 | 9.35 |

| Industrial funds | Symbol | 1 month | YTD | Since '07 mkt top | 15-yr avg |
|---|---|---|---|---|---|
| Ivy Sm Cap Growth C | WRGCX | 6.16% | 17.73% | 4.04% | 8.97% |
| Wilmington Sm Cap Gr Instl | ARPEX | 5.78 | 9.38 | -1.82 | 8.83 |
| Wells Fargo Adv Sm Cap Opp | NVSOX | 7.77 | 12.22 | 2.54 | 8.65 |
| JPMorgan Sm Cap Eq A | VSEAX | 8.08 | 17.55 | 6.49 | 8.59 |
| Invesco Sm Cap Gr A | GTSAX | 8.42 | 17.54 | 2.75 | 8.58 |
| S&P 500 | | 8.20 | 18.83 | 1.28 | 4.77 |

# MUTUAL FUNDS & ETFs

**MUTUAL FUND PROFILE**

## RS Fund Sets Stock Check Points

### Competitive Edge

**Small Cap Growth likes organic profit growth; holds Align Technology**

BY BILLY FISHER
FOR INVESTOR'S BUSINESS DAILY

RS Small Cap Growth Fund[RSEGX] values companies that can maintain an edge.

Its co-managers, Steve Bishop, Melissa Chadwick-Dunn and Scott Tracy, allow competitive advantages to play out over three- to five-year horizons.

"We focus on sustainable earnings growth companies," Tracy said. "We look for multiyear earnings ramps. We are not overly focused on quarterly results."

The team also places a premium on companies that can build from within.

"We concentrate on organic revenue growth," Chadwick-Dunn says. "It is much more sustainable than acquired growth."

The trio has been working together at RS Investments since 2001 and has managed the fund since 2007. During that time at the helm, they have posted stellar returns.

For the year-to-date period ended Aug. 31, the RS Small Cap Growth Fund gained 14.37%, outperforming its small growth peers tracked by Morningstar, which gained an average of 10.14%.

Over the last five years, the fund also outperformed the Russell 2000 Growth benchmark by .07% and its small-cap growth peers by 1.19%.




The team uses a bottom-up approach and avoids large sector bets. "We manage pretty tightly around the benchmark weighting," Tracy said. "We try to stay sector-neutral and get our alpha from stock picking."

Small Cap Growth held 85 stocks as of June 30.

### Anchored In Analytics

When considering a stock, the team uses metrics referred to as "anchor points" to quantify a company's long-term growth prospects. They have selected store count as one anchor point for **Ulta Beauty**[ULTA], a holding of the fund.

"They have 400 stores today," Tracy said. "We think that number can go to 1,200 over time."

Ulta's stock has advanced 51% so far this year.

For **Portfolio Recovery Associates**[PRAA], Tracy notes that an anchor point has been hourly collections. "When we first bought the stock, the collector base at Portfolio Recovery was doing about $80 an hour in collections," he said. "Our anchor point is that they will ultimately get to $300 per hour."

Shares of the company have climbed 49% year-to-date.

### Vital Signs

The Small Cap Growth team sees health care coverage expanding regardless of the outcome of November elections. Their position in the hospital staffing company **Team Health**[TMH] stands to capitalize from such a trend.

"Over 20% of their emergency room patients are self-pay," said Chadwick-Dunn, referring to patients who have no health insurance. "With health care reform, a significant part of that self-pay will have some reimbursement attached to it."

Shares of Team Health have notched a 27% gain since the start of the year.

Another name that Chadwick-Dunn is bullish on in the health care space is **Align Technology**[ALGN]. The company sells its Invisalign system to the dental market.

"They have strong innovation throughout their business model," she said. "The company has continued to take share against traditional braces."

The company's stock has run up 54% in 2012.

EXPANDED FUND LISTINGS AT INVESTORS.COM/MOREFUNDS
SEE MORE ETF SCREENS AND TOOLS AT INVESTORS.COM/ETF

## Growth Funds Leading The Market

These are among 40 funds selected for their ownership of market leaders, high average Composite Rating and outperformance of the S&P 500







# Mutual Fund Performance

For Thursday, Sept. 20, 2012

[illegible]

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re PALL CORP. SECURITIES LITIGATION | Master File No. 2:07-cv-03359-JS-GRB |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | SUMMARY NOTICE |

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED PALL CORPORATION ("PALL") COMMON STOCK DURING THE PERIOD APRIL 20, 2007 THROUGH AUGUST 2, 2007, INCLUSIVE (THE "CLASS PERIOD")

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Eastern District of New York, a hearing will be held on December 14, 2012, at 11:30 a.m., before the Honorable Joanna Seybert, United States District Judge, Eastern District of New York, at the Alfonse M. D'Amato Federal Building, 100 Federal Plaza, Central Islip, NY 11722, for the purpose of determining: (1) whether the proposed settlement of the Class Action for the sum of Twenty Two Million Five Hundred Thousand United States Dollars (USD $22,500,000.00) in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether, thereafter, this Class Action should be dismissed with prejudice against Defendants as set forth in the Amended Settlement Agreement dated May 16, 2012; (3) whether the Plan of Distribution of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Class Action, together with interest thereon.

If you purchased or otherwise acquired Pall common stock during the period April 20, 2007 through August 2, 2007, inclusive, your rights may be affected by this Class Action and the settlement thereof. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Pall Corp. Securities Litigation*, Claims Administrator, c/o KCC Class Action Services, PO Box 43093, Providence, RI 02940-3093, or by downloading this information at www.PallSecuritiesLitigation.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form postmarked no later than December 13, 2012, establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Class Action unless you request to be excluded, in writing, to the above address, postmarked by November 30, 2012.

Any objection to any aspect of the settlement must be filed with the Clerk of the Court no later than November 30, 2012, and received by the following no later than November 30, 2012:

| | |
|---|---|
| Ellen Gusikoff Stewart | Lewis J. Liman |
| ROBBINS GELLER RUDMAN & DOWD LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 655 West Broadway, Suite 1900 | One Liberty Plaza |
| San Diego, CA 92101 | New York, NY 10006 |
| Counsel for Lead Plaintiff | Counsel for Defendants |

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

DATED: August 20, 2012

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Copyright 2012 Investor's Business Daily Inc.

# EXHIBIT C




September 21, 2012 12:37 PM Eastern Daylight Time

# Robbins Geller Rudman & Dowd LLP Announces Notice of Hearing to Determine Approval of Proposed Settlement of Pall Corp. Securities Class Action

SAN DIEGO--(BUSINESS WIRE)--The following statement is being issued by Robbins Geller Rudman & Dowd LLP pursuant to an order of the United States District Court for the Eastern District of New York:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re PALL CORP. SECURITIES LITIGATION | X : : | Master File No. 2:07-cv-03359-JS-GRB |
| This Document Relates To: ALL ACTIONS | : : : X | CLASS ACTION<br>SUMMARY NOTICE |

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED PALL CORPORATION ("PALL") COMMON STOCK DURING THE PERIOD APRIL 20, 2007 THROUGH AUGUST 2, 2007, INCLUSIVE (THE "CLASS PERIOD")

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Eastern District of New York, a hearing will be held on December 14, 2012, at 11:30 a.m., before the Honorable Joanna Seybert, United States District Judge, Eastern District of New York, at the Alfonse M. D'Amato Federal Building, 100 Federal Plaza, Central Islip, NY 11722, for the purpose of determining: (1) whether the proposed settlement of the Class Action for the sum of Twenty Two Million Five Hundred Thousand United States Dollars (USD $22,500,000.00) in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether, thereafter, this Class Action should be dismissed with prejudice against Defendants as set forth in the Amended Settlement Agreement dated May 16, 2012; (3) whether the Plan of Distribution of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Class Action, together with interest thereon.

If you purchased or otherwise acquired Pall common stock during the period April 20, 2007 through August 2, 2007, inclusive, your rights may be affected by this Class Action and the settlement thereof. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Pall Corp. Securities Litigation*, Claims

EXHIBIT C

Administrator, c/o KCC Class Action Services, PO Box 43093, Providence, RI 02940-3093, or by downloading this information at www.PallSecuritiesLitigation.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form postmarked no later than December 13, 2012, establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Class Action unless you request to be excluded, in writing, to the above address, postmarked by November 30, 2012.

Any objection to any aspect of the settlement must be filed with the Clerk of the Court no later than November 30, 2012, and received by the following no later than November 30, 2012:

*Counsel for Lead Plaintiff*:
Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Defendants*:
Lewis J. Liman
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: August 20, 2012

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

## Contacts

Robbins Geller Rudman & Dowd LLP
Ellen Gusikoff Stewart, 800-449-4900

