UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————— x

In re PALL CORP. SECURITIES :    Master File No. 2:07-cv-03359-JS-GRB
LITIGATION
                               :

———————————————————————— :    <u>CLASS ACTION</u>

                               :

This Document Relates To:        :    COMPENDIUM OF UNREPORTED

                               :    AUTHORITIES CITED IN SUPPORT OF

      ALL ACTIONS.               :    LEAD COUNSEL'S MEMORANDUM OF

                               :    LAW IN SUPPORT OF MOTION FOR AN

———————————————————————— x    AWARD OF ATTORNEYS' FEES AND
EXPENSES

**COMPENDIUM OF UNREPORTED AUTHORITIES CITED IN SUPPORT OF LEAD COUNSEL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

| CASE | TAB |
|---|---|
| *In re Acclaim Entm't, Inc. Sec. Litig.*, No. 2:03-CV-1270 (JS)(ETB), slip op. (E.D.N.Y. Oct. 2, 2007) | 1 |
| *In re Brocade Sec. Litig.*, No. 3:05-CV-02042-CRB, slip op. (N.D. Cal. Jan. 26, 2009) | 2 |
| *In re CVS Corp. Sec. Litig.*, No. 01-11464 (JLT), slip op. (D. Mass. Sept. 7, 2005) | 3 |
| *In re Doral Fin. Corp. Sec. Litig.*, No. 1:05-md-01706-RO, slip op. (S.D.N.Y. July 17, 2007) | 4 |
| *In re Giant Interactive Grp., Inc. Sec. Litig.*, No. 07 Civ. 10588 (PAE), slip op. (S.D.N.Y. Nov. 2, 2011) | 5 |
| *In re JAKKS Pac., Inc. S'holders Class Action Litig.*, No. 04-CV-8807 (RJS), slip op. (S.D.N.Y. Oct. 28, 2010) | 6 |
| *In re LaBranche Sec. Litig.*, No. 03-CV-8201 (RWS), slip op. (S.D.N.Y. Jan. 22, 2009) | 7 |
| *In re L.G. Philips LCD Co., Ltd. Sec. Litig.*, No. 1:07-cv-00909-RJS, slip op. (S.D.N.Y. Mar. 17, 2011) | 8 |
| *In re OSI Pharms., Inc. Sec. Litig.*, No. 2:04-CV-05505-JS-WDW, slip op. (E.D.N.Y. Aug. 22, 2008) | 9 |
| *In re Tommy Hilfiger Sec. Litig.*, No. 1:04-CV-07678-SAS, slip op. (S.D.N.Y. Oct. 16, 2008) | 10 |

| | |
|---|---|
| *In re Van Der Moolen Holding N.V. Sec. Litig.*, No. 1:03-CV-8284 (RWS), slip op. (S.D.N.Y. Dec. 6, 2006) | 11 |
| *Schnall v. Annuity & Life Re (Holdings), Ltd.*, No. 02 CV 2133 (EBB), slip op. (D. Conn. Jan. 21, 2005) | 12 |

DATED: November 20, 2012                     ROBBINS GELLER RUDMAN
                                                            & DOWD LLP
                                             SAMUEL H. RUDMAN
                                             ROBERT M. ROTHMAN
                                             MARIO ALBA JR.


                                                    s/ Samuel H. Rudman
                                             ──────────────────────────
                                                   SAMUEL H. RUDMAN

                                             58 South Service Road, Suite 200
                                             Melville, NY 11747
                                             Telephone: 631/367.7100
                                             631/367.1173 (fax)

                                             ROBBINS GELLER RUDMAN
                                                    & DOWD LLP
                                             AELISH M. BAIG
                                             Post Montgomery Center
                                             One Montgomery Street, Suite 1800
                                             San Francisco, CA 94104
                                             Telephone: 415/288-4545
                                             415/288-4534 (fax)

                                             ROBBINS GELLER RUDMAN
                                                    & DOWD LLP
                                             LAWRENCE A. ABEL
                                             ROBERT R. HENSSLER JR.
                                             655 West Broadway, Suite 1900
                                             San Diego, CA 92101
                                             Telephone: 619/231-1058
                                             619/231-7423 (fax)

                                             Lead Counsel for Plaintiffs

790546_1

VANOVERBEKE MICHAUD & TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiff

790546_1

**1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

In re ACCLAIM ENTERTAINMENT, INC.   :   MASTER FILE NO. 2:
SECURITIES LITIGATION               :   03-CV-1270 (JS) (ETB)
                                    :
----------------------------------------------   :
                                    :
This Document Relates To:           :
                                    :
    ALL ACTIONS.                    :
                                    :
                                    :
---------------------------------------------------------- x

## ORDER AND FINAL JUDGMENT

The Stipulation and Agreement of Settlement, dated as of May 8, 2007, (the "Stipulation"), of the above-captioned consolidated civil action (the "Action"), having been presented at the Settlement Fairness Hearing on October 2, 2007, pursuant to the Order for Notice and Hearing entered herein on July 6, 2007 ("Preliminary Approval Order"), which Stipulation was joined and consented to by Lead Plaintiffs Penn Capital Management, Robert L. Manard and Steve Russo (the "Lead Plaintiffs") and defendants Gregory Fischbach, Edmond Sanctis, James Scoroposki, Gerard Agoglia (the "Individual Defendants") and KPMG LLP (collectively, the "Defendants") (together Lead Plaintiffs and the Defendants are referred to as the "Parties") and which (along with the defined terms therein) is incorporated herein by reference.

The Court, having determined that notice of said hearing was given in accordance with the Preliminary Approval Order to members of the Class as certified by the Court in the Preliminary Approval Order, and that said notice was the best notice practicable and was adequate and sufficient; and the Parties having appeared by their attorneys of record;

\489432

and the attorneys for the respective Parties having been heard in support of the Stipulation and the settlement of the Action as between Lead Plaintiffs and the Defendants provided therein (the "Settlement"); and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      The Court, for purposes of this Order and Final Judgment, adopts all defined terms as set forth in the Stipulation.

2.      The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, the other members of the Class, and the Defendants.

3.      The Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Fairness Hearing (the "Notice") has been given to the Class (as defined hereinafter), pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice was filed with the Court by Co-Lead Counsel, and full opportunity to be heard has been offered to all Parties, the Class, and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of FED. R. CIV. P. 23, and it is further determined that all members of the Class are bound by the Judgment herein.

4.      Pursuant to FED. R. CIV. P. 23:

a.      The Court specifically finds that (i) the Class, as defined below, is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Class, (iii) the claims of the Lead Plaintiffs are typical of the claims of the Class, (iv) the

2

\489432

Lead Plaintiffs will fairly and adequately protect the interests of the Class;

b.     The Court finds that Lead Plaintiffs and Co-Lead Counsel have adequately represented the interests of the Class with respect to the Action and the claims asserted therein;

c.     The Court finds that the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that the class action is superior to other available methods for the fair and efficient adjudication of the controversy;

d.     This Action is hereby certified as a class action on behalf of all persons who purchased the common stock of Acclaim from October 14, 1999 through July 14, 2004, inclusive (the "Class"). Excluded from the Class are: Acclaim, the Individual Defendants, KPMG, the directors and officers of Acclaim and KPMG, at all relevant times, members of the Individual Defendants' immediate families, and the heirs, successors and assigns of the Defendants and Acclaim, and any entity in which Acclaim or any Defendant has or had a controlling interest. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

5.     The Settlement, and all transactions preparatory or incident thereto, are found to be fair, reasonable, adequate, and in the best interests of the Class, and it is hereby approved. The Parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions; and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

6.     This Judgment, the Stipulation and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiffs, any Defendant, Acclaim, any member of the Class, or any other person, of any liability or wrongdoing by

3

\489432

them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, any present or former stockholder of Acclaim, or any other person, has or has not suffered any damage.

7.     Upon the Effective Date of this Settlement, Lead Plaintiffs and members of the Class on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any persons they represent, shall, with respect to each and every Settled Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Settled Claims against any of the Released Parties.

8.     Upon the Effective Date of this Settlement, each of the Defendants and Acclaim, on behalf of themselves and the Released Parties, shall release and forever discharge each and every of the Defendants' Claims, and shall forever be enjoined from prosecuting the Defendants' Claims.

9.     "Released Parties" means Defendants and Acclaim, their past or present subsidiaries, divisions, joint ventures, affiliates, subdivisions, parents, successors, and predecessors, estates and assigns, executors and administrators, officers, directors, shareholders, agents, personal or legal representatives, trustees, partners, principals, employees, attorneys, insurers (including, but not limited to, National Union and Chubb), reinsurers, agents, advisors, investment advisors, auditors, accountants, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant or Acclaim has or had a controlling interest or which is related to or affiliated

4

with any of the Defendants or Acclaim, and the legal representatives, heirs, successors in interest or assigns of any of the Defendants or Acclaim.

10.   "Settled Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities, actions and causes of action, known or unknown, contingent or absolute, suspected or unsuspected, matured or unmatured, whether or not concealed or hidden, that have been or could have been asserted in the Action or in any court, tribunal or proceedings (including but not limited to any claims arising under federal or state law), by the Lead Plaintiffs or any Class Member against the Released Parties that arise out of, or relate in any manner to, the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions or any other matter, thing or cause whatsoever, alleged or set forth in the Complaint and that are related to the purchase of Acclaim common stock during the Class Period.  Settled Claims also include claims arising out of, relating to, or in connection with the settlement or resolution of the Action.

11.   "Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted in the Action or any forum by any Defendant or Acclaim, or the successors and assigns of any of them against any of the Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action.

12.   It is the intention of the Parties to extinguish all Settled Claims, and, consistent with such intention, the Class has waived its rights, to the extent permitted by

5

\489432

law, under Section 1542 of the California Civil Code, or any other similar state law, federal law, or principal of common law, which may have the effect of limiting the releases set forth in ¶¶7 and 8 above. The release ordered hereby extends to claims that the Lead Plaintiffs, the Class Members and the Released Parties do not know or suspect to exist as of the effective date of the Settlement as defined in the Stipulation which, if known, might have affected their decision regarding the releases contained in this Judgment. Lead Plaintiffs, the Class Members, and the Released Parties have acknowledged that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the releases, but have stated that it is their intention to fully, finally, and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

13. The Plan of Allocation is approved as fair and reasonable, and Co-Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with its terms and provisions.

14. The Court finds and concludes, pursuant to Section 27(c)(1) of the Securities Act of 1933 and Section 21D(c)(1) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. §§ 77z-1(c)(1), 78u-4(c)(1), that the Lead Plaintiffs, Co-Lead Counsel, Defendants, and Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

6

\489432

15.     The Court finds that all persons within the definition of the Class have been adequately provided with an opportunity to remove themselves from the Settlement by executing and returning a "request for exclusion" in conformance with the terms of the Stipulation. All persons who have requested exclusion from this Settlement in the manner described in the Notice are not bound by this Judgment. All persons who have opted out of this Action are identified on Exhibit 1 hereto.

16.     In the event that the Settlement fails to become effective in accordance with its terms, or if this Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Judgment (except this Paragraph) shall be null and void, the Settlement, except for ¶¶8, 29, 33, and 35 of the Stipulation, shall be deemed terminated, and the Parties shall return to their pre-settlement positions as provided for in the Settlement, except that (1) any modifications, reversal, or vacation of the award of attorneys' fees and expenses to Co-Lead Counsel on appeal or in any further motions in this Court shall in no way disturb or affect any other part of this Judgment, and (2) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Judgment.

17.     Only those Class Members filing valid and timely Proofs of Claim and Release shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim and Release to be executed by the Class Members shall further release all Settled Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim and Release.

7

\489432

18.     In accordance with Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A):  (i) every Person is hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for contribution against any Released Parties based upon, relating to, or arising out of the Settled Claims, and (ii) the Released Parties are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for contribution against any of the Persons based upon, relating to, or arising out of the Settled Claims.  For purposes of the paragraph only, Persons shall include any person who Lead Plaintiffs may hereafter sue based upon, relating to, or arising out of the Settled Claims and the Trustee ("Reform Act Bar Order").

19.     Any Person, including the Released Parties, are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim, however styled, whether for indemnification, contribution, or otherwise and whether arising under state, federal, or common law, against one another based upon, relating to, or arising out of the Settled Claims and where damages would be calculated based upon the Persons' liability to the Lead Plaintiff or the Class (the "Complete Bar Order").

20.     To the extent (but only to the extent) not covered by the Reform Act Bar Order and/or the Complete Bar Order, the Lead Plaintiffs, on behalf of themselves and the Class, further agree that they will reduce or credit any settlement or judgment (up to the amount of such settlement or judgment) they may obtain against a Person by an amount equal to the amount of any settlement or final, non-appealable judgment that a Person may obtain against any of the Released Parties based upon, relating to, or arising out of the Settled Claims.  In the event that a final judgment is entered in favor of Lead

8

Plaintiffs or the Class against a Person before the resolution of that Person's potential claims against any Released Parties, any funds collected on account of such judgment shall not be distributed, but shall be retained by the Escrow Agent pending the resolution of any potential claim by the Person against such Released Party(s) as provided in ¶25 of the Stipulation.

21.    Co-Lead Counsel are hereby awarded attorneys' fees of _30_ % of the Settlement Fund and reimbursement of expenses in the amount of $ _436,148.89_. The attorneys' fees and expenses shall be paid to Co-Lead Counsel from the Settlement Fund with interest on both amounts from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

22.    In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

        a.  the settlement has created a fund of $13,650,000 in cash, comprised of payments of i) $10 million on behalf of the Individual Defendants and ii) $3.65 million on behalf of defendant KPMG LLP, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Co-Lead Counsel;

        b.  Over 62,000 copies of the Notice were disseminated to putative Class members indicating that Co-Lead Counsel were moving for attorneys' fees not to exceed 30% of the Settlement Fund and for reimbursement of out-of-pocket expenses not to exceed $525,000 and no objections were filed against the ceiling on the fees and expenses requested by Co-Lead Counsel contained in the Notice, and only one objection was filed with respect to the Plan of Allocation;

9

\489432

c. This Action involved numerous difficult issues related to liability and damages;

d. Co-Lead Counsel achieved this Settlement with skill, perseverance, and diligent advocacy for the Class;

e. Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

f. Co-Lead Counsel have devoted over 6,366 hours, with a lodestar value of $2,727,177.10, to achieve the Settlement;

g. Co-Lead Counsel pursued this Action on a contingent basis;

h. Co-Lead Counsel have requested 30% of the Settlement Fund in attorneys' fees, which is consistent with awards in similarly complex cases in this jurisdiction; and

i. This Settlement was negotiated at arm's length, and no evidence of fraud or collusion has been presented.

23. Lead Plaintiffs Penn Capital Management, Robert L. Manard and Steve Russo are hereby awarded $ _15,000.00_ $ _12,250.00_ and $ _4,952.50_ respectively, from the Gross Settlement Fund for reimbursement of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class in prosecuting this Action.

24. The Garden City Group, Inc. ("GCG") is awarded $ _88,851.11_ for reimbursement of its fees and expenses incurred acting as the Settlement Administrator in this Action.

25. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Lead Plaintiffs, the Class, and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation,

\489432

and this Judgment; (2) hearing and determining any application by Co-Lead Counsel for an award of attorneys' fees, costs, and expenses; and (3) supervising the distribution of the Settlement Fund.

SIGNED this _2nd_ day of _October_ 2007.


/s/  JOANNA SEYBERT
**JUDGE JOANNA SEYBERT**
**UNITED STATES DISTRICT JUDGE**

11

\489432

**2**

Jeffrey J. Angelovich (admitted *Pro Hac Vice*)
Bradley E. Beckworth (admitted *Pro Hac Vice*)
Susan Whatley (admitted *Pro Hac Vice*)
NIX, PATTERSON & ROACH, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638
Telephone:  903-645-7333
Facsimile:  903-645-4415
JAngelovich@nixlawfirm.com
BBeckworth@nixlawfirm.com
SusanWhatley@nixlawfirm.com

Sean Rommel (admitted *Pro Hac Vice*)
PATTON ROBERTS, PLLC
Century Bank Plaza
2900 St. Michael Drive, Suite 400
Texarkana, TX 75505-6128
Telephone:  903-334-7000
Facsimile:  903-330-7007
srommel@pattonroberts.com

Co-Lead Counsel

Laurence D. King (State Bar No. 206423)
Linda M. Fong (State Bar No. 124232)
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street, Suite 1501
San Francisco, CA 94111
Telephone:  415-772-4700
Facsimile:  415-772-4707
LKing@KaplanFox.com
LFong@KaplanFox.com

Liaison Counsel

Sean M. Handler (admitted *Pro Hac Vice*)
John A. Kehoe
SCHIFFRIN BARROWAY TOPAZ &
KESSLER LLP
280 King of Prussia Rd.
Radnor, PA 19087
Telephone:  610-667-7706
Facsimile:  620-677-7056
shandler@sbtklaw.com
jkehoe@sbtklaw.com

Additional Counsel for Erie

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| In re: BROCADE SECURITIES LITIGATION | Consolidated Case No.:  3:05-CV-02042-CRB

FINAL ORDER AND JUDGMENT |

1

1        WHEREAS, a consolidated class action is pending in this Court captioned: *In re: Brocade*

2  *Securities Litigation*, Consolidated Case No. 3:05-CV-02042-CRB (the "Action");

3        WHEREAS, the Court previously certified the Class (as defined herein) in this Action by

4  Order dated October 12, 2007, over the opposition of defendants Brocade Communications Systems,

5  Inc. ("Brocade" or the "Company") and Gregory Reyes, Antonio Canova, Larry Sonsini, Seth

6  Neiman, and Neal Dempsey (collectively, "Individual Defendants");

7        WHEREAS, on November 18, 2008, the Court preliminarily certified the same Class for

8  purposes of effectuating the settlement among Lead Plaintiff and Class Representative, Arkansas

9  Public Employees Retirement System ("APERS"), and Class Representative, Erie County Public

10  Employees Retirement System ("ERIE") (together, "Class Representatives"), and KPMG LLP

11  ("KPMG" and, collectively with Brocade and the Individual Defendants, "Defendants");

12        WHEREAS, pursuant to Federal Rule of Civil Procedure 23(e), this matter came before the

13  Court for hearing pursuant to the Preliminary Approval of Settlement Agreement Order dated

14  November 18, 2008 (the "Notice Order"), on the application of the parties for approval of a

15  proposed settlement of the Action (the "Settlement") set forth in the following stipulations: (i) a

16  Modified Stipulation and Agreement of Settlement dated January 14, 2009 entered into among Class

17  Representatives, on behalf of themselves and the Class, Brocade and the Individual Defendants (the

18  "Brocade Stipulation"), and (ii) a Stipulation and Agreement of Settlement dated October 23, 2008

19  entered into among Class Representatives, on behalf of themselves and the Class, and KPMG (the

20  "KPMG Stipulation," and together with the Brocade Stipulation, the "Stipulations");

21        WHEREAS, due and adequate notice has been given to the Class as required in the Notice

22  Order; and

23        WHEREAS, the Court has considered all papers filed and proceedings had herein and

24  otherwise is fully informed in the premises and good cause appearing therefor;

25        IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

26

27                                        2

28                                   No. 3:05-CV-02042-CRB

1       1.     This Order and Final Judgment (the "Judgment") incorporates by reference the

2    definitions in the Stipulations and all terms used herein shall have the same meanings as set forth

3    in the Stipulations unless otherwise defined herein.

4       2.     This Court has jurisdiction over the subject matter of the Action, and over all parties

5    to the Action (the "Parties"), including all members of the Class.

6       3.     The Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and

7    Fairness Hearing (the "Notice") has been given to the Class, pursuant to and in the manner directed

8    by the Notice Order, proof of the mailing of the Notice and publication of the Publication Notice

9    was filed with the Court by Plaintiffs' Counsel, and full opportunity to be heard has been offered

10   to all Parties, the Class, and persons and entities in interest.  The form and manner of Notice and

11   Publication Notice are hereby determined to have: (a) constituted the best practicable notice, (b)

12   constituted notice that was reasonably calculated, under the circumstances, to apprise Class

13   Members of the pendency of the Action, of the effect of the Stipulations, including the effect of the

14   releases provided for therein, of their right to object to the proposed Settlement, of their right to

15   exclude themselves from the Class, and of their right to appear at the Fairness Hearing, (c)

16   constituted reasonable, due, adequate and sufficient notice to all persons or entities entitled to

17   receive notice, and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the

18   United States Constitution (including the Due Process Clause), 15 U.S.C. § 78u-4(a)(7), the Rules

19   of the Court and all other applicable laws.  It is further determined that all members of the Class are

20   bound by the Judgment herein.

21      4.    In connection with the certification of the Class, the Court has already determined

22   that each element Federal Rule of Civil Procedure 23(a) and 23(b)(3) was satisfied as to Class

23   Representatives' claims against Brocade and the Individual Defendants and incorporates that prior

24   order as if set forth fully herein.  Additionally, for purposes of effectuating the Settlement, each of

25   the provisions of Fed. R. Civ. P. 23 has been satisfied and the Action has been properly maintained

26   according to the provisions of Rules 23(a) and 23(b)(3) as to Class Representatives' claims against

27                    3

28                          No. 3:05-CV-02042-CRB

1    KPMG.  Specifically, this Court finds that: (a) the Class is so numerous that joinder of all members

2    is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the

3    Class Representatives are typical of the claims of the Class; (d) Class Representatives and their

4    counsel have fairly and adequately protected the interests of the Class; (e) the questions of law and

5    fact common to members of the Class predominate over any questions affecting only individual

6    members of the Class; and (f) a class action is superior to other available methods for the fair and

7    efficient adjudication of the controversy considering: (i) the interests of the Class Members in

8    individually controlling the prosecution of the separate actions, (ii) the extent and nature of any

9    litigation concerning the controversy already commenced by members of the Class, (iii) the

10   desirability or undesirability of continuing the litigation of the claims asserted in this Action, and

11   (iv) the difficulties likely to be encountered in the management of this Action as a class action.

12        5.    Accordingly, the Action is hereby certified as a class action pursuant to Fed. R. Civ.

13   P. 23(a) and 23(b)(3) for purposes of effectuating the Settlement with KPMG on behalf of the same

14   Class previously certified in this Action, which consists of: all persons and entities who purchased

15   or otherwise acquired Brocade common stock between May 18, 2000 and May 15, 2005, inclusive,

16   and who were damaged thereby (the "Class").  Excluded from the Class are: (a) Defendants; (b) all

17   officers, directors, and partners of any Defendant and of any Defendant's partnerships, subsidiaries,

18   or affiliates at all relevant times; (c) members of the immediate family of any of the foregoing

19   excluded parties; (d) the legal representatives, heirs, successors, and assigns of any of the foregoing

20   excluded parties; and (e) any entity in which any of the foregoing excluded parties has or had a

21   controlling interest at all relevant times.  Also excluded from the Class are any putative members

22   of the Class who excluded themselves by timely requesting exclusion in accordance with the

23   requirements set forth in the Notice, as listed on Exhibit 1 annexed hereto.

24        6.    The Settlement, and all transactions preparatory or incident thereto, is found to be

25   fair, reasonable, adequate, and in the best interests of the Class, and is hereby approved.  The

26   Parties are hereby authorized and directed to comply with and to consummate the Settlement in

27                          4

28

1    accordance with the Stipulations, and the Clerk of this Court is directed to enter and docket this

2    Judgment in the Action.

3         7.    The Action and all claims included therein, as well as all of the Settled Claims

4    (defined in the Stipulations and in Paragraph 8(c) below) are dismissed with prejudice as to Class

5    Representatives and all other members of the Class, and as against each and all of the Released

6    Parties (defined in the Stipulations and in Paragraph 8(a) below).  The Parties are to bear their own

7    costs, except as otherwise provided in the Stipulations.

8         8.    As used in this Judgment, the terms "Released Parties," "Related Parties," "Settled

9    Claims," "Settled Defendants' Claims," and "Unknown Claims" shall have the meanings set forth

10   below:

11        (a)    "Released Parties" means Defendants and, as applicable, each of their Related Parties

12   as defined below.

13        (b)    "Related Parties" means each of Defendants' past or present directors, officers,

14   employees, partners, principals, members, insurers, co-insurers, re-insurers, controlling shareholders,

15   attorneys, advisors, accountants, auditors, personal or legal representatives, predecessors, successors,

16   parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities,

17   any entity in which a Defendant has a controlling interest, any member of any Individual

18   Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which

19   is for the benefit of any member of an Individual Defendant's immediate family.

20        (c)    "Settled Claims" means and includes any and all claims, debts, demands,

21   controversies, obligations, losses, rights or causes of action or liabilities of any kind or nature

22   whatsoever (including, but not limited to, any claims for damages (whether compensatory, special,

23   incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief,

24   rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs,

25   expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state,

26   local, statutory or common law or any other law, rule or regulation, whether fixed or contingent,

27                                      5

28                                                  No. 3:05-CV-02042-CRB

1    accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured,

2    whether class or individual in nature, including both known claims and Unknown Claims (defined

3    herein) that: (i) have been asserted in this Action by Class Representatives on behalf of the Class

4    and its Class Members against any of the Released Parties, or (ii) have been or could have been

5    asserted in any forum by Class Representatives, Class Members or any of them against any of the

6    Released Parties, which arise out of, relate to or are based upon the allegations, transactions, facts,

7    matters, occurrences, representations or omissions involved, set forth, or referred to in the Complaint

8    and/or the Amended Complaint.  Settled Claims shall also include any claims, debts, demands,

9    controversies, obligations, losses, rights or causes of action that Class Representatives, Class

10   Members or any of them may have against the Released Parties or any of them which involve or

11   relate in any way to the defense of the Action or the Settlement of the Action.  Notwithstanding the

12   foregoing, Settled Claims shall not include: (i) any claims to enforce the Settlement, including,

13   without limitation, any of the terms of the Stipulations, the Notice Order, this Judgment or any other

14   orders issued by the Court in connection with the Settlement; (ii) any claims asserted by Persons

15   who exclude themselves from the Class by timely requesting exclusion in accordance with the

16   requirements set forth in the Notice; (iii) any claims, rights or causes of action that have been or

17   could have been asserted in the Derivative Actions and/or the Company Action (as defined in the

18   Brocade Stipulation); or (iv) any and all claims that have been asserted under the Securities Act of

19   1933 and the Securities Exchange Act of 1934, or any other laws, for the allegedly wrongful conduct

20   complained of in *In re Brocade Communications Systems, Inc. Initial Public Offering Securities*

21   *Litigation,* 01 CV 6613 (SAS)(BSJ), as coordinated for pretrial purposes in *In re Initial Public*

22   *Offering Securities Litigation,* Master File No. 21 MC 92 (SAS), pending in the United States

23   District Court for the Southern District of New York.

24        (d)    "Settled Defendants' Claims" means and includes any and all claims, debts, demands,

25   controversies, obligations, losses, costs, rights or causes of action or liabilities of any kind or nature

26   whatsoever (including, but not limited to, any claims for damages (whether compensatory, special,

27                                    6

28                                              No. 3:05-CV-02042-CRB

1    incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief,

2    rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs,

3    expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state,

4    local, statutory or common law or any other law, rule or regulation, whether fixed or contingent,

5    accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured,

6    including both known claims and Unknown Claims, that have been or could have been asserted in

7    the Action or any forum by the Released Parties against any of the Class Representatives, Plaintiffs'

8    Counsel, Class Members or their attorneys, which arise out of or relate in any way to the institution,

9    prosecution, or settlement of the Action. Notwithstanding the foregoing, Settled Defendants' Claims

10   shall not include any claims to enforce the Settlement, including, without limitation, any of the terms

11   of the Stipulations, the Notice Order, this Judgment or any other orders issued by the Court in

12   connection with the Settlement .

13        (e)    "Unknown Claims" means any and all claims that any Class Representative or Class

14   Member does not know or suspect to exist and any and all claims that any Defendant does not know

15   or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if

16   known by him, her or it, might have affected his, her or its settlement with and release of, as

17   applicable, the Released Parties, Class Representatives, and Class Members, or might have affected

18   his, her or its decision to object or not to object to this Settlement. The Class Representatives, Class

19   Members, Defendants and each of them have acknowledged and agreed that he, she or it may

20   hereafter discover facts in addition to or different from those which he, she or it now knows or

21   believes to be true with respect to the subject matter of the Settled Claims and/or the Settled

22   Defendants' Claims.   Nevertheless, with respect to any and all Settled Claims and Settled

23   Defendants' Claims, the Parties to the Stipulations have stipulated and agreed that, upon the

24   Effective Date, they shall expressly waive and each of the Class Members shall be deemed to have,

25   and by operation of the Judgment shall have, waived all provisions, rights and benefits of California

26   Civil Code § 1542 and all provisions rights and benefits conferred by any law of any state or

27                                      7

28                                               No. 3:05-CV-02042-CRB

1    territory of the United States, or principle of common law, which is similar, comparable or

2    equivalent to California Civil Code § 1542.  California Civil Code § 1542 provides:

3        **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE**
         **CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER**
4        **FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF**
         **KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS**
5        **OR HER SETTLEMENT WITH THE DEBTOR.**

6    The Parties to the Stipulations have expressly acknowledged and agreed, and the Class Members

7    shall be deemed to have, and by operation of the Judgment shall have acknowledged and agreed, that

8    the waiver and release of Unknown Claims constituting Settled Claims and/or Settled Defendants'

9    Claims was separately bargained for and a material element of the Settlement.

10       9.    (a)    In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for

11   contribution arising out of any Settled Claim (i) by any person against Brocade or the Individual

12   Defendants, and (ii) by Brocade or the Individual Defendants against any person, other than claims

13   for contribution that Brocade and/or the Special Litigation Committee (as defined in the Brocade

14   Stipulation) have asserted or may assert against the Individual Defendants, the Related Parties or

15   any of them, are hereby permanently barred and discharged.  In accordance with 15 U.S.C. § 78u-

16   4(f)(7)(A), any and all claims for contribution arising out of any Settled Claim (i) by any person

17   against KPMG, and (ii) by KPMG against any person, other than a person whose liability has been

18   extinguished by the KPMG Settlement, are hereby permanently barred and discharged.  This

19   paragraph 9(a) shall be referred to herein as the "Bar Order."

20       (b)    Notwithstanding the Bar Order or any other provision or paragraph in this

21   Judgment or 15 U.S.C. § 78u-4(f)(7)(A) to the contrary, the Individual Defendants have

22   acknowledged and agreed, and the Court finds, that the Individual Defendants are "person[s]

23   whose liability has been extinguished" by the Brocade Stipulation within the meaning of 15 U.S.C.

24   § 78u-4(f)(7)(A)(ii).  Further, the Court finds that the Individual Defendants have knowingly and

25   expressly waived the right to assert the Bar Order or 15 U.S.C. § 78u-4(f)(7)(A) as a defense to

26   any claims for contribution that Brocade and/or the Special Litigation Committee have asserted

27                       8

28                       No. 3:05-CV-02042-CRB

1  or may assert against them in connection with the defense and Settlement of the Action or any

2  related litigation arising from the transactions and occurrences that form the basis of the Action;

3  provided, however, that the Individual Defendants and their Related Parties, and each of them,

4  shall retain the right to defend against any such claims for contribution on other grounds,

5  including, without limitation: (i) that he or she is not at fault for the conduct giving rise to the

6  Settlement; (ii) that his or her proportional fault is less than asserted by Brocade and/or the Special

7  Litigation Committee; (iii) that Brocade is legally and/or contractually obligated to indemnify him

8  or her for some or all of the Settlement Amount and/or that he or she is not required to reimburse

9  or repay Brocade for that indemnified amount; and (iv) that the Settlement Amount is greater than

10  warranted under all of the circumstances. Further, Brocade and the Special Litigation Committee

11  have agreed that they will not argue or otherwise assert in any forum or proceeding that (i) by

12  entering into the Brocade Stipulation the Individual Defendants acquiesced in the Settlement

13  Amount or waived in any way their arguments challenging the Settlement Amount as excessive,

14  and (ii) the Bar Order in any way affects or impairs the existing rights of the Individual Defendants

15  to obtain indemnification and advancement of fees incurred in connection with Settled Claims or

16  any other claim asserted against them.  The Individual Defendants have agreed that they will not

17  argue or otherwise assert in any forum or proceeding that, by entering into the Brocade

18  Stipulation, Brocade or the Special Litigation Committee in any way compromised or otherwise

19  affected its/their right to seek to limit or extinguish any purported obligation to indemnify or

20  advance fees to the Individual Defendants and their Related Parties or to seek to recover any of

21  the fees or expenses that Brocade has advanced or may advance on behalf of or for the benefit of

22  the Individual Defendants and/or their Related Parties.

23      10.    Upon the Effective Date, Class Representatives and all Class Members on behalf

24  of themselves, their personal representatives, heirs, executors, administrators, trustees, successors

25  and assigns: (a) shall have fully, finally and forever released, relinquished and discharged each and

26  every one of the Settled Claims against the Released Parties, whether or not any such Class Member

27                          9

28                                  No. 3:05-CV-02042-CRB

1    or Class Representative executes or delivers a Proof of Claim and Release form ("Proof of Claim");

2    and (b) shall be deemed to have covenanted not to sue on, and shall forever be barred from suing

3    on, instituting, prosecuting, continuing, maintaining or asserting in any forum, either directly or

4    indirectly, on their own behalf or on behalf of any class or other person, any Settled Claim against

5    any of the Released Parties.

6         11.    Upon the Effective Date, each of the Defendants, on behalf of themselves and their

7    Related Parties: (a) shall have fully, finally and forever released, relinquished and discharged each

8    and every one of the Settled Defendants' Claims; and (b) shall be deemed to have covenanted not

9    to sue on, and shall forever be barred from suing on, instituting, prosecuting, continuing, maintaining

10   or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class

11   or other person, any Settled Defendants' Claim against Class Representatives, Class Members and

12   their respective counsel, or any of them.

13        12.    Notwithstanding ¶¶ 9-11 herein, nothing in this Judgment shall bar any action or

14   claim by any of the Parties or the Released Parties to enforce or effectuate the terms of the

15   Stipulations or this Judgment.

16        13.    This Judgment and the Stipulations, including any provisions contained in the

17   Stipulations, any negotiations, statements, or proceedings in connection therewith, or any action

18   undertaken pursuant thereto:

19        (a)    shall not be offered or received against any Released Party as evidence of or

20   construed as or deemed to be evidence of any presumption, concession, or admission by the

21   Released Parties with respect to the truth of any fact alleged by any of the plaintiffs or the validity

22   of any claim that has been or could have been asserted in the Action or in any litigation, or the

23   deficiency of any defense that has been or could have been asserted in the Action or in any litigation,

24   or of any liability, negligence, fault, or wrongdoing of any Released Party;

25        (b)    shall not be offered or received against any Released Party as evidence of a

26   presumption, concession or admission of any fault, misrepresentation or omission with respect to

27                                                10

28                                                           No. 3:05-CV-02042-CRB

1    any statement or written document approved or made by any Released Party;

2    (c)    shall not be offered or received against any Released Party as evidence of a

3    presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing

4    in any civil, criminal or administrative action or proceeding, other than such proceedings as may be

5    necessary to effectuate the provisions of the Stipulations; provided, however, that the Released

6    Parties may offer or refer to the Stipulations to effectuate the terms of the Stipulations, including the

7    releases and other liability protection granted them hereunder, and may file the Stipulations and/or

8    this Judgment in any action that may be brought against them (other than one that has been or may

9    be brought by Brocade and/or the Special Litigation Committee) in order to support a defense or

10    counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release,

11    good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue

12    preclusion or similar defense or counterclaim;

13    (d)    shall not be construed against any Released Party as an admission or concession that

14    the consideration to be given hereunder represents the amount that could be or would have been

15    recovered after trial; and

16    (e)    shall not be construed as or received in evidence as an admission, concession or

17    presumption against the Class Representatives or any of the Class Members that any of their claims

18    are without merit, or that any defenses asserted by Defendants have any merit, or that damages

19    recoverable under the Action would not have exceeded the Settlement Amount.

20    14.    The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel

21    and the Claims Administrator are directed to administer the Settlement in accordance with the terms

22    and provisions of the Stipulations.

23    15.    The Court finds that all Parties and their counsel have complied with each

24    requirement of the PSLRA and Rules 11 and 37 of the Federal Rules of Civil Procedure as to all

25    proceedings herein and that Class Representatives and Plaintiffs' Counsel at all times acted in the

26    best interests of the Class and had a good faith basis to bring, maintain and prosecute this Action as

27                11

28                        No. 3:05-CV-02042-CRB

1    to each Defendant in accordance with the PSLRA and Federal Rule of Civil Procedure 11.

2        16.    Only those Class Members who submit valid and timely Proofs of Claim shall be
3    entitled to receive a distribution from the Net Settlement Fund. The Proof of Claim to be executed
4    by the Class Members shall further release all Settled Claims against the Released Parties. All Class
5    Members shall be bound by all of the terms of the Stipulations and this Judgment, including the
6    releases set forth herein, whether or not they submit a valid and timely Proof of Claim, and shall be
7    barred from bringing any action against any of the Released Parties concerning the Settled Claims.

8        17.    No Class Member shall have any claim against Plaintiffs' Counsel, the Claims
9    Administrator, or other agent designated by Plaintiffs' Counsel based on the distributions made
10   substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and
11   further orders of the Court.

12       18.    No Class Member shall have any claim against the Defendants, Defendants' counsel,
13   or any of the Released Parties with respect to: (a) any act, omission or determination of Plaintiffs'
14   Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or
15   agents, in connection with the administration of the Settlement or otherwise; (b) the management,
16   investment or distribution of the Gross Settlement Fund and/or the Net Settlement Fund; (c) the Plan
17   of Allocation; (d) the determination, administration, calculation or payment of claims asserted
18   against the Gross Settlement Fund and/or the Net Settlement Fund; (e) the administration of the
19   Escrow Account; (f) any losses suffered by, or fluctuations in the value of, the Gross Settlement
20   Fund and/or the Net Settlement Fund; or (g) the payment or withholding of any Taxes, expenses
21   and/or costs incurred in connection with the taxation of the Gross Settlement Fund and/or the Net
22   Settlement Fund or the filing of any tax returns.

23       19.    Any order approving or modifying the Plan of Allocation set forth in the Notice, or
24   the application by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses
25   or any request of Class Representatives for reimbursement of reasonable costs and expenses shall
26   not disturb or affect the Finality of this Judgment, the Stipulations or the Settlement contained

27                                              12

28                                                              No. 3:05-CV-02042-CRB

1    therein.

2         20.    Plaintiffs' Counsel are hereby awarded a total of $986,039 in reimbursement of

3    expenses, plus accrued interest.  After deducting such expenses from the Gross Settlement Fund,

4    Plaintiffs' Counsel also are hereby awarded attorneys' fees in the amount of 25% of the Gross

5    Settlement Fund (net of any reimbursed expenses), plus accrued interest, which sum the Court finds

6    to be fair and reasonable.  The foregoing awards of fees and expenses shall be paid to Plaintiffs'

7    Counsel from the Gross Settlement Fund, and such payment shall be made at the time and in the

8    manner provided in the Stipulations, with interest from the date the Gross Settlement Fund was

9    funded to the date of payment at the same net rate that interest is earned by the Gross Settlement

10   Fund. The appointment and distribution among Plaintiffs' Counsel of any award of attorneys' fees

11   shall be within Plaintiffs' Counsel's sole discretion.

12        21.    In making this award of attorneys' fees and reimbursement of expenses to be paid

13   from the Gross Settlement Fund, the Court has considered and found that:

14             (a)    the Settlement has created a fund of $160,098,500 million in cash that is

15   already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable

16   Proofs of Claim will benefit from the Settlement;

17             (b)    Over 500,000 copies of the Notice were disseminated to putative Class

18   Members stating that Plaintiffs' Counsel were moving for attorneys' fees not to exceed 25% of the

19   Gross Settlement Fund and reimbursement of expenses from the Gross Settlement Fund in a total

20   amount not to exceed $1.2 million, and no objections were filed by any Class Member against the

21   terms of the proposed Settlement or the ceiling on the fees and expenses contained in the Notice;

22             (c)    Plaintiffs' Counsel have conducted the litigation and achieved the Settlement

23   in good faith and with skill, perseverance and diligent advocacy;

24             (d)    The Action involves complex factual and legal issues and was actively

25   prosecuted for over three years and, in the absence of a settlement, would involve further lengthy

26   proceedings with uncertain resolution of the complex factual and legal issues;

27                                          13

28                                                      No. 3:05-CV-02042-CRB

1          (e)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a

2    significant risk that the Class Representatives and the Class may have recovered less or nothing from

3    the Defendants;

4          (f)     Plaintiffs' Counsel have advanced in excess of the requested $986,039 in

5    costs and expenses to fund the litigation of this Action; and

6          (g)     The amount of attorneys' fees awarded and expenses reimbursed from the

7    Gross Settlement Fund are fair and reasonable under all of the circumstances and consistent with

8    awards in similar cases.

9          22.    No Class Member filed an objection to the terms of the settlement or the fee

10   application.  Two objections were filed by former defendants who are not Class Members.  Those

11   objections have been withdrawn and are no longer before the Court.  All other objections, if any, are

12   hereby denied.

13         23.    Without affecting the Finality of this Judgment in any way, the Court reserves

14   exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class, and the

15   Released Parties for purposes of: (a) supervising the implementation, enforcement, construction, and

16   interpretation of the Stipulations, the Plan of Allocation, and this Judgment; (b) hearing and

17   determining any application by Plaintiffs' Counsel for an award of attorneys' fees, costs, and

18   expenses and/or reimbursement to the Class Representatives, if such determinations were not made

19   at the Fairness Hearing; and (c) supervising the distribution of the Gross Settlement Fund and/or the

20   Net Settlement Fund.

21         24.    In the event that the Settlement is terminated or does not become Final in

22   accordance with the terms of the Stipulations for any reason whatsoever, or in the event that the

23   Gross Settlement Fund, or any portion thereof, is returned to Brocade or KPMG, then this Judgment

24   shall be rendered null and void and shall be vacated to the extent provided by and in accordance with

25   the Stipulations and, in such event, all orders entered and releases delivered in connection herewith

26   shall be null and void to the extent provided by and in accordance with the Stipulations.

27                                    14

28                                    No. 3:05-CV-02042-CRB

1    25.    In the event that, prior to the Effective Date, Class Representatives or Brocade

2    institutes any legal action against the other to enforce any provision of the Brocade Stipulation or

3    this Judgment or to declare rights or obligations thereunder, the successful Party or Parties shall be

4    entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs

5    incurred in connection with any such action.  Neither KPMG nor the Individual Defendants shall

6    have any obligation under this paragraph.

7    26.    There is no reason for delay in the entry of this Judgment and immediate entry by

8    the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil

9    Procedure.

10    SIGNED January 26, 2009.

11    **THE HONORABLE CHARLES R. BREYER**
      **UNITED STATES DISTRICT JUDGE**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    15

28    No. 3:05-CV-02042-CRB

**3**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

—————————————————————x
  :
IN RE CVS CORPORATION SECURITIES   :   C.A. No. 01-11464 (JLT)
LITIGATION   :
  :
  :
—————————————————————x

### ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to an Order dated

June 8, 2005 (the "Preliminary Approval Order"), on the application of the parties for

approval of the settlement provided for in the Stipulation and Agreement of Compromise,

Settlement and Release of Securities Action dated June 6, 2005 (the "Securities

Stipulation"); and

Due and adequate notice having been given to members of the Class (as

defined below), as required in the Preliminary Approval Order, and following such

notice, a hearing having been held before this Court on September 7, 2005 (the

"Settlement Hearing") to determine the matters contemplated herein; and

The Court having considered all papers and filings had herein and

otherwise being fully informed of the premises and good cause appearing therefore; and

All capitalized terms herein having the same meanings defined in the

Securities Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND

DECREED THAT:

1.  The Court has jurisdiction over the subject matter of the Securities

Action, Lead Plaintiff, all members of the Class and the Defendants.

2.      For the reasons set forth in the Court's Order dated October 16, 2003, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of members of the Class are so numerous that joinder of all members in the Class is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative are typical of the claims of the Class it seeks to represent; (d) the Class Representative has and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies this action as a class action on behalf of a plaintiff class (the "Class") consisting of all persons or entities who purchased the common stock of CVS Corporation ("CVS") between February 6, 2001 and October 30, 2001, inclusive, and who were allegedly damaged thereby.  Excluded from the Class are the Defendants, all of the officers, directors and partners thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the foregoing have or had a controlling interest.  Also excluded from the Class are the persons and/or entities who previously excluded themselves from the Class by filing a request for exclusion in response to the Notice of Pendency, as listed on Exhibit 1 annexed hereto.

4. The Notice of the Proposed Settlement of Class Action, Motion For Attorneys' Fees, and Settlement Fairness Hearing, which was previously approved by the Court, was given to all members of the Class who could be identified with reasonable effort. The Court finds that the form of notice specified in the Court's Preliminary Approval Order has been given. The form and method of notice as so provided constituted the best notice practicable under the circumstances, satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended, and due process, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the settlement set forth in the Securities Stipulation (the "Settlement") and finds that the Settlement is, in all respects, fair, reasonable and adequate to members of the Class. The parties are authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Securities Stipulation.

6. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Securities Action with prejudice and without costs (except as otherwise provided in the Securities Stipulation) as to any and all Settled Claims, including Unknown Claims, that were or could have been asserted in the Securities Action by or on behalf of Lead Plaintiff and the Class Members.

7. All Class Members and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting

3

any and all claims, whether known or unknown (including Unknown Claims), and whether arising under federal, state, or any other law, against the Released Parties, which have been, or could have been, asserted in the Securities Action or in any court or forum, relating to or arising from the acts, facts, transactions and circumstances that were alleged in the Complaint and which relate to or arise from the purchase or sale of CVS common stock during the Class Period (the "Settled Claims"). The "Released Parties" are any of the Defendants, and any of the families, heirs, executors, trustees, personal representatives, estates or administrators, attorneys, counselors, insurers, financial or investment advisors of any such Defendant who is a natural person, and the affiliates, partners, subsidiaries, predecessors, successors or assigns, past or present officers, directors, associates, controlling persons, representatives, employees, attorneys, counselors, insurers, financial or investment advisors, dealer managers, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents of CVS, all in their capacities as such. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

"Settled Claims" do not include any claims against the Released Parties arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") that are the subject of another class action pending in the United States District Court, District of Massachusetts, <u>Fescina v. CVS Corp., et al.</u>, Civil Action No. 04-12309-JLT, other than claims that the price of CVS common stock purchased on the open market during the Class Period was artificially inflated as alleged in the Complaint.

4

Case 2:07-cv-03359-JS-GXB   Document 121-6   Filed 11/20/12   Page 38 of 112 PageID #:
3708
Case 1:01-cv-11464-JLT   Document 135   Filed 09/07/2005   Page 5 of 34

8.      Upon the Effective Date, Lead Plaintiff and all Class Members shall be deemed to have covenanted not to sue any of the Released Parties in any individual, class or other representative capacity with respect any Settled Claim.

9.      The Defendants, the successors and assigns of any of them, and, to the extent of their authority to act on behalf of the Released Parties, the Released Parties, are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, whether known or unknown (including Unknown Claims), and whether arising under federal, state, or any other law, which have been, or could have been, asserted in the Securities Action or in any court or forum, by the Defendants or any of them or the successors and assigns of any of them against any of the Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Securities Action (except for claims to enforce the Securities Stipulation or the Settlement) (the "Settled Defendants' Claims").  The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10.      This Order and Final Judgment, the Securities Stipulation and its exhibits, the terms and provisions thereof, and any of the negotiations or proceedings connected with them, and any of the documents or statements referred to therein shall not be:

(a)      offered or received against any of the Defendants or other Released Parties as evidence of or a presumption, concession, or admission by any Defendant or other Released Party of the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Securities Action or in any

5

litigation, or the deficiency of any defense that has been or could have been asserted in the Securities Action or in any litigation, or of any liability, negligence, fault, or wrongdoing on the part of any of the Defendants or other Released Parties;

(b) offered or received against any of the Defendants or other Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant or Released Party;

(c) offered or received against any of the Defendants or other Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants or Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Securities Stipulation; provided, however, that the Defendants and the Released Parties may refer to it it to effectuate the liability protection granted them hereunder;

(d) construed against the Defendants or other Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial in the Securities Action; or

(e) construed as or received in evidence as an admission, concession or presumption against plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

11.    The Plan of Allocation is approved as fair and reasonable, and Lead Plaintiff's Co-Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with its terms and provisions.

12.    The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.    Plaintiffs' Counsel are hereby awarded ___25___% of the Settlement Fund in attorneys' fees, which sum the Court finds to be fair and reasonable, and $___2,472,092.30___ in reimbursement of expenses, which amounts shall be paid to Lead Plaintiff's Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in the Securities Action in a fashion which, in the opinion of Lead Plaintiff's Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Securities Action. Attorneys' fees and expenses awarded by the court in the Derivative Action to derivative plaintiff's counsel in the amount up to $750,000 shall be payable from the award to Lead Plaintiff's Co-Lead Counsel in the Securities Action.

14.    In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)    the Settlement has created a fund of $110 million in cash (which is already on deposit), plus interest thereon, and that numerous Class Members who submit

7

acceptable Proofs of Claim will benefit from the Settlement created by Lead Plaintiff's Co-Lead Counsel;

(b)     Over 320,000 copies of the Settlement Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees from the Settlement Fund in an amount of up to twenty-five percent (25%) of the Settlement Fund and for reimbursement of their expenses in the approximate amount of $2,700,000 and two (2) objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c)     Lead Plaintiff's Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     The Securities Action involves complex factual and legal issues and was actively prosecuted over almost four years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Lead Plaintiff's Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the Class may have recovered less or nothing from the Defendants; and

(f)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

8

15.     Without affecting the finality of this Judgment in any way, the Court hereby retains jurisdiction over (a) implementation of the Settlement and any award or distribution from the Settlement Fund; (b) disposition of the Settlement Fund; (c) any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class; and (d) over the parties and Class Members for all matters relating to this Securities Action, including the administration, interpretation, effectuation or enforcement of the Securities Stipulation and this Order and Final Judgment.

16.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Securities Stipulation.

17.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

SO ORDERED this 7ᵗ day of ___September___, 2005.

_____
                    U.S.D.J.

**4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COPY OF ECF DOC...

---------------------------------------------x

In re DORAL FINANCIAL CORP.          :    Master Docket No. 1:05-md-01706-RO
SECURITIES LITIGATION                :    (Civil Action No. 1:05-cv-04014-RO)
                                     :
---------------------------------------------:    **ELECTRONICALLY FILED**
                                     :
This Document Relates To:            :
                                     :    [PROPOSED] ORDER AWARDING
     ALL ACTIONS.                    :    ATTORNEYS' FEES AND EXPENSES
                                     :
---------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/07

Case 2:07-cv-03359-JS-GXB   Document 121-6   Filed 11/20/12   Page 45 of 112 PageID #:
3715
Case 1:05-md-01706-RO      Document 507      Filed 07/17/2007      Page 2 of 6

THIS MATTER having come before the Court on July 16, 2007, on the Motion of Lead Counsel for an award of attorneys' fees and expenses incurred in the Class Action; the Court, having considered all papers filed and proceedings conducted herein, having found the partial settlement of this Class Action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Partial Settlement dated April 27, 2007 (the "Stipulation").

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3.      Counsel for the Lead Plaintiff are entitled to a fee paid out of the common fund created for the benefit of the Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). In class action suits where a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is the proper approach. *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). The Second Circuit recognizes the propriety of the percentage-of-the fund method when awarding fees. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).

4.      Lead Counsel have moved for an award of attorneys' fees of 15.25% of the Settlement Fund. Following its appointment by the Court pursuant to 15 U.S.C. §78u-4(a) of the Private Securities Litigation Reform Act of 1995, the Court-appointed Lead Plaintiff negotiated a very aggressive fee arrangement with Lead Counsel which yielded a fee entitlement of 15.25%.

5.      This Court adopts the percentage-of-recovery method of awarding fees in this case, and concludes that the percentage of the benefit is the proper method for awarding attorneys' fees in this case.

6.      The Court hereby awards attorneys' fees of 15.25% of the Settlement Fund, plus interest at the same rate as earned on the Settlement Fund, which represents the percentage fee award negotiated between the Court-appointed Lead Plaintiff and Lead Counsel at this level of recovery. The presumption that a 15.25% fee award is reasonable here, based on the circumstances of this case, has not been rebutted. The Court finds the fee award to be fair and reasonable. The fee structure agreed to by the Lead Plaintiff, which provided for a 0% fee up to $25 million and a higher percentage fee for increasing levels of recovery, is entitled to deference because it was designed to incentivize counsel to achieve the maximum result possible for the Class. It accomplished its goal here. The Court further finds that a fee award of 15.25% of the Settlement Fund is consistent with, if not less than, awards made in similar cases. *See Taft v. Ackermans*, 02 Civ. 7951 (PKL), 2007 U.S. Dist. LEXIS 9144, at *31-32 (S.D.N.Y. Jan. 31, 2007). Indeed, courts throughout this Circuit regularly award fees of 25% to 30% or more of the total recovery under the percentage-of-the-recovery method.

7.      Said fees shall be allocated among plaintiffs' counsel by Lead Counsel in manner which, in their good faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Class Action.

8.      The Court hereby awards expenses in an aggregate amount of $242,555.66.

9.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered each of the applicable factors set fort in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). In evaluating the *Goldberger* factors, the Court finds that:

(a)   Counsel for Lead Plaintiff expended considerable effort and resources over the course of the Class Action researching, investigating and prosecuting Lead Plaintiff's claims. Lead Plaintiff's counsel have represented that they have reviewed the tens of thousands of pages of documents, interviewed witnesses, opposed legally and factually complex motions to dismiss, and consulted with experts in accounting, banking regulations, loss causation, damages and corporate governance. The parties also engaged in settlement negotiations that lasted over five months. The services provided by Lead Counsel were efficient and highly successful, resulting in an outstanding recovery for the Class without the substantial expense, risk and delay of continued litigation. Such efficiency and effectiveness supports the requested fee percentage.

(b)   Cases brought under the federal securities laws are notably difficult and notoriously uncertain. *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL No. 1500, 2006 U.S. Dist. LEXIS 17588, at *31 (S.D.N.Y. Apr. 6, 2006). "[S]ecurities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA." *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000). This case was made more difficult by the lack of criminal convictions and no insider trading. In addition, Doral's weakened financial condition and upcoming $625 million bond payment made it likely that Doral would soon face insolvency. Despite the novelty and difficulty of the issues raised, Lead Plaintiff's counsel secured an excellent result for the Class.

(c)   The recovery obtained and the backgrounds of the lawyers involved in the lawsuit are the best evidence that the quality of Lead Counsel's representation of the Class supports the requested fee. Lead Plaintiff's counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiff's counsel's diligent efforts on behalf of the Class, as well as their skill and reputations, Lead Plaintiff's

counsel were able to negotiate a very favorable result for the Class. Lead Plaintiff's counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists. Their efforts in efficiently bringing the Class Action to a successful conclusion against the Settling Defendants are the best indicator of the experience and ability of the attorneys involved. In addition, Settling Defendants were represented by highly experienced lawyers from prominent firms. The standing of opposing counsel should be weighed in determining the fee, because such standing reflects the challenge faced by plaintiffs' attorneys. The ability of Lead Plaintiff's counsel to obtain such a favorable partial settlement for the Class in the face of such formidable opposition confirms the superior quality of their representation and the reasonableness of the fee request.

(d)     The requested fee of 15.25% of the settlement is below the range normally awarded in cases of this nature.

(e)     Public policy supports the requested fee, because the private attorney general role is "'vital to the continued enforcement and effectiveness of the Securities Acts.'" *Taft*, 2007 U.S. Dist. LEXIS 9144, at *33 (citation omitted).

(f)     Lead Plaintiff's counsel's total lodestar is $1,917,094.50. A 15.25% fee represents a reasonable multiplier of 10.26. Given the public policy and judicial economy interests that support the expeditious settlement of cases, *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 373 (S.D.N.Y. 2002), the requested fee is reasonable.

10.     The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid
to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject
to the terms, conditions, and obligations of the Stipulation and in particular ¶8 thereof, which terms,
conditions, and obligations are incorporated herein.

IT IS SO ORDERED.

DATED: _____July 17, 07_____     _____
                                      THE HONORABLE RICHARD OWEN
                                      UNITED STATES DISTRICT JUDGE

S:\Settlement\Doral.set\ORD FEE 00043352.doc

**5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

IN RE GIANT INTERACTIVE GROUP, INC.
SECURITIES LITIGATION

------------------------------------------------------------------:

This Document Relates To:

    ALL ACTIONS.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __11/2/11__

07 Civ. 10588 (PAE)

<u>MEMORANDUM &amp;
ORDER</u>

PAUL A. ENGELMAYER, District Judge:

Lead Plaintiffs Dunping Qui, Yihua Li, Xie Yong, Linming Shi and Arthur Michael Gray[1] move for an Order certifying a settlement class, approving the proposed settlement of the above-captioned class action and the proposed plan of allocation of the settlement proceeds pursuant to Rules 23(b)(3) and 23(e) of the Federal Rules of Civil Procedure, as well as for attorneys' fees, expenses, and lead plaintiffs' awards. By Order dated August 2, 2011, the Court preliminarily approved the settlement, thereby allowing plaintiffs to provide notice to the class members of the settlement's impending final approval. The Court approved from the bench on October 26, 2011 the settlement agreement, the plan of allocation, and application for attorney's fees, expenses, and lead plaintiff awards. The Court's statement at the conference setting forth its reasons for approving the agreement and awards is incorporated by reference into this Order. This memorandum memorializes and elaborates on the Court's reasoning in certifying the class, approving the settlement, and granting the various applications.

---

[1] Except where specifically noted by the use of capitalized terms, the Court will hereinafter refer to the Lead Plaintiffs as "plaintiffs" and to Co-Lead Plaintiff's Counsel as "plaintiffs' counsel."

## I.   <u>Background</u>[2]

This litigation arises from alleged misrepresentations in, and omissions from, the

Registration Statement and Prospectus (the "Registration Statement") issued by defendant Giant

Interactive Group, Inc.—a Chinese developer of online games—in connection with its initial

public offering (the "IPO") of approximately 57 million American Depository Shares ("ADS")

on November 1, 2007.  The action was initiated on November 26, 2007, and was brought on

behalf of a class of all persons who purchased shares pursuant or traceable to the IPO and did so

between November 1, 2007 and November 19, 2007.  The action asserts claims against Giant as

well as against the underwriters for the IPO—UBS Investment Bank and Merrill Lynch & Co.,

Inc.

The essence of plaintiffs' complaint is that the Registration Statement failed to disclose

material facts about the prevalence and deleterious impact of a practice known as "gold

farming," which, according to plaintiffs, inflated the popularity metrics for one of Giant's games,

called ZT Online.  After consolidation of a number of similar complaints into this action, a

Consolidated Amended Complaint ("CAC") was filed on October 6, 2008, alleging violations of

Sections 11 and 12(a)(2) of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77l(a)(2).  On

November 21, 2008, Giant filed a motion to dismiss the CAC under Federal Rule of Civil

Procedure 12(b)(6).  The underwriter defendants also filed a motion to dismiss, adopting the

---

[2] The description of the facts of this case is drawn from counsel's representations to the Court in the final settlement conference of October 26, 2011; the Joint Declaration of Evan J. Kaufman and Lawrence D. Levit in Support of Lead Plaintiffs' Motion for Final Approval of the Settlement and Plan of Allocation of Settlement Proceeds, and Motion for an Award of Attorneys' Fees and Expenses and Plaintiff Awards; the Declaration (and Supplemental Declaration) of Jennifer M. Keough re: Notice Dissemination and Publication; the Declaration of Jack G. Fruchter Filed on Behalf of Abraham, Fruchter & Twersky, LLP in Support of Application for Award of Attorneys' Fees and Expenses; and the Declaration of Ellen Gusikoff Stewart Filed on Behalf of Robbins Geller Rudman & Dowd LLP in Support of Application for Award of Attorneys' Fees and Expenses.  Except where specifically referenced, no further citation will to these sources will be made.

[2]

arguments set forth in Giant's motion.  On August 7, 2009, the Court issued an opinion denying

the motion to dismiss.  *See In re Giant Interactive Group, Inc. Sec. Litig.*, 643 F. Supp. 2d 562

(S.D.N.Y. 2009).  All defendants filed answers to the CAC on September 23, 2009.

Discovery began in October of 2009 and continued through early 2011.  In the course of

discovery, the parties conducted five depositions, attended numerous meet and confer sessions

regarding the production of documents, engaged in motion practice to compel production, and

ultimately produced in excess of two million documents, many of them needing translation from

Mandarin to English.

On March 2, 2011, the parties participated in a formal mediation session before the

Honorable Layn Phillips (Ret.), former United States District Judge for the Western District of

Oklahoma.  In preparation for the mediation, the parties prepared and exchanged detailed

mediation statements setting forth their competing views about the merits and equities of the

case.  After an eight-hour mediation session, followed by a number of telephonic consultations,

Judge Phillips offered a mediator's proposal on March 21, 2011.  That proposal was accepted by

the parties on April 12, 2011.  A formal settlement agreement followed after additional

negotiations; the parties assented to a stipulation of settlement on July 21, 2011.

Shortly thereafter, plaintiffs filed a motion for preliminary approval of the settlement and

forms of notice which, among other things, described the terms of the settlement, advised class

members of their rights in relation to the settlement, set forth the proposed plan of allocation of

the settlement proceeds, detailed the maximum amount of attorneys' fees and expenses that

plaintiffs' counsel would request, and explained the process for filing a proof of claim and

release form.  The Court (per the Hon. Robert W. Sweet, United States District Judge, to whom

[3]

the case was assigned until September 30, 2011) preliminarily approved the terms of the

settlement and the form of the notice by Order dated August 2, 2011.[3]

On October 5, 2011, plaintiffs moved the Court to certify a settlement class and to

approve the settlement and the plan of allocation of the settlement proceeds; plaintiffs also

applied for attorneys' fees and expenses, and for awards for lead plaintiffs. A final settlement

conference was held before the Court on October 26, 2011, at which the Court approved the

settlement and the plan of allocation of settlement proceeds, and also approved, with some

modification, the application for an award of attorney's fees, expenses, and awards for lead

plaintiffs. This memorandum expands upon the reasons set forth during that conference for these

approvals.

II.    **Discussion**

A.    **Certification of the Settlement Class**

Pursuant to the Stipulation, the parties seek final certification of the class for settlement

purposes pursuant to Rules 23(a) and 23(b)(3). The Class is defined for settlement purposes as:

> [A]ll Persons (other than those Persons who timely and validly requested exclusion from
> the Class [...]) who purchased Giant ADS pursuant and/or traceable to Giant's IPO on or
> about November 1, 2007, through November 19, 2007, inclusive, excluding the
> Defendants herein, the directors, officers, partners, subsidiaries, and affiliates of any
> Defendant, any person, firm, trust, corporation, officer, director or other individual or
> entity in which any Defendant has a controlling interest, and the legal representatives,
> affiliates, heirs, successors-in-interest or assigns of any such excluded party.

Certification of a settlement class "has been recognized throughout the country as the

best, most practical way to effectuate settlements involving large numbers of claims by relatively

small claimants." *In re Prudential Sec. Inc. Ltd. P'ships Litig.,* 163 F.R.D. 200, 205 (S.D.N.Y.

---

[3] To date, over 29,000 notices have been mailed to prospective class members. At the final settlement conference before the Court, plaintiffs' counsel represented that nearly 1,700 claims have been received, accounting (prior to review for duplication or other deficiency) for approximately 12.3–12.6 million shares representing approximately $10.8 million of the aggregate loss this settlement seeks to remedy. No party has come forward to object to either the settlement, the plan of allocation, or any application for fees, expenses, or awards.

[4]

1995). The Second Circuit has recognized that "[t]emporary settlement classes have proved to be quite useful in resolving major class action disputes." *Weinberger*, 698 F.2d at 72. For the following reasons, the Court finds the requirements for certification of a settlement class to be satisfied in this case.

### 1. Compliance With Fed. R. Civ. P. 23(a)

The numerosity requirement of Rule 23(a) is met by virtue of the millions of Giant ADS which were in circulation and held by thousands of geographically dispersed beneficial owners during the class period. Joinder of these disparate parties would be impracticable. *See In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 582 (S.D.N.Y. 2008).

As for commonality and typicality, the Court observes that plaintiffs' claims share a common question of law or of fact with the proposed class; additionally, each class member's claim arises from the same course of events and each class member must make similar legal arguments to prove the defendants' liability. *See Cromer Fin. Ltd. v. Berger*, 205 F.R.D. 113, 122 (S.D.N.Y. 2001) (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (discussing commonality); *see also Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001); *In re Blech Sec. Litig.*, 187 F.R.D. 97, 104 (S.D.N.Y. 1999) (discussing typicality).

The adequacy requirement of Rule 23(a)(4) involves an inquiry as to whether: (1) the plaintiff's interests are antagonistic to the interests of the other members of the Class; and (2) plaintiff's counsel are qualified, experienced, and capable of conducting the litigation. *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). In this case, the answers to these two questions are no and yes, respectively. These answers are confirmed by the lack of any opposition to this settlement (and the very small number of opt-outs), as well as the

[5]

above-average recovery in this case, measured as a percentage of maximum potential recovery,

discussed further *infra*.

### 2.    *Compliance With Fed. R. Civ. P. 23(b)(3)*

In addition to the four requirements of Rule 23(a), a class must also satisfy one of the

three subparts of Rule 23(b). Plaintiffs seek class certification under Rule 23(b)(3), which

requires that:

> [T]he court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(3).  This rule is designed to "achieve economies of time, effort, and

expense, and promote . . . uniformity of decision as to persons similarly situated, without

sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods. v.*

*Windsor*, 521 U.S. 591, 615 (1997).  Because the issue of liability in this case is common to all

members of the Class—*i.e.*, whether the share-price drop in Giant ADS was caused by the

correction of material omissions or misstatements in the Registration Statement—the

predominance requirement of Rule 23(b)(3) is satisfied.  *See Amchem*, 521 U.S. at 625

("Predominance is a test readily met in certain cases alleging consumer or securities fraud ... .")

Rule 23(b)(3) also requires that the class action be "superior to other available methods

for fair and efficient adjudication of the litigation." Courts have found that the superiority

requirement is satisfied where:

> The potential class members are both significant in number and geographically dispersed. The interest of the class as a whole in litigating the many common questions substantially outweighs any interest by individual members in bringing and prosecuting separate actions.

*Cromer*, 205 F.R.D. at 133. Here, the utility of presenting the claims asserted through the class

action method is substantial since the class members who have been injured number in the

thousands, but most have not been damaged to a degree that would induce them to institute

litigation on their own behalf. *See Blech*, 187 F.R.D. at 107 ("[V]iolations of the federal

securities laws, such as those alleged in the Complaint, inflict economic injury on large numbers

of geographically dispersed persons such that the cost of pursuing individual litigation to seek

recovery is often not feasible."); *see also In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 279

(S.D.N.Y. 1999). Moreover, the holders of Giant ADS appear to be spread across the United

States, Canada, and mainland China, further increasing the barriers to litigation of individual

claims. Finally, certification of a class for settlement purposes will enable plaintiffs' counsel to

handle the administration of the Settlement in an organized and efficient manner. The Court

therefore concludes that resolution of plaintiffs' claims against defendants through the proposed

Class is superior to any other available method of resolution.

For the foregoing reasons, it is ORDERED that the class is CERTIFIED for settlement

purposes.

### B.    Approval of the Settlement

Pursuant to Fed. R. Civ. P. 23(e), this Court must approve any settlement of a class action

such as the one at bar. "Settlement approval is within the Court's discretion, which 'should be

exercised in light of the general judicial policy favoring settlement.'" *Sumitomo*, 189 F.R.D. at

280 (citation omitted); *accord Maley v. Del Global Techs. Corp.*, 186 F.Supp.2d 358, 361

(S.D.N.Y. 2002). However, the Court may approve a settlement only if it determines that the

settlement is "fair, adequate, and reasonable, and not a product of collusion." *Joel V. v. Giuliani*,

218 F.3d 132, 138 (2d Cir. 2000). In undertaking this evaluation, a Court must consider "both

[7]

the settlement's terms and the negotiating process leading to settlement," that is, it must review the settlement for both procedural and substantive fairness. *Wal-Mart Stores, Inc. v. VISA U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005).

### 1.  *Procedural Fairness*

An initial presumption of fairness may attach to a proposed settlement when the terms of that settlement were reached by experienced counsel during arm's-length negotiations undertaken after meaningful discovery. *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 57918, at *11 (S.D.N.Y. July 27, 2007); *see also In re Alloy, Inc., Sec. Litig.*, 2004 U.S. Dist LEXIS 24129, at *5 (S.D.N.Y. Dec. 3, 2004) (citing *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001)). Here, the Court concludes that this settlement is entitled to the presumption of fairness because (a) all parties in this action are represented by estimable counsel experienced in litigating these types of claims; (b) counsel have provided the Court significant evidence demonstrating that this settlement was the product of prolonged, arms-length negotiation, including as facilitated by a respected mediator; and (c) this case proceeded well into both class certification and merits discovery before settlement was reached; notably, plaintiffs' counsel reviewed over 2.2 million pages of non-public documents produced by defendants and five depositions were taken, including those of all four lead plaintiffs and of the Chief Financial Officer of Giant, who served as a 30(b)(6) witness for the company. There being no evidence to rebut the presumption of procedural fairness in this case, the Court deems the settlement procedurally fair.

### 2.  *Substantive Fairness*

Courts in this Circuit utilize the nine-factor test of *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) when determining whether a settlement is substantively "fair,

[8]

reasonable, and adequate." *See, e.g., Ouellette v. Cardenas (In re Sony Corp. Sxrd)*, 2011 U.S.

App. LEXIS 19550, at *3 (2d Cir. Sept. 23, 2011) (summary order); *McReynolds v. Richards-

Cantave*, 588 F.3d 790, 804 (2d Cir. 2009). The factors to be considered are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the
> class to the settlement; (3) the stage of the proceedings and the amount of discovery
> completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6)
> the risks of maintaining the class action through the trial; (7) the ability of the defendants
> to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in
> light of the best possible recovery; (9) the range of reasonableness of the settlement fund
> to a possible recovery in light of all the attendant risks of litigation.

*McReynolds*, 588 F.3d at 804. The Court considers each factor in turn.

### (a) The complexity, expense and likely duration of the litigation

The "complexity, expense and likely duration of the litigation" are factors that the Court

should consider in evaluating a proposed settlement for approval. *Grinnell*, 495 F.2d at 463; *In re*

*Drexel Burnham Lambert Group Inc.*, 130 B.R. 910, 927 (S.D.N.Y. 1991). "In evaluating the

settlement of a securities class action, federal courts, including this Court, have long recognized

that such litigation is notably difficult and notoriously uncertain." *Sumitomo*, 189 F.R.D. at 281.

As such, settlement is favored where "trial of this class action would be a long, arduous process

requiring great expenditures of time and money on behalf of both the parties and the court." *In*

*re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 318 (3d Cir. 1998). That is

undoubtedly true here.

Among other things, determining liability required exploration of complex issues bearing

on the accuracy and adequacy of Giant's disclosure as to the practice of "gold farming" in

defendants' product games, the rules enacted to curtail gold farming, and the impact that the

practice and the rules prohibiting it were having on the users of Giant's games, and thereby the

[9]

company's anticipated future profitability. Exploration of these issues would have required considerable time and expense, all obviated by settlement. In addition, defendants vigorously asserted throughout this litigation that Giant's stock price did not decline in response to the previously-omitted information regarding gold farming, but rather because of an erroneous analyst report released virtually simultaneously with that information. Resolving this issue would inevitably have entailed a "battle of the experts," which would have been costly and which would have taken significant time. Finally, even assuming a plaintiffs' verdict, obtaining a recovery would likely have been uncommonly difficult and time-consuming, as counsel have explained that this litigation could face unique delays because defendant Giant has no assets outside of China, and any judgment obtained in the United States would have been of uncertain enforceability overseas. For all of these reasons, the complexity, expense and duration of the litigation support approval of the settlement.

*(b) The reaction of the class to the settlement*

A positive reaction of the Class to the proposed Settlement is a further factor favoring its approval by the Court. *See Grinnell,* 495 F.2d at 462; *Maley,* 186 F. Supp. 2d at 362–63 ("It is well-settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy."); *In re American Bank Note Holographies,* 127 F. Supp. 2d 418, 425 (S.D.N.Y. 2001). No class members have objected to the Settlement, and very few have opted out. The reaction of the class to date supports approval of the Settlement.

*(c) The stage of the proceedings and discovery completed*

When considering this *Grinnell* factor, "the question is whether the parties had adequate information about their claims," *In re Global Crossing Sec. and ERISA Litig,* 225 F.R.D. 436, 458 (S.D.N.Y. 2004), such that counsel "possessed a record sufficient to permit evaluation of the

[10]

merits of Plaintiffs' claims, the strengths of the defenses asserted by Defendants, and the value of Plaintiffs' causes of action for purposes of settlement." *Maley*, 186 F. Supp. 2d at 364. The Court concludes that this case has progressed to the point where the parties were able to make an intelligent appraisal of the value of the case. This matter has proceeded through the production of more than two million pages of documents, a deposition of defendant's corporate designee, depositions of the four lead plaintiffs, a round of mediation submissions and sessions, and expert consultations on damages and causation.

> (d) *The risks of establishing liability and damages, and in maintaining the class action through trial*

Although the Court considers these three risks of continuing the litigation independently, because they turn on the interrelated facts in this case, it has grouped them together for the purposes of this discussion.

Securities litigation generally involves complex issues of fact and law, and this case is not the exception to that rule. *Maley*, 186 F. Supp. 2d. at 364 (citing *Zerkle v. Cleveland-Cliffs Iron Co.*, 52 F.R.D. 151, 159 (S.D.N.Y. 1971) ("Stockholder litigation is notably difficult and unpredictable.")). Here, plaintiffs faced the risk of failing to prove that the alleged misstatements made by defendant Giant were materially false or misleading. Giant steadfastly contested this assertion, and plaintiffs' counsel conceded that Giant's arguments may have had jury appeal. Additionally, at the final settlement conference before the Court, counsel to the underwriter defendants proffered that his clients would have pressed a due diligence defense had the case gone to trial. Moreover, the Court understands that the defendants had developed a credible defense of "negative causation," the essence of which was that the drop in Giant's stock price was caused not by disclosure of Giant's allegedly-false statements, but instead by an erroneous analyst report released contemporaneously with the allegedly-omitted information

[11]

regarding gold farming.  Thus, there was a genuine possibility that plaintiffs would have failed to establish liability at trial.  This risk supports the approval of a settlement ending this litigation.

Even if plaintiffs had overcome these obstacles and established liability, proof of substantial damages was not a foregone conclusion.  The determination of damages, like the determination of liability, is a complicated and uncertain process, typically involving conflicting expert opinions; ultimately, proving damages would come down to a "battle of the experts," and it is impossible to predict which expert and theory of damages a jury would accept.  *See American Bank Note*, 127 F. Supp. 2d at 426–27 ("In such a battle, Plaintiffs' Counsel recognize the possibility that a jury could be swayed by experts for Defendants, who could minimize or eliminate the amount of Plaintiffs' losses"); *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 129 (S.D.N.Y. 1997) ("damages are a matter for the jury, whose determinations can never be predicted with certainty"), *aff'd*, 117 F.3d 721 (2d Cir. 1997).  Here, as noted, defendants have identified the erroneous analyst's report as a credible alternative for the drop in Giant's share price.  This was relevant not only to liability (which could not have been found had the jury accepted defendants' argument that the analyst report accounted for 100% of the share-price drop) but also to damages: Even if the jury had concluded that the analyst's report did not account for the entirety of the share-price drop, the defense would undoubtedly have vigorously argued that it accounted for a substantial part of the stock-price drop, potentially significantly if not dramatically reducing cognizable damages.  Accordingly, the Court finds that the risk of proving damages similarly supports the approval of the settlement in this matter.  Additionally, at the final settlement conference before the Court, the defendants noted that, had this case, gone to trial, they would have opposed class certification and would have also sought to remove some or

[12]

all of the lead plaintiffs from the case. The Court therefore finds that the risk of maintaining a class through trial supports the approval of a settlement in this case.

### (e) The ability of the defendants to withstand a greater judgment

Plaintiffs concede it is likely that defendants could have withstood a judgment greater than $13 million, but correctly note that "where, as here, the other *Grinnell* factors weigh in favor of approval, this factor alone does not suggest the settlement is unfair." *In re Sony SXRD Rear Projection Television Class Action Litig.*, 2008 U.S. Dist. LEXIS 36093, at *23–24 (S.D.N.Y. May 1, 2008). "[A]defendant is not required to 'empty its coffers' before a settlement can be found adequate." *Id.* at *23.

### (f) The range of reasonableness of the settlement fund in light of the best possible recovery and the attendant risks of litigation

The adequacy of the amount achieved in settlement may not be judged "in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987). To the contrary, the Court need only find that the settlement falls within a "range of reasonableness." *PaineWebber*, 171 F.R.D. at 130 (citation omitted). That range must recognize "the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent" in litigation. *Wal-Mart Stores*, 396 F.3d at 119.

In this case, the Court finds that the settlement amount falls comfortably within the range of the reasonable. Indeed, the $13 million recovery in this case appears to constitute approximately 16.5% of the class' maximum provable damages, in excess of the average percentage of recovery in many securities class-action lawsuits. *See In re China SungerySec. Litig.*, 2011 U.S. Dist. LEXIS 53007, at *15 (S.D.N.Y. May 13, 2011) (noting that the average

[13]

settlement in securities class actions ranges from 3% to 7% of the class' total estimated losses). Whether or not plaintiff may have been able to prove liability and damages in that amount at trial—and, as noted above, there was a real risk that the plaintiffs would have failed to do so— the Court finds that the recovery here is reasonable in light of the possible recovery and the risks of further litigation in this case

For the foregoing reasons, it is ORDERED that the settlement is approved as fair, reasonable, and adequate.

C.    **Approval of the Plan of Allocation**

"To warrant approval, the plan of allocation must also meet the standards by which the settlement was scrutinized—namely, it must be fair and adequate." *In re WorldCom, Inc. Sec. Litig.,* 388 F. Supp. 2d 319, 344 (S.D.N.Y. 2005) (quoting *Maley,* 186 F. Supp. 2d at 367). As numerous courts have held, a plan of allocation need not be perfect. *RMED Int'l., Inc. v. Sloa"s Supermarkets, Inc.,* 2000 U.S. Dist. LEXIS 4892, 2000 WL 420548, at *2 (S.D.N.Y. Apr. 18, 2000) ("aggregate damages in securities fraud cases are generally incapable of mathematical precision") (citing *In re Oracle Sec. Litig.,* 829 F. Supp. 1176, 1182 (N.D. Cal. 1993)). Instead, "[a]n allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *WorldCom,* 388 F. Supp. 2d at 344 (quoting *Maley,* 186 F. Supp. 2d at 367); *accord In re NASDAQ,* 2000 U.S. Dist. LEXIS 304, at *5 (S.D.N.Y. Jan. 18, 2000). Thus, "[i]n determining whether a plan of allocation is fair, courts look primarily to the opinion of counsel." *EVCI,* 2007 U.S. Dist. LEXIS 57918, at *32. Here, the plan of allocation has a clear rational basis, equitably treats the class members, and was devised by experienced and estimable class counsel; the Court accordingly finds it to be fair and adequate. It is therefore ORDERED that the plan of allocation is approved.

[14]

### D.   Attorney's Fees

Plaintiffs' counsel has applied for an award of attorney's fees in an amount of 33% of the

settlement fund, after reduction of $263,945.54 in expenses and lead plaintiffs' awards (which

total $35,400).[4]   The Court recognizes that "a litigant or a lawyer who recovers a common fund

for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee

from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).   The Second

Circuit has authorized district courts to employ a percentage-of-the-fund method when awarding

fees in common fund cases, *see Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir.

2000), although the Circuit has encouraged district courts to cross-check the percentage fee

against counsel's "lodestar" amount of hourly rate multiplied by hours spent.   *Id.* at 50.[5]   "It

bears emphasis that whether calculated pursuant to the lodestar or the percentage method, the

fees awarded in common fund cases may not exceed what is 'reasonable' under the

circumstances."[6]   *Id.* at 47.   When considering the reasonableness of such an award, the Court

must consider the following familiar factors:

> (1) the time and labor expended by counsel; (2) the magnitude and complexities of the
> litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested
> fee in relation to the settlement; and (6) public policy considerations.

---

[4] Plaintiffs' counsel originally applied for a fee of 33% of the settlement fund, prior to reduction for these expenses
and lead plaintiffs' awards.   At the October 26, 2011, the Court advised counsel of its view that a percentage-of-the-
fund recovery is more appropriately applied to the settlement fund after payment of those expenses, and plaintiffs'
counsel modified the fee application accordingly.

[5] In this case, the Court notes that plaintiffs' counsel have reported a lodestar of $4,856,668.50, while an award of
fees in an amount of 33% of the net settlement fund amounts to less than $4,300,000.   The resulting percentage
award therefore represents a negative multiplier in relation to the reported lodestar.

[6] The Court notes preliminarily that there are numerous other common fund cases in this District alone where fees
were awarded in the amount of 33 1/3 % of the settlement fund, slightly greater than the award plaintiffs' counsel
requests here. *See, e.g., Strougo v. Bassini*, 258 F. Supp. 2d 254, 262 (S.D.N.Y. 2003); *Maley*, 186 F. Supp. 2d at
370; *Newman v. Caribiner Int'l Inc.*, No. 99 14 Civ. 2271 (S.D.N.Y. Oct. 19, 2001); *In re Net Ease.com, Inc. Sec.
Litig.*, No. 01-CV-9405 (S.D.N.Y. May 30, 2003); *Meridian Inv. Club v. Delta Financial Corp.*, No. CV-99-7033
(S.D.N.Y. April 14, 2003); *Lemmer v. Golden Books Family Entm't Inc.*, 98 Civ. 5748 (S.D.N.Y. Oct. 12, 1999);
*Maywalt v. Parker & Parsley Petroleum Co.*, 963 F. Supp. 310, 313 (S.D.N.Y. 1997).

*Goldberger,* 209 F.3d at 50; *see also Mba v. World Airways, Inc.,* 369 F. App'x 194, 199 (2d Cir. 2010) (summary order); *Central States S.E. & S.W. Areas Health and Welfare Fund, et al. v. Merck-Medco Managed Care, L.L.C., et al.,* 504 F.3d 229, 249 (2d Cir. 2007). The Court weighs each factor in turn.

### 1. The time and labor expended by counsel

Plaintiffs' counsel have expended substantial time and effort pursuing this case since its inception nearly four years ago, and have represented that their respective lawyers and para-professionals have devoted 12,605 hours to this matter. As noted, the tasks completed include the review of more than two million pages of documents, conducting depositions in the U.S. and abroad, attending meet-and-confer sessions, preparing mediation submissions and attending a lengthy mediation session, and extensive settlement negotiations. In light of these efforts and the size of the settlement fund, the Court finds that this *Goldberger* factor supports the award of a 33% fee.

### 2. The magnitude and complexities of the litigation

A securities case, "by its very nature, is a complex animal." *Maley,* 186 F. Supp. 2d at 372 (quotation omitted). Such was the case here, and counsel faced the additional challenges that many documents needed translation, that evidence, witnesses and depositions were overseas, and that discovery motions were heavily contested. Moreover, had this case moved towards trial, additional motion practice would have surely prolonged this case, and counsel faced the possible challenge of enforcing a judgment in China. Given these complexities, the Court finds that this *Goldberger* factor supports the fee request in this case.

### 3. The risk of the litigation

[16]

In considering the risk of litigation as it pertains to fee awards, Courts in this circuit may consider several types of risk. The most salient is the attorneys' risk in accepting a case on a contingency fee for, as the Second Circuit has noted "[n]o one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who in advance had agreed to pay for his services, regardless of success." *Grinnell*, 495 F.2d at 470. Here, plaintiffs' counsel were obligated to assure that sufficient attorney and para-professional resources were dedicated to the prosecution of the action; counsel also faced the responsibility of advancing litigation and overhead expenses on this case for nearly four years. The Court accordingly finds that the contingency risk in this case supports the requested award. The Court further finds that the additional risks of establishing liability, proving damages, and enforcing a judgment (all discussed *supra*), further support the granting of the application for fees.

### 4. *The requested fee in relation to the settlement and quality of representation*

The Court finds that the quality of representation by counsel on both sides was high in this case. Additionally, as noted above, the settlement ultimately reached in this case of approximately 16.5% of the aggregate loss of the class is higher than the typical recovery in many shareholder class actions, further justifying counsel's 33% fee request. The Court also recognizes the diligence and hard work of plaintiffs' counsel in achieving such a settlement, particularly in light of the fact that this case (unlike many other securities class actions) was independently developed by plaintiffs' counsel, as opposed to following, or piggybacking on, a regulatory investigation or settlement. Consequently, the Court finds that these *Goldberger* factors supports the award of a 33% fee.

[17]

Case 2:07-cv-03359-JS-GXB   Document 121-6   Filed 11/20/12   Page 68 of 112 PageID #:
2738
Case 1:07-cv-10588-PAE   Document 92   Filed 11/02/11   Page 18 of 21

### 5.  *Public Policy Considerations*

Private securities litigators may serve a function as private attorneys general and are a "necessary supplement to [SEC] action." *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310 (1985).  The recognition of this role has led to the "commendable sentiment in favor of providing lawyers with sufficient incentive to bring common fund cases that serve the public interest."  *Goldberger*, 209 F.3d at 51.  In accordance with this sentiment, the Court finds that public policy supports the award of a 33% fee in this case, the better to "attract well-qualified plaintiffs' counsel who are able to take a case to trial, and who defendants understand are able and willing to do so."  *WorldCom*, 388 F. Supp. 2d at 359.

For the foregoing reasons, the application of plaintiffs' counsel for an attorneys' fee in an amount of 33% of the net settlement fund is GRANTED as fair and reasonable.  As set forth below, the Court is, however, temporarily deferring approval of release to plaintiffs' counsel of half of this fee award, pending a report to the Court on the progress of the claims administration process.  When and if enough class members have come forward with validated claims so that the Court can be assured that the entire settlement (net of fees, expenses and lead plaintiffs awards) will actually be paid out to the class (as opposed to the contingent charitable beneficiary that would stand to receive the balance if an insufficient number of class members came forward), the Court will approve release of the balance of this fee.  The Court is imposing this condition because the touchstone of plaintiffs' counsel's entitlement to fees is the benefit actually conferred on the class.  This condition will incent plaintiffs' counsel to work vigorously with the claims administrator to make sure that class members (many of whom appear to reside overseas) are located and encouraged to submit claims.

### E.    **Expenses for Plaintiffs' Counsel**

[18]

Case 2:07-cv-03359-JS-GXB   Document 121-6   Filed 11/20/12   Page 69 of 112 PageID #:
3739
Case 1:07-cv-10588-PAE   Document 92   Filed 11/02/11   Page 19 of 21

Counsel also requests an award for expenses of $263,945.54 incurred in this action. It is well established that counsel who create a common fund are entitled to the reimbursement of expenses that they advance to a class. *See, e.g., Teachers' Ret. Sys. v. A.C.L.N., Ltd.,* 2004 U.S. Dist. LEXIS 8608, at *17 (S.D.N.Y. May 14, 2004) (citations omitted). "Courts in the Second Circuit normally grant expense requests in common fund cases as a matter of course." *EVCI,* 2007 U.S. Dist. LEXIS 57918, at *57 (citations omitted); *see also American Bank Note,* 127 F. Supp. 2d at 433. Here, the notice sent to class members affirmed that any expense request would not exceed $350,000, and no class member has objected to this request. Reviewing the affidavits submitted by plaintiffs' counsel, the Court finds the expense request to be reasonable.

Accordingly, the application of plaintiffs' counsel for reasonable expenses in an amount of $263,945.54 is GRANTED.

**F.      Lead Plaintiff Awards**

Finally, plaintiffs' counsel has applied for awards to four lead plaintiffs. The PSLRA allows for reimbursements to representative plaintiffs in securities class actions, providing:

> "Nothing in this paragraph shall be construed to limit the award of reasonable costs and expenses (including lose wages directly relating to the representation of the class to any representative party serving on behalf of the class."

15 U.S.C. §77z-1(a)(4). "Courts in this Circuit routinely award such costs and expenses both to reimburse the named plaintiffs for expenses incurred through their involvement with the action and lost wages, as well as to provide an incentive for such plaintiffs to remain involved in the litigation and to incur such expenses in the first place." *Hicks v. Morgan Stanley & Co.,* 2005 U.S. Dist. LEXIS 24890, at *30 (S.D.N.Y. Oct. 24, 2005); *see also In re Worldcom, Inc. ERISA Litig.,* 2004 U.S. Dist. LEXIS 20671 (S.D.N.Y. Oct. 18, 2004) (awarding $ 5,000 to each of the three named plaintiffs who were involved in the litigation, had been deposed, and had

[19]

"performed an important service to the class"). Here, the Court finds that the lead plaintiffs devoted substantial effort and time to this case, including reviewing filings, producing documents, and travelling to be deposed, making these requests for awards reasonable.

It is therefore ORDERED, that lead plaintiffs Yanhua Li, Xie Yong, and Linming Shi are awarded $10,000 each, and lead plaintiff Arthur Michael Gray is awarded $5,400.

## III.   Conclusion

In summary, it is hereby ORDERED that the class is certified for settlement purposes pursuant to Fed. R. Civ. P. 23.

It is FURTHER ORDERED that the settlement and plan of allocation of the proceeds are approved as fair, reasonable, and adequate.

It is FURTHER ORDERED that the Court hereby awards attorneys' fees of 33% of the Settlement Fund after payment of expenses of $263,945.54 and $35,400 in the aggregate, plus interest on these fees at the same rate as earned on the Settlement Fund.  One-half of the awarded attorneys' fees and all of the awarded expenses, and interest earned thereon, shall be paid to co-lead plaintiffs' counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions and obligations of the Stipulation and in particular ¶6.1 thereof, which terms, conditions, and obligations are incorporated herein.  The remaining one-half of the awarded attorneys' fees shall be paid to co-lead plaintiffs' counsel upon: (1) notification by plaintiffs' counsel to the Court that claims sufficient to exhaust the Net Settlement Fund have been received by the claims administrator and determined by the claims administrator to be valid claims by class members, which in the aggregate, are greater than the Net Settlement Fund; and (2) issuance of a court order approving issuance of these remaining fees to co-lead plaintiffs' counsel.

[20]

Said fees shall be allocated among plaintiffs' counsel by lead plaintiffs' counsel in any

manner which, in their good faith judgment, reflects each counsel's contribution to the

institution, prosecution and resolution of the action.

It is FURTHER ORDERED that the Court hereby awards lead plaintiffs' counsel

expenses in an aggregate amount of $263,945.54, plus interest at the same rate earned on the

Settlement Fund.

It is FINALLY ORDERED that the Court awards Arthur Michael Gray $5,400, Yanhua

Li $10,000, Linming Shi $10,000, and Xie Yong $10,000 for their time and expenses in

representing the Class, pursuant to 15 U.S.C. §77z-1(a)(4).


The Court will enter Judgment in this case forthwith.


SO ORDERED.

_Paul A. Engelmayer_
_____
Paul A. Engelmayer
United States District Judge


Dated: November 2, 2011
        New York, New York

[21]

**6**

US...
DOC...
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x

In re JAKKS PACIFIC, INC.
SHAREHOLDERS CLASS ACTION
LITIGATION

This Document Relates To:

    ALL ACTIONS.

-------------------------------------------x

: Civil Action No. 04-CV-8807 (RJS)
:
:
: CLASS ACTION
:
:
: FINAL JUDGMENT AND ORDER OF
:  DISMISSAL WITH PREJUDICE
:
:
:

    This matter came before the Court for hearing pursuant to an Order of this Court, dated June 29, 2010, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated November 2, 2009 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein, including a fairness hearing conducted on October 19, 2010, and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    1.    This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

    2.    This Court has subject matter jurisdiction to approve the terms of the Settlement set out in the Stipulation, including its exhibits and all documents submitted to the Court in connection with the implementation of the Stipulation, and personal jurisdiction over all parties to the Settlement, including all members of the Class.

    3.    The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are

questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and Plaintiffs' Co-Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this court hereby finally certifies this action as a class action on behalf of a Class consisting of all Persons who purchased JAKKS common stock during the period between December 3, 1999 and October 19, 2004, inclusive. Excluded from the Class are: Defendants, the directors and officers of JAKKS during the Class Period, members of their immediate families, and their legal representatives, heirs, successors and assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Class are the putative Class Members identified in Exhibit 1 attached hereto who requested exclusion from the Class.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiffs Indiana Electrical Workers Pension Trust Fund IBEW, Kenneth J. Tucker, Tonia R. Tucker-Kraus and Michael Kraus as Class Representatives.

6.      The distribution of the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing and the Proof of Claim and Release and the publication of the Summary Notice as provided for in the Order for Notice and Hearing constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms

2

and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. Plaintiffs' Co-Lead Counsel has filed with the Court proof of mailing of the Notice and the Proof of Claim and proof of publication of the Summary Notice.

7.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation as fair, reasonable, and adequate. The Court finds that the Settlement is, in all respects, fair, reasonable and adequate to the Lead Plaintiffs, the Class and each of the Class Members. The Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Class Members and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.   The SAC, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants

9.   Upon the Effective Date, Lead Plaintiffs and members of the Class, on behalf of themselves, their heirs, successors and assigns, and any other Person claiming (now or in the

3

future) through or on behalf of them, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties.

10. Upon the Effective Date, each and every Released Party, on behalf of themselves, their heirs, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Defendants' Claims.

11. Pursuant to the PSLRA, the Released Parties are hereby discharged from all claims for contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Settled Claims of the Class or any Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the Released Parties; and (b) by the Released Parties against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and this Order and Final Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission or concession of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any nature whatsoever of the Defendants; or (b) is or may be deemed to be or may be used as an admission or concession of, or evidence of, any fault or omission whatsoever of any of the Defendants in any civil, criminal, administrative or other proceeding in any court, administrative agency or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the

4

terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Parties may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

14.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15.     Plaintiffs' Counsel are hereby awarded 30% of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $61,145.90 in expenses, which expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Litigation.

16.     In making this award of attorneys' fees and expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

5

(a)     Defendants have paid or caused their insurers to pay $3,925,000 into escrow for the benefit of the Class, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b)     Over 46,000 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Co-Lead Counsel were moving for attorneys' fees not to exceed 30% of the Gross Settlement Fund plus expenses in the approximate amount of $100,000 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     The action involves complex factual and legal issues and was actively prosecuted over four years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Class may have recovered less or nothing from the Defendants;

(f)     Plaintiffs' Counsel have devoted over 2,000 hours, with a lodestar value of $965,808.75, to achieve the Settlement; and

(g)     The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

17.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any

6

application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

18.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

19.    This Order and Final Judgment is a final judgment in the Litigation as to all claims among the Released Parties, on the one hand, and the Lead Plaintiffs and all Class Members, on the other.   This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.


FINAL JUDGMENT in the Litigation is hereby entered in accordance with Federal Rule of Civil Procedure 58.  The Clerk of the Court is respectfully directed to mark this case closed.

IT IS SO ORDERED.

Dated: October 28, 2010

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



COURTESY COPY

---------------------------------------x

In re LABRANCHE SECURITIES
LITIGATION

This Document Relates To:

    ALL ACTIONS.

---------------------------------------x

: Civil Action No. 03-CV-8201(RWS)
:
: CLASS ACTION
:
: [PROPOSED] ORDER AWARDING LEAD
: PLAINTIFFS' COUNSEL'S ATTORNEYS'
: FEES AND EXPENSES AND
: REIMBURSEMENT OF LEAD
: PLAINTIFFS' TIME AND EXPENSES





This matter having come before the Court on January 21, 2009, on the motion of Lead Plaintiffs' Counsel for an award of attorneys' fees and expenses incurred in the Litigation, the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated September 18, 2008 (the "Stipulation"), and filed with the Court.

2.     This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3.     The Court hereby awards Lead Plaintiffs' Counsel attorneys' fees of 30% of the Settlement Fund, plus interest thereon as defined in the Stipulation, plus litigation expenses in the amount of $145,612.93, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

4.     The fees and expenses shall be allocated among all counsel representing the Class in a manner which, in Lead Plaintiffs' Counsel's good-faith judgment, reflects each such counsel's contribution to the institution, prosecution and resolution of the Litigation.

5.     The awarded attorneys' fees and expenses and interest earned thereon shall immediately be paid to Lead Plaintiffs' Counsel subject to the terms, conditions and obligations of the Stipulation, and in particular ¶21 thereof which terms, conditions and obligations are incorporated herein.

- 1 -

6.    The Court hereby awards the sum of $5,000 to each of the Lead Plaintiffs pursuant to

15 U.S.C. §77z-1(a)(4) of the Private Securities Litigation Reform Act of 1995.

SO ORDERED:

_____
THE HONORABLE ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE

1-21-09

- 2 -

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/11

———————————————— x
In re L.G. PHILIPS LCD CO., LTD.      :   Civil Action No. 1:07-cv-00909-RJS
SECURITIES LITIGATION                 :
                                      :   CLASS ACTION
                                      :
———————————————————
This Document Relates To:             :
                                      :
     ALL ACTIONS.                     :
———————————————— x

[~~~~~~~~~~] ORDER AWARDING CO-LEAD COUNSEL ATTORNEYS' FEES AND
EXPENSES

612495_1

Case 2:07-cv-03359-JS-GXB   Document 121-6   Filed 11/20/12   Page 86 of 112 PageID #:
5758
Case 1:07-cv-00909-RJS   Document 82   Filed 03/17/11   Page 2 of 3

This matter having come before the Court on March 17, 2011, on the motion of Co-Lead Counsel for an award of attorneys' fees and expenses incurred in the action, the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable, and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement dated October 15, 2010 (the "Stipulation"), and filed with the Court.

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3.      The Court hereby awards Co-Lead Counsel attorneys' fees of 30% of the Settlement Amount, plus litigation expenses in the amount of $81,993.45, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid, pursuant to 15 U.S.C. §78u-4(a)(6). The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

4.      The fees and expenses shall be allocated among Lead Plaintiffs' counsel in a manner which, in Co-Lead Counsel's good-faith judgment, reflects each such counsel's contribution to the institution, prosecution, and resolution of the action.

5.      Justin M. Coren is awarded $1,500.00 pursuant to 15 U.S.C. §78u-4(a)(4) for his efforts and service to the Class during the action.

- 1 -

612495_1

6.     The awarded attorneys' fees and expenses and interest earned thereon shall immediately be paid to Co-Lead Counsel subject to the terms, conditions, and obligations of the Stipulation, and in particular ¶8 thereof which terms, conditions, and obligations are incorporated herein.

IT IS SO ORDERED.

DATED: *March 17, 2011*

THE HONORABLE RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

- 2 -

**9**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------- x

In re OSI PHARMACEUTICALS, INC.        :   Master File No. 2:04-CV-05505-JS-WDW
SECURITIES LITIGATION                            :
                                                                       :   **ELECTRONICALLY FILED**
---------------------------------------------------- :
                                                                       :   CLASS ACTION
This Document Relates To:                        :
                                                                       :
    ALL ACTIONS.                                :
                                                                       :
---------------------------------------------------- x

[PROPOSED] ORDER AWARDING LEAD PLAINTIFF'S COUNSEL'S ATTORNEY FEES
AND EXPENSES

This matter having come before the Court on August 22, 2008, on the motion of Lead Plaintiff's Counsel for an award of attorney fees and expenses incurred in the Litigation, the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated March 14, 2008 (the "Stipulation"), and filed with the Court.

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3.      The Court hereby awards Lead Plaintiff's Counsel attorney fees of 30% of the Settlement Fund, plus interest thereon as defined in the Stipulation, plus litigation expenses in the amount of $44,603.16, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

4.      The fees and expenses shall be allocated among Lead Plaintiff's Counsel in a manner which, in Lead Plaintiff's Counsel's good-faith judgment, reflects each such counsel's contribution to the institution, prosecution and resolution of the Litigation.

- 1 -

5.      The awarded attorney fees and expenses and interest earned thereon shall immediately be paid to Lead Plaintiff's Counsel subject to the terms, conditions and obligations of the Stipulation, and in particular ¶6.2 thereof which terms, conditions and obligations are incorporated herein.

IT IS SO ORDERED.

DATED: *August 22, 2008*
*Central Islip, ny*

THE HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE

S:\Settlement\OSI Pharma.set\ORD FEE 00053095.doc

- 2 -

**10**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/08
```

------------------------------------------------------ x

In re TOMMY HILFIGER SECURITIES          :   Lead Case No. 1:04-CV-07678-SAS
LITIGATION                                :
                                          :   **ELECTRONICALLY FILED**
------------------------------------------------------ :
                                          :
This Document Relates To:                 :   CLASS ACTION
                                          :
          ALL ACTIONS.                    :
                                          :
------------------------------------------------------ x

[~~PROPOSED~~] ORDER AWARDING LEAD PLAINTIFFS' COUNSEL'S ATTORNEY FEES
AND EXPENSES

This matter having come before the Court on October 15, 2008, on the motion of Lead Plaintiffs' Counsel for an award of attorney fees and expenses incurred in the Litigation, the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this action to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated June 18, 2008 (the "Stipulation"), and filed with the Court.

2.     This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3.     The Court hereby awards Lead Plaintiffs' Counsel attorney fees of 25% of the Settlement Fund, plus interest thereon as defined in the Stipulation, plus litigation expenses in the amount of $195,189.94, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

4.     The fees and expenses shall be allocated among Plaintiffs' Counsel in a manner which, in Lead Plaintiffs' Counsel's good-faith judgment, reflects each such counsel's contribution to the institution, prosecution and resolution of the Litigation.

5.     The awarded attorney fees and expenses and interest earned thereon shall immediately be paid to Lead Plaintiffs' Counsel subject to the terms, conditions and obligations of the Stipulation, and in particular ¶6.1 thereof which terms, conditions and obligations are incorporated herein.

IT IS SO ORDERED.

DATED: _October 15, 2008_

_____
THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

S:\Settlement\Tommy Hilfiger.set\ORD FEES 00054679.doc

- 2 -

**11**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE VAN DER MOOLEN HOLDING N.V. SECURITIES LITIGATION | ) ) ) ) |

Civil Action No. 1:03-CV-8284 (RWS)

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

This matter came before the Court for hearing pursuant to an Order of this Court, dated October 6, 2006, on the application of the Parties for approval of the settlement (the "Settlement") set forth in the Stipulation of Settlement, dated as of October 3, 2006 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     This Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.     The Court finds that Co-Lead Counsels' request for attorneys' fees is fair and reasonable, and that the request is supported by the relevant factors, which have been considered by this Court. The Court finds that the fee request is supported by, *inter alia*, the following:

(a)     the Settlement provides for an $8 million cash fund, plus interest, (the "Gross Settlement Fund"); and that Settlement Class Members who file timely and valid claims will benefit from the Settlement created by Co-Lead Counsel;

(b)      the Summary Notice was published over the *Primezone Media Network* newswire; and over 4,800 copies of the Notice were disseminated to putative Settlement Class Members indicating that at the December 6, 2006 hearing, Plaintiffs' Counsel intended to seek up to 33⅓% of the $8 million Gross Settlement Fund in attorneys' fees and to seek reimbursement of their expenses in an amount not to exceed $180,000, plus interest, and no objection was filed against either the terms of the proposed Settlement or the fees and expenses to be requested by Plaintiffs' Counsel;

(c)      Plaintiffs' Counsel have devoted 3,965 hours, with a lodestar value of $1,493,003.66, to achieve the Settlement;

(d)      Co-Lead Plaintiffs faced complex factual and legal issues in this Action, which they have actively prosecuted for almost three years, and in the absence of a Settlement, would be required to overcome many complex factual and legal issues;

(e)      if Co-Lead Counsel had not achieved the Settlement, there was a risk of either nonpayment or of achieving a smaller recovery;

(f)      Co-Lead Counsel have conducted this litigation and achieved the Settlement with skill and efficiency;

(g)      the amount of attorneys' fees awarded and expenses reimbursed from the Gross Settlement Fund are consistent with the awards in similar cases; and

(h)      public policy considerations support encouraging the legal community to continue to undertake similar litigations.

4.      Plaintiffs' Counsel are hereby awarded 33⅓% of the Gross Settlement Fund as and for their attorneys' fees, which sum the Court finds to be fair and reasonable. Plaintiffs' Counsel are also hereby awarded $ *125,657.44* in reimbursement of their reasonable expenses, incurred in the course of prosecuting this action, from the Gross Settlement Fund, together with interest from the date the Settlement Fund was funded to the date of payment at the same net rate that the

2

Settlement Fund earns. The above amounts shall be paid to Co-Lead Counsel pursuant to the terms of the Stipulation, from the Gross Settlement Fund. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion and sole discretion of Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions to the prosecution of the Action.

5.      In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Settlement Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the Parties shall be returned to the *status quo ante*.

Dated:  New York, New York, _____ 2006

_____
THE HONORABLE ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE

Submitted by:

**LABATON SUCHAROW & RUDOFF LLP**
Lynda J. Grant (LJG-4784)
Michael S. Marks (MM-0475)
100 Park Avenue
New York, NY 10017
Tel: (212) 907-0700
Fax: 818-0477

*Co-Lead Counsel for Plaintiffs and the Settlement Class*

3

12/08/2006 14:40 FAX 212 805 7925          JUDGE ROBERT W. SWEET                    ☒005

**SCHIFFRIN & BARROWAY, LLP**
David Kessler
Eric Lechtzin
Kay E. Sickles
280 King of Prussia Rd.
Radnor, PA 19087
Tel: 610.667.7706
Fax: 610.667.7056

*Co-Lead Counsel for Plaintiffs and the Settlement Class*

4

**12**

FILED

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

2005 JAN 21  P 4: 13

U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| SHERRY SCHNALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ANNUITY AND LIFE RE (HOLDINGS), LTD., XL CAPITAL, LTD., LAWRENCE S. DOYLE, FREDERICK S. HAMMER, JOHN F. BURKE, WILLIAM W. ATKIN, BRIAN O'HARA, AND MICHAEL P. ESPOSITO, JR., | ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 02 CV 2133 (EBB)

## ORDER AND FINAL JUDGMENT

On the 21st day of January, 2005, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Partial Settlement dated August 24, 2004 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Settling Defendants in the Complaint now pending in this Court under the above caption, including the release of the Settling Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Settling Defendants only and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was

mailed to all persons or entities reasonably identifiable, who purchased the common stock of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of ANR's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the international edition of <u>The Wall Street Journal</u> and the international edition of <u>Financial Times</u> pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Settling Defendants.

2.      The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this Action, for purposes of this Settlement only, as a class action on behalf of all persons who purchased the common stock of Annuity and Life Re (Holdings), Ltd. ("ANR") during the period between March 15, 2000 and November 19, 2002, inclusive, and were damaged thereby.  Excluded from the Class are the Settling Defendants, the officers and directors of ANR and XL Capital at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  For purposes of this Settlement, the term "controlling interest" shall include any interest of 10% or more of the common stock of any entity.  Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4.      Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.      The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

3

6.      The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Settling Defendants only.

7.      Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and relate to the purchase of shares of the common stock of Annuity and Life Re (Holdings) Ltd. ("ANR") during the Class Period (the "Settled Claims") against any and all of the Settling Defendants, their past or present subsidiaries, parents, successors and predecessors, and all of the aforementioned entities' officers, directors, agents, employees, attorneys, advisors, insurers, and investment advisors, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Settling Defendant has a controlling interest or which is related to or

4

affiliated with any of the Settling Defendants, and the legal representatives, heirs, successors in interest or assigns of the Settling Defendants (the "Released Parties"). "Released Parties" does not include KPMG in Bermuda ("KPMG Bermuda") and KPMG LLP USA ("KPMG USA") (collectively, "KPMG") or its partners, principals, employees, agents and affiliates. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. "Settled Claims" does not include any claims against KPMG or its partners, principals, employees, agents and affiliates.

8.   "Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims which any Settling Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the parties stipulate and agree that upon the Effective Date, the Lead Plaintiffs and the Settling Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or Bermuda, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

5

Lead Plaintiffs and Settling Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

9.      The Settling Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Settling Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Settled Defendants' Claims") against any of the Lead Plaintiffs, Class Members or their attorneys. The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10.     Pursuant to the PSLRA, the Released Parties are hereby discharged from all claims for contribution or equitable indemnity, by any person or entity, whether arising under United States federal, state, local, statutory or common law or the laws of Bermuda or any other law, based upon, arising out of, relating to, or in connection with the claims of the Class or any Class Member in the Action (including the KPMG Action, which has been consolidated into the Action). Accordingly, to the maximum extent permissible under the PSLRA, the Court hereby

6

bars and enjoins all such claims for contribution or equitable indemnity: (a) by any person or entity against any Released Party; and (b) by any Released Party against any person or entity other than a person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and Agreement of Partial Settlement and this Order and Final Judgment. Pursuant to 15 U.S.C. § 78u-4(f)(7)(B), if there is a final verdict or judgment against any other Defendant in the Action, the verdict or judgment shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants; or (b) the amount paid pursuant to this Settlement by the Settling Defendants.

11.    Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)    offered or received against the Settling Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants;

(b)    offered or received against the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendant;

(c)    offered or received against the Settling Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or

7

wrongdoing, or in any way referred to for any other reason as against any of the Settling

Defendants, in any other civil, criminal or administrative action or proceeding, other than such

proceedings as may be necessary to effectuate the provisions of this Stipulation; provided,

however, that if this Stipulation is approved by the Court, Settling Defendants may refer to it to

effectuate the liability protection granted them hereunder;

        (d)   construed against the Settling Defendants as an admission or concession

that the consideration to be given hereunder represents the amount which could be or would have

been recovered after trial; or

        (e)   construed as or received in evidence as an admission, concession or

presumption against Lead Plaintiffs or any of the Class Members that any of their claims are

without merit, or that any defenses asserted by the Settling Defendants have any merit, or that

damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

        12.   The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel

and the Claims Administrator are directed to administer the Stipulation in accordance with its

terms and provisions.

        13.   The Court finds that all parties and their counsel have complied with each

requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

        14.   Plaintiffs' Counsel are hereby awarded one-third (33⅓%) of the Gross Settlement

Fund in fees, which sum the Court finds to be fair and reasonable, and $191,705.37 in

reimbursement of expenses, which expenses shall be paid to Plaintiffs' Co-Lead Counsel from

the Settlement Fund with interest from the date such Settlement Fund was funded to the date of

payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

15.   Lead Plaintiff Midstream Investments Ltd. is hereby awarded $3,150. Such award is for reimbursement of this Lead Plaintiff's reasonable costs and expenses (including lost wages) directly related to its representation of the Class.

16.   In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a)   the settlement has created a fund of $16.5 million in cash that is already on deposit, plus interest thereon and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b)   16,700 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees not to exceed one-third (33⅓%) of the Gross Settlement Fund and for reimbursement of expenses in the approximate amount of $250,000 (including approximately $10,000 for the costs and expenses of the Lead Plaintiffs directly relating to their representation of the Class) and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c)   Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)      The action involves complex factual and legal issues and was actively prosecuted over two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)      Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Settling Defendants;

(f)      Plaintiffs' Counsel have devoted over 5,473 hours, with a lodestar value of $1,862,701.25, to achieve the Settlement; and

(g)      The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

17.      Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

18.      Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.      This Action has been pending since the first of the constituent actions were filed in 2002. The Settlement Stipulation resolves all of the claims asserted by the Class against the Settling Defendants, and pursuant to the above bar orders bars any claims for contribution or equitable indemnity, by or against the Settling Defendants. The claims asserted against the

Settling Defendants and now settled raise issues that are separable from the remaining claims of Plaintiffs and the Class against KPMG. Permitting the immediate appeal, if taken, of this Order and Final Judgment does not result in any duplication of review by an appellate court, because if an appellate court were to vacate the Stipulation, then the parties may reasonably continue their prosecution or defense of the claims while this Court continues to preside over other related claims, without a waste of time or judicial resources. If this Order and Final Judgment were not immediately appealable, once an appeal were ripe after the conclusion of the entire coordinated litigation, and if the appellate court vacated this Order and Final Judgment, then this Court would face re-trying the entire litigation as to the Settling Defendants, wasting judicial resources.

20. By reason of the finding in the previous paragraph, there is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure. The Action is not dismissed in respect of claims against any person or entity other than the Settling Defendants.

Dated:   New Haven, Connecticut

Jan. 21, 2005

Honorable Ellen Bree Burns
UNITED STATES DISTRICT JUDGE

11