UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
IN RE PALL CORP.                                   MEMORANDUM & ORDER
                                                   07-CV-3359(JS)(ARL)
----------------------------------------X
APPEARANCES
For Plaintiffs:      David A. Rosenfeld, Esq.
                     Mario Alba, Jr., Esq.
                     Samuel H. Rudman, Esq.
                     Robbins Geller Rudman & Dowd, LLP
                     58 South Service Road, Suite 200
                     Melville, NY 11747

For Objectors:       Irwin B. Schwartz, Esq.
                     BLA Schwartz, PC
                     845 Third Avenue, 6th Floor
                     New York, NY 10022

FILED
CLERK
6/25/2013 5:04 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

SEYBERT, District Judge:

Currently pending before the Court is Plaintiffs' motion for attorneys' fees[1] and Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R"), issued on April 8, 2013, regarding said motion. For the following reasons, the R&R is ADOPTED in its entirety.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case, which are described in detail in Judge Brown's R&R. Briefly, this is a securities class action case in which the parties have reached a settlement. In connection with

---

[1] More accurately, the pending motion is one for final approval of the class settlement as well as a motion for attorneys' fees. As there has been no objection to final approval of the settlement, Plaintiffs' motion in this respect is GRANTED, and the Court will address only the contested attorneys' fees motion.

final approval of the settlement, Class Counsel has moved for attorneys' fees (the "Fee Application"). (Fee App., Docket Entry 121.) Initially, Class Counsel requested 27.5% of the settlement fund, or $6.2 million, in attorneys' fees plus $152,855.17 in costs. (Fee App. Br., Docket Entry 121-2.)

Shortly after Class Counsel filed their motion, class members National Automatic Sprinkler Industry Pension Fund and National Automatic Sprinkler Industry Welfare Fund (collectively "NASI") filed their objections to the Fee Application. (Ob. Br. to Fee App., Docket Entry 122.) Specifically, NASI argued that the Court should reject the Fee Application because Class Counsel did not provide contemporaneous time records and that the Fee Application should be subject to higher scrutiny than normal due to Class Counsel's history of "overreaching." (See generally Ob. Br. to Fee App.)

On December 14, 2012, this Court held a hearing (the "December Hearing") on the Fee Application. At that time, the Court reserved a decision on the Fee Application, ordered Class Counsel to submit time records for in camera review, and invited NASI to submit any additional case law regarding Class Counsel's alleged history of inflating fees and costs. (See Docket Entry 130.) Thereafter, the Court referred the Fee Application to Judge Brown for an R&R.

Judge Brown held another hearing on January 30, 2013 (the "January Hearing"). (See Docket Entry 137.) During that conference, Class Counsel agreed to request a reduced fee of $5 million plus $152,855.17 in costs. As the docket indicates, NASI's counsel did not agree with that amount. (Docket Entry 137.)

Accordingly, Judge Brown subsequently issued the pending R&R, in which he makes the following recommendations: (1) that Class Counsel be granted $5 million in attorneys' fees plus $152,855.17 in costs; (2) that the objections to the motion for attorneys' fees be denied in their entirety; and (3) that any future application for attorneys' fees by Objectors' counsel be denied. In response to Judge Brown's R&R, NASI filed a limited objection, requesting that the Court reject those portions of the R&R regarding: (1) the denial of NASI's Objection requesting that Class Counsel be required to submit its contemporaneous time records; (2) the denial of NASI's Objection requesting that this Court refer the Fee Application to a fact finder under Federal Rule of Civil Procedure 54(d)(2)(D) for further scrutiny; (3) NASI's citation to Plumbers Union Local No. 12 Pension Fund v. Ambassadors Group, No. CV-09-0212, slip op. at 1-5 (E.D. Wash. July 24, 2012), and UFCW Local 880 v. Newmont Mining Corp., No. 05-CV-1046 (D. Colo.) regarding Class Counsel's alleged history of

"overreaching" and inflating requested fees; (4) NASI's lodestar estimate; (5) the motivation behind NASI's objection to the Fee Application; and (6) the denial of any future motion by NASI for its fees its connection with its objections to the Fee Application.

## DISCUSSION

The Court will first address the standard of review before turning to NASI's objections to the R&R.

I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v.

Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. NASI's Objections

Initially, the Court notes that NASI has not objected to Judge Brown's recommendation that attorneys' fees and costs be granted in the amount of $5 million in fees plus costs of $152,855.17. Having reviewed the R&R in this respect and finding it to be comprehensive, well-reasoned, and free of clear error, the Court ADOPTS this portion of the R&R.

The Court thus turns to NASI's arguments regarding Judge Brown's recommendation that the Court deny its objections to the Fee Application. NASI objected to the Fee Application for two reasons: (1) the Fee Application did not include contemporaneous time records, and (2) the Fee Application should be subject to higher scrutiny. (See Ob. Br. to Fee App.) With respect to the objection regarding contemporaneous time records, Judge Brown noted that "[t]he submission of the records in camera renders this objection moot." (R&R at 8.) He further observed that "Judge Seybert correctly rejected" NASI's application that it be provided with the contemporaneous time records. (R&R at 8.)

NASI maintains that the Court already sustained portions of its objections. (Ob. Br. to R&R, Docket Entry 140, at 4.) While it is true that the Court ordered Class Counsel to submit time records for in camera review, the Court also explicitly reserved a decision on the Fee Application and the objections thereto. (See Minute Entry of 12/14/12 Hrg., Docket Entry 130.)

Furthermore, NASI's objection on the basis of time records requested that the Court reject the Fee Application and order that Plaintiffs' counsel submit contemporaneous for review by the Court and by NASI. (Ob. Br. to Fee App. at 4-12.) This Court has already denied NASI's request that it be permitted to

6

review the time records, see Docket Entry 130, and it stands by this holding. See Cassese v. Williams, 503 F. App'x 55, 58 (2d Cir. 2012) ("[W]e are aware of no authority holding that class counsel must open its books to objectors for inspection by virtue of filing a fee motion.") Accordingly, NASI's objection to the R&R based on time records is OVERRULED.

Similarly, NASI objects to the R&R insofar as it recommends denying NASI's request that the Fee Application be referred to a Special Master or a Fee Committee and be subjected to higher scrutiny. The Court has an obligation to review attorneys' fees motions in the class context. See Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 52 ("[T]he court is to act as a fiduciary who must serve as a guardian of the rights of absent class members.") (internal quotation marks and citation omitted). As such, and contrary to NASI's insinuation, the Court would not have rubber-stamped the Fee Application even absent its objections.

What is more, there is no merit to NASI's contention that the Fee Application be subject to any additional or stricter scrutiny. NASI requested that the Court apply a higher level of scrutiny to the Fee Application than usual in light of "Class Counsel's history of overreaching as found by courts across the country," and due to several other "red flags" in the application. (Ob. Br. to Fee App. at 13-14.) Judge Brown found

that NASI's citations to <u>Plumbers Union Local No. 12 Pension Fund v. Ambassadors Group., Inc.</u> ("<u>Plumbers Union</u>"), No. 09-CV-0214, 2012 WL 190384 (E.D. Wash. May 25, 2012) and <u>UFCW Local 880-Retail Food Employers Joint Pension Fund v. Newmont Mining Corp.</u> ("<u>UFCW</u>"), No. 05-CV-1046, Docket No. 219 (D. Col. Aug. 22, 2008) in its objection to the Fee Application were misleading. (R&R at 8-9.) He also found that NASI's other suggested "red flags," such as its proposed estimate of an appropriate lodestar, was not credible. (R&R at 9.)

Having conducted a <u>de novo</u> review of both the relevant case law and Class Counsel's time records, the Court agrees with Judge Brown. <u>First</u>, NASI's citation to the two aforementioned cases, as well as their supplemental support (NASI's Supp. List, Docket Entry 131), do not convince the Court that heightened scrutiny is merited in this case. Most of these cases involve attorneys who are not involved in this litigation, and in fact who may have left Class Counsel's firm. <u>See</u> <u>Plumbers Union</u>, 2012 WL 1906384, at *1 (questioning submissions of Joy Ann Bull, whom in Docket Entry 230 of that case is referenced as being slated to retire, and John Kevin Grant); <u>In re UnitedHealth Grp. Inc. PSLRA Litig.</u>, 643 F. Supp. 2d 1094, 1101-04 (D. Minn. 2009) (discussing submissions of former partner); <u>In re Lattice Semiconductor Corp. Sec. Litig.</u>, No. 04-CV-1255, 2007 WL 2815443, at *2-3 (particularly criticizing declaration of Joy

8

Ann Bull). Others involve allegations other than inflation of fees and costs. See In re IMAX Sec. Litig., No. 06-CV-6128, 2012 WL 3133476, at *10 (S.D.N.Y. Aug. 1, 2012) (finding failure to disclose relationship). And in the only potentially relevant case, UFCW, the court did not impose sanctions. UFCW, No. 05-CV-1046, Docket Entry 245. Contrary to NASI's assertion, the fact that the Court referred the Fee Application to Judge Brown is not the equivalent of having sustained its objection or somehow sanctioning the idea of heightened scrutiny.

Second, NASI's estimated lodestar also does not raise a "red flag" for the Court. Rather, NASI's estimate suggests an unrealistically low figure. Having independently reviewed the time records, the Court finds the approximately 4,610 hours spent on litigation to be reasonable. While NASI based its estimate on Class Counsel's summary of tasks (Ob. Br. to Fee App. at 8-9), this summary does not take into account the full panoply of tasks involved in representing a class, including communication and administration with the lead plaintiff and class members. Furthermore, the blended hourly rate and the lodestar multiplier are in accord with Eastern District precedent. See Garcia v. Pancho Villa's of Huntington Vill., Inc., No. 09-CV-0486, 2012 WL 5305694, at *8 (E.D.N.Y. Oct. 4, 2012) ("Courts regularly award lodestar multipliers from two to six times lodestar."); In re Comverse Tech., Inc. Sec. Litig.,

No. 06-CV-1825, 2010 WL 2653354, at *4-5 (E.D.N.Y. June 24, 2010) (fees ranging from $125 to $880 per hour and a lodestar multiplier of 2.78).

Accordingly, NASI's objections to the portion of the R&R recommending denial of NASI's objections to the Fee Application are OVERRRULED.

Finally, NASI has objected to the R&R insofar as it recommends that any future motion by NASI for attorneys' fees be denied. Again, this objection is OVERRULED.[2] NASI apparently believes that it would be entitled to attorneys' fees because it "filed a meaningful objection, attended the fairness hearing, and successfully demonstrated that the fee application was lacking under Second Circuit law and that it should be subjected to higher scrutiny." (Ob. Br. to R&R at 1.) As this Memorandum and Order makes clear, the Court does not agree with NASI's characterization.

## CONCLUSION

NASI's objections are OVERRULED and Judge Brown's R&R is ADOPTED in its entirety.

---

[2] NASI's request that this Court reject that portion of the R&R discussing NASI's motivation in objecting to the Fee Application is also OVERRULED. NASI attempts to reiterate arguments already made to both the undersigned and Judge Brown. While the undersigned declines to engage in an inquiry into NASI's motivation, Judge Brown's observations are not clearly erroneous.

Accordingly, Plaintiffs' motion for attorneys' fees is GRANTED insofar as they seek $5 million in attorneys' fees and $152,855.17 in costs.

Plaintiffs' pending motion for final approval of settlement and plan of distribution of settlement proceeds is otherwise GRANTED. The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

/s/ Joanna Seybert\_\_\_\_\_
Joanna Seybert, U.S.D.J.

Dated: June 25, 2013
 Central Islip, NY